IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor | § | |
| Plaintiffs | § | CIVIL ACTION NO. 1:14-cv-00314 |
| | § | |
| VS. | § | |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendant | § | |

**DEFENDANT STEPHEN RIVERS'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

To The Honorable United States District Judge:

Defendant Stephen Rivers (Defendant or Rivers) files this Original Answer to Plaintiffs' Original Complaint (Complaint), and respectfully shows the Court as follows:

### I.   ANSWER[1]

*Response to Complaint Section: "Nature of the Action"*

1.      Defendant admits that Plaintiffs assert a claim under 42 U.S.C. § 1983, but denies that Plaintiffs have properly stated such a claim, or that Plaintiffs are entitled to any recovery for such a claim.  Defendant denies the remaining allegations in Paragraph 1.

*Response to Complaint Section: "Parties"*

2.      As to Paragraph 2, Defendant has insufficient knowledge or information to form a belief as to whether Daron Jerome Willis and Subrinna Lynn Coleman are individuals residing in Beaumont, Texas, or that they are the parents and next friends of SDW, a minor.

3.      Defendant admits the allegations in Paragraph 3.

---

[1] The numbered paragraphs in Section I correspond to the numbered paragraphs set forth in Plaintiffs' Original Complaint.

4. Defendant denies the allegations that he is a resident of Jefferson County, Texas, because his residence is located in Hardin County, Texas. Defendant admits the remaining allegations in Paragraph 4.

### *Response to Complaint Section: "Jurisdiction and Venue"*

5. As to Paragraph 5, Defendant admits that this Court has jurisdiction of this case pursuant to 42 U.S.C. § 1983, but asserts that Plaintiffs have failed to state a claim under the statute, and or under any other theories of law or equity.

6. As to Paragraph 6, Defendant admits that venue is proper in this Court, but asserts that Plaintiff has failed to state a claim that entitles them to relief.

### *Response to Complaint Section: "Factual Background"*

7. Defendant admits that Plaintiffs seek damages against Defendants, but denies that Plaintiffs are entitled to any award of damages against any Defendant. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

### *Response to Complaint Section: "Liability of Defendant Under Section 1983"*

9. Defendant denies the allegations in Paragraph 9.

10. [The Complaint contains no Paragraph 10.]

### *Response to Complaint Section: "Damages"*

11.a. Defendant denies that Plaintiffs are entitled to recover any of the damages set forth in Paragraph 11.a.

11.b. Defendant denies that Plaintiffs are entitled to recover any of the damages set forth in Paragraph 11.b.

*Response to Complaint Section: "Alternative Pleadings"*

11. As to Paragraph 11, Defendant denies that Plaintiffs are entitled to recover under any theory of law or equity, and asserts that Plaintiffs have failed to state any claim upon which relief may be granted. [Note: the Complaint contains two paragraphs numbered as Paragraph 11.]

*Response to Complaint Section: "Prayer"*

12. Defendant denies that Plaintiffs are entitled to recover any damages or any other relief sought in his Prayer.

## II.   AFFIRMATIVE DEFENSES

To the extent that Plaintiffs' allegations have not been admitted expressly, strict proof of all such claims is respectfully demanded by Defendant.  Defendant expressly denies all allegations of wrongdoing and liability, and all of Plaintiffs' claims of entitlement to any recovery. Subject to and without waiving the foregoing, Defendant pleads the following matters affirmatively:

14. Defendant affirmatively pleads that Plaintiffs have failed to state a claim upon which relief may be granted.

15. Defendant affirmatively asserts that he is entitled to qualified immunity from liability and suit on Plaintiffs' claims that are based on alleged violations of SDW's constitutional or statutory rights.  Defendant did not take any actions that he knew or should have known violated SDW's clearly-established constitutional or statutory rights.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  *See also McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (*en banc*); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1002 (5th Cir. 2003).

16. Defendant affirmatively asserts that any claims brought against him in his official capacity are actually claims brought against the governmental entity of Beaumont Independent School District (BISD).  As such, Defendant is entitled to the same immunity and defenses that

would be available to BISD. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky* v. *Graham*, 473 U.S. 159, 167 (1985)).

17. Defendant invokes the defense of professional immunity and all of the protections and benefits afforded by professional immunity with respect to Plaintiffs' tort claims against him in his individual capacity. *See* Tex. Educ. Code. Ann. § 22.051–.055.

18. Defendant invokes the defense of official immunity under the Texas common law and all of the protections and benefits afforded by official immunity with respect to Plaintiffs' tort claims against him in his official capacity.

19. Defendant affirmatively asserts that Plaintiffs have failed to mitigate their damages, if any.

20. Defendant Rivers affirmatively asserts that he is entitled to qualified immunity under 42 U.S.C. § 1983 because he acted under the objectively reasonable belief that his actions were within the scope of his official capacity and did not violate Plaintiff's clearly established rights. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–71 (1989).

21. Defendant Rivers affirmatively asserts that his use of force, if any, was reasonable and does not rise to the degree of force necessary to support a claim under 42 U.S.C. § 1983. *See Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992).

22. Defendant affirmatively asserts that punitive damages are not recoverable in claims against him in his official capacity as a BISD police officer.

23. Defendant reserves the right to assert additional defenses or affirmative defenses as may become apparent through the course of discovery.

### III.  PRAYER

Defendant Stephen Rivers prays that Plaintiffs recover nothing from Defendant Rivers, and that Defendant Rivers be awarded his costs of court, attorneys' fees, and such other and further relief to which Defendant Rivers may be entitled in law or in equity.

                Respectfully submitted,

                By:   /s/ Melody G. Chappell
                      MELODY G. CHAPPELL
                      Texas Bar No. 00785096
                      DEARRA D. SANTOS
                      Texas Bar No. 24088349

WELLS, PEYTON, GREENBERG
& HUNT, L.L.P.
P. O. Box 3708
Beaumont, TX 77704-3708
Telephone:   (409) 838-2644
Facsimile:   (409) 838-4713
Email:   mchappell@wellspeyton.com
        dsantos@wellspeyton.com

                ATTORNEYS FOR DEFENDANT
                STEPHEN RIVERS

### CERTIFICATE OF SERVICE

I hereby certify the above and foregoing document has been sent to opposing counsel of record through the Court's Electronic Filing System on July 9, 2014, as follows:

B. Adam Terrell
Weller, Green, Toups & Terrell, LLP
P.O. Box 350
Beaumont, Texas 77704

Kevin S. Laine
Attorney at Law
1104 Orleans Street
Beaumont, Texas 77701-3611

                By:   /s/ Melody G. Chappell
                      MELODY G. CHAPPELL