IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | CIVIL ACTION NO. 1:14-cv-00314 |
| | § | |
| VS. | § | |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants. | § | |

**JOINT CONFERENCE REPORT UNDER FED. R. CIV. P.26(F) AND THE EASTERN DISTRICT OF TEXAS' ORDER GOVERNING PROCEEDINGS**

In accordance with this Court's Order Governing Proceedings issued in this case, the parties file this Joint Report of Attorney Conference, and would respectfully show the Court as follows:

**1.    A Brief Factual and Legal Synopsis of the Case**

To prevail on his claims, plaintiffs must establish:

42 U.S.C. §1983 vs. Officer Willis, Individually

a. Defendant Willis acted with willful, deliberate, malicious, and/or reckless disregard for plaintiffs' clearly established constitutional rights.

b. Defendant Willis violated plaintiffs' constitutional rights provided by the Fourth and Fourteenth Amendments by use of unreasonable, unnecessary, and excessive force and/or by unreasonable seizure of her person.

c. Plaintiff suffered injury from the constitutional violations by Defendants.

42 U.S.C. §1983 Constitutional Violations vs. Beaumont ISD

a. Officer Willis was acting under the color of laws and regulations established by the state and Beaumont ISD at the time of the constitutional violations.

b. Beaumont Independent School District ("Beaumont ISD") had customs and policies in place that enabled its agents/employees to act with deliberate indifference to the constitutional rights of individuals so that those customs or policies violate federal law or authorized or directed the deprivation of federal

1

      rights and/or were adopted or maintained by Beaumont ISD policymakers with deliberate indifference to known or obvious consequences.

   c. The exercise of the established policy, practice, and/or custom violated one or more of plaintiffs' clearly established rights under the U. S. Constitution to be free from :

      (i) Under the Fourth Amendment, unreasonable seizure of the person;

      (ii) Under the Fourth and Fourteenth Amendment, use of unnecessary and excessive force;

      (iii) Under the Fifth and Fourteenth Amendment, deprivation of liberty without due process of law; or

      (iv) Under the Fourteenth Amendment, denial of equal protection under law.

   d. Plaintiffs suffered injury from the violation(s).

**For the Defendants:**

This lawsuit arises out of the lawful arrest of Plaintiff Daron Jerome Willis by several Beaumont ISD police officers, including Defendant Stephen Willis.

On or about March 7, 2014, Beaumont ISD Sergeant MeLisa Moore observed two students, S.D.W. and D.H., engaged in a physical altercation at West Brook High School. Sergeant Moore attempted to break up the fight, but the students would not stop despite her verbal commands. Sergeant Moore physically intervened to restrain S.D.W. and stop the fight, but S.D.W. would not stop. While she attempted to restrain S.D.W., S.D.W. physically struck Sergeant Moore. Officer Rivers, who was nearby, overheard the fight and intervened to assist Sergeant Moore. S.D.W. also attempted to strike Officer Rivers. Officer Rivers then used standard procedure to gain control of S.D.W. and stop his attempts to strike the officers or do any harm to others. In doing so, S.D.W.'s arm was unintentionally broken.

Defendants deny that Officer Rivers violated any of the rights set out by Plaintiffs, but rather, assert that the use of force against Plaintiff S.D.W. by any of the District's police officers, including Officer Willis, was necessary and justified.

**2.**    **The jurisdictional basis for this suit.**

Plaintiffs allege that the court has jurisdiction over this lawsuit because it includes causes of action arising under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and federal civil rights statutes.

Defendants agree that the Court has jurisdiction over Plaintiffs' federal claims.

3. **Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this order have been completed.**

   All parties confirm that their initial mandatory disclosures required by Rule 26(a)(1) have been made.

4. **Proposed scheduling order deadlines.  Appendix 1 has standard deadlines.  Explain any deviations from standard schedule.  <u>Now is the time to inform the court of any special complexities or need for more time before the trial setting</u>.  The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

   The parties have agreed to the contemporaneously filed Scheduling Order which contains the standard deadlines.

5. **If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated.  An early date is encouraged to reduce expenses.  The court may appoint a mediator upon request.**

   The parties agree that mediation may be useful in this case.  However, because Beaumont ISD has a new superintendent and board of managers, the parties would prefer to wait until a reasonable amount of time has passed after their taking office before mediating this case.  The parties propose a mediation deadline of January 31, 2015, and agree to use Bob Black.

   > Bob Black
   > 2615 Calder Ave.
   > Post Office Box 16
   > Beaumont, Texas 77704
   > Phone: 409.835.5011, Ext. 422

6. **The identity of persons expected to be deposed.**

   Plaintiffs intend to depose the following witnesses:

   - **Stephen Rivers:** Mr. Rivers is a defendant in this lawsuit.

   - **Clydell Duncan:** Mr. Duncan is the chief of police for the Beaumont ISD Police Department and is Defendant Rivers' supervisor.  He is responsible for placing Defendant Rivers on administrative leave and for initiating an investigation into the incident made the basis of this suit.

   - **Eric Payne:** Officer Payne is a sergeant in the Beaumont ISD Police Department.  He conducted an investigation into the incident made the basis of this lawsuit and contacted Plaintiff Subrinna Coleman and requested a statement from Minor Plaintiff.

- **Rachel Guidry:** Ms. Guidry is an assistant principal at Beaumont ISD's West Brook High School.  She witnessed the incident made the basis of this suit and was the first person to make contact with Plaintiff Subrinna Coleman after Minor Plaintiff was injured.

- **MeLisa Moore:** Ms. Moore is a public safety officer in the Beaumont ISD Police Department.  She is the guard that initially intervened in the altercation.  She witnessed the incident made the basis of this suit.

Defendants intend to depose the following witnesses:

- **Daron Jerome Willis:** Mr. Willis is a plaintiff in this lawsuit.

- **Subrinna Lynn Coleman:** Ms. Coleman is a plaintiff in this lawsuit.

- **S.D.W.:** S.D.W. is a minor plaintiff in this lawsuit.

- **Clydell Duncan:** Mr. Duncan is the chief of police for the Beaumont ISD Police Department and has knowledge regarding the Beaumont ISD Police Department and its policies and practice.

- **MeLisa Moore:** Ms. Moore is a public safety officer in the Beaumont ISD Police Department.  She intervened in an altercation between several students, including S.D.W., at West Brook High School and was struck by S.D.W. in the process of doing so.  She was a witness to the incident made the basis of this lawsuit.

- **Randall Maxwell:** Mr. Maxwell is the principal at Beaumont ISD's West Brook High School.  He witnessed the incident made the basis of this lawsuit and provided a statement regarding the incident.

- **Rachel Guidry:** Ms. Guidry is an assistant principal at Beaumont ISD's West Brook High School.  She witnessed the incident made the basis of this lawsuit and provided a statement regarding the incident.

- **D.H.:** Address Unknown, D.H. is a student at Beaumont ISD's West Brook High School.  He was involved in an altercation with S.D.W. that resulted in the incident made the basis of this lawsuit.

- **Eric Payne:** Officer Payne is a sergeant in the Beaumont ISD Police Department.  He conducted an investigation into the incident made the basis of this lawsuit.

- **David Hall:** Mr. Hall is a police officer in the Beaumont ISD Police Department.  He witnessed and provided a statement regarding the incident made the basis of this lawsuit.

Defendants also reserve the right to depose additional witnesses to the incident, and any experts designated by Plaintiffs, within the discovery period.

7. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

   None of which the parties are currently aware.

8. **Any issues relating to preserving discoverable information, including electronically stored information.**

   None of which the parties are currently aware.

9. **Whether any other orders should be entered by the Court pursuant to FED. R. CIV. P. 26(c) or FED. R. CIV. P. 16(b), (c).**

   Not at this time.

10. **Estimated trial time.**

    3 days.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

    B. Adam Terrell and Kevin Symons Laine will appear on behalf of Plaintiffs.
    James E. Byrom will appear on behalf of Defendant Stephen Willis.
    Chris Gilbert and Frances Broussard will appear on behalf of Defendant Beaumont ISD.

12. **Any other matters counsel deem appropriate for inclusion in the joint conference report.**

    None.

Respectfully submitted:

| **For Defendant Beaumont ISD:** | **For Plaintiffs:** |

By: */s/ Christopher B. Gilbert*  
    Christopher B. Gilbert  
    State Bar No. 00787535  
    Frances R. Broussard

Thompson & Horton, LLP  
3200 Southwest Freeway, Suite 2000  
Houston, Texas 77027  
(713) 554-6744 – Telephone  
(713) 583-7698 – Facsimile

By: */s/ B. Adam Terrell*  
    B. Adam Terrell  
    State Bar No. 24055218

Weller, Green, Toups & Terrell, LLP  
2615 Calder, Suite 400  
P.O. Box 350  
Beaumont, Texas 77705  
(408) 838-0101 – Telephone  
(408) 832-2940 – Facsimile

Kevin Symons Laine  
Texas Bar No. 00798313  
1104 Orleans Street  
Beaumont, Texas 77701  
(409) 838-4040 – Telephone  
(409) 832-2940 – Facsimile

**For Defendant Willis:**

By: */s/ James E. Byrom*  
    James E. Byrom  
    State Bar No. 03568100  
    Kelley L. Kalchthaler  
    State Bar No. 24074509

Walsh, Anderson, Gallegos,  
   Green & Treviño, P.C.  
10375 Richmond Avenue, Suite 750  
Houston, Texas 77042-4196  
(713) 789-6864 – Telephone  
(713) 789-9318 – Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

| | |
|---|---|
| B. Adam Terrell<br>Weller, Green, Toups & Terrell, LLP<br>2615 Calder, Suite 400<br>P.O. Box 350<br>Beaumont, Texas  77705 | *Via Electronic Case Filing* |

and

| | |
|---|---|
| Kevin Symons Laine<br>1104 Orleans Street<br>Beaumont, Texas  77701<br>*Counsel for Plaintiffs* | *Via Electronic Case Filing* |
| Christopher B. Gilbert<br>Frances R. Broussard<br>Thompson & Horton, LLP<br>3200 Southwest Freeway, Suite 2000<br>Houston, Texas  77027<br>*Counsel for Defendant Beaumont ISD* | *Via Electronic Case Filing* |

                                              */s/  James E. Byrom*
                                                James E. Byrom