UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

**DEFENDANT STEPHEN RIVERS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT PLAINTIFFS' EXPERT TESTIMONY**

TO:   Plaintiffs Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor, by and through their attorney of record, B. Adam Terrell, Weller, Green, Toups & Terrell, LLP, Post Office Box 350, Beaumont, Texas  77704-0350.

Defendant Beaumont Independent School District, by and through its attorney of record, Frances R. Broussard, Thompson & Horton LLP, Phoenix Tower, Suite 2000, 3200 Southwest Freeway, Houston, Texas  77027-7554.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Stephen Rivers ("Rivers" or "Defendant Rivers"), Defendant in the above-styled and numbered cause, and files this Motion to Strike, or in the Alternative, Motion to Limit the testimony of Plaintiffs' Expert Disclosure, in support of his Motion, Defendant Rivers would respectfully show the Court the following:

**I. INTRODUCTION**

Pursuant to this Court's Scheduling Order entered on September 10, 2014 (DE 15), Plaintiffs filed their Designation of Expert Witnesses on October 15, 2014.  *See* Pl.'s Expert

Disclosure and Expert Report of K. Wheatley, attached as **Exhibit 1**.[1]  Objections to any expert designation are due within seven weeks thereafter.  (DE 15, p. 2).  For the reasons stated below, Defendant Rivers respectfully request to exclude the expert testimony as follows:

## II. MOTION TO EXCLUDE EXPERT TESTIMONY

1. Plaintiffs' Expert Disclosure names non-retained experts which include six medical providers including custodian of records for such medical providers.  Plaintiffs also name six law enforcement and/or investigators which are all employees of Defendant Beaumont Independent School District ("BISD").  Plaintiffs also name Ken Wheatley, MA, CPP as a retained or specially employed expert to provide expert testimony. Defendant Rivers respectfully requests this Court to strike or limit the expert testimony of any and all non-retained experts as they do not comply with FED. R. CIV. P. 26(a)(2)(B).

2. Plaintiffs do not include any information related to the non-retained experts' areas of expertise, care, or treatment provided to the Plaintiffs, or any discoverable information the experts may have.  The expert disclosure does not include any statement of opinions or disclosure of any materials reviewed by the designated experts.  Plaintiffs indicate broadly for all "experts" that:

> Plaintiffs designate the following medical providers who treated Minor Plaintiff and may testify as to his medical and mental condition following the incident made the basis of this suit.

Regarding the law enforcement and/or investigators named as non-retained experts, Plaintiffs state the following:

> Law enforcement and/or investigators who responded to and/or investigated the incident made the basis of this suit.
>
> and

---

[1] Defendant notes that this report is redacted pursuant to its understanding of and compliance with federal rules. Specifically, the minor Plaintiff's full name has been redacted except for initials.

> These individuals may have opinions, factual knowledge, and other information consistent with the previously-produced incident report and/or the previously-produced witness statements.

3. As stated, Plaintiffs do not provide any of the materials provided by FED. R. CIV. P. 26(a)(2)(B). Plaintiffs are required to establish the reliability of any expert opinions they hope to offer. Plaintiffs have not stated any opinions, their scientific basis, or any facts surrounding the development of such undisclosed opinions. As such, any expert testimony offered by Plaintiffs rendered by their designated non-retained experts should be properly excluded at trial.

4. Defendant Stephen Rivers files these objections in accordance with the Court's Scheduling Order (DE 15), which requires filing of all objections to the reliability of an expert's proposed testimony within 7 weeks of the Plaintiffs' disclosure. For the reasons stated herein, Defendant Rivers has no report or deposition to attach to this Motion related to the non-retained experts.

## II. TREATING PHYSICIAN AS EXPERT WITNESS

5. Occasionally, treating physicians are not required to provide expert reports. The rationale for such latitude and elimination of the report requirement for treating physicians appears to stem from the fact that treating doctors are not specifically retained to provide expert testimony. However, it does not mean that they are experts for whom the Plaintiffs need not provide any information; it more accurately means they are properly characterized as fact witnesses who may testify concerning their observations because they were not hired to render opinions for trial. If expert opinions are sought, the Defendant must still have advance notice of such anticipated testimony, and it must still meet the tests for trustworthiness. Given the lack of any such information provided to the Defendant in this case, the more prudent approach is to consider the

treating medical providers fact witnesses, subject to the general rules of disclosure, before any testimony is allowed.  Treating physicians' expert opinions must be excluded.

6.      As a rule, "a professional witness may not generally be compelled to testify as an expert at the request of a private litigant, as such testimony is a matter of contract or bargain." *Young v. U.S.*, 181 F.R.D. 344, 347 (W.D. Tex. 1997)(citations omitted).  "As applied to the medical profession, these discovery rules mean that a treating physician generally must be considered an ordinary fact witness, and should not be considered an expert unless the physician has been specifically retained to develop an expert opinion." *Id*.  Thus, the Plaintiffs may desire, and the Court could permit, the doctors to testify as fact witnesses as to their observations.[3]  But the Court should exercise keen discretion in this regard, and not permit the offering of opinions on causation or other facts not contained in any produced records. *Francois v. Colonial Freight Sys., Inc.*, Civil Action No. 3:06-cv-434-WHB-LRA, 2007 WL 4564866 *5 (S.D. Miss. December 21, 2007) (unpublished) (holding that "[I]f the attorney wishes to elicit from the treating physician an opinion not set forth in the physician's office records, he should submit a written report signed by the treating physician as required by the rules or suffer the consequence of having an objection to that opinion sustained at trial").[4]  The typically court should distinguish between designations of treating physicians and other experts requiring only designation of "the facts known and opinions

---

[3] To the extent Plaintiff failed to identify individuals as persons with knowledge, the Court could also exclude the witnesses entirely because of the failure to identify them in Plaintiff's disclosures of persons with knowledge.

[4] "In rare instances a treating physician may be called to testify as to basic facts known to him as the treating physician without expressing any opinion at all. It can be argued that such a witness is simply a fact witness who happens to be a physician and that the calling party should not be required to comply with the rules regarding expert witness disclosures. This situation is one that is a departure from the ordinary situation contemplated by the rules and is left to the discretion of the trial judge. Prudent practitioners would best comply with the rules or obtain permission from the court in advance if a deviation from the rules is expected." *Id*., at *6.

held by the treating physician(s) and a summary of the grounds therefor." *Id*., at *4. If the Plaintiffs retained the witness for testimony, a report is required. If not, only those facts revealed from the prior treatment ought to be permitted if properly documented and disclosed. As such, the Court should enter a ruling that the doctors must be treated as fact witnesses if their testimony is not excluded entirely. In the present case, Plaintiffs have not connected any treating physician's identification with any documents from which Defendant Rivers could discern their anticipated testimony. As such, complete exclusion is warranted.

### III. ANY TESTIMONY OF PLAINTIFF'S WITNESSES DO NOT QUALIFY UNDER *DAUBERT* AND FEDERAL RULE OF EVIDENCE 702

7.   Under *Daubert,* presentation of the qualifications of witnesses, their conclusions, and assurance of reliability, is not enough to bypass the trial court's gatekeeping function. *See Daubert v. Merrell Dow Pharms., Inc.,* 43 F.3d 1311, 1319 (9th Cir. 1995). Plaintiffs have offered no information or evidence that any medical provider and/or law enforcement employee has any specialized experience, training, knowledge, skill, or education that would allow any of them to testify as an "expert" on any issue relevant to this case. As such, these non-retained experts, medical providers and/or law enforcement employees, are not "experts" and should not be permitted to testify under the guise of an expert witness. This is not to say they are lacking credentials; it simply means that Plaintiff have not offered information sufficient to qualify them as experts or even identified any opinions for scrutiny.

8.   Even if the medical providers and/or police officers identified could qualify as experts, their testimony should not be considered because their testimony will not meet the standards articulated by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 592-93, 113 S. Ct. 2786, 2796-97 (1993); FED. R. EVID. 702. In *Daubert,* the Supreme Court held that when expert testimony is offered, the trial judge must perform a screening function to ensure that

the expert's opinion is reliable and relevant to the facts at issue in the case. *See Daubert,* 509 U.S. at 589, 113 S. Ct. at 2794-95. According to the Court in *Daubert,* some factors to be applied by the trial court to determine whether to allow evidence include, but are not limited to: (1) whether a theory or technique can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the existence and maintenance of standards controlling the technique's operation, as well as general acceptance. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97; *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 989 (5th Cir. 1997). These factors are non-exclusive. Thus, trial courts may consider other facts which are helpful to determining the reliability of the evidence. The United States Supreme Court and Fifth Circuit Court of Appeals have also applied *Daubert* to non-scientific experts. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S. Ct. 1167 (1999); *Moore v. Ashland Chem., Inc.,* 126 F.3d 679, 682 (5th Cir. 1997), *rev'd en banc on other grounds,* 151 F.3d 269 (5th Cir. 1998); *Watkins v. Telsmith, Inc.,* 121 F.3d 984, 991 (5th Cir. 1997).

9. A court should exclude the testimony of an expert whose testimony is not reliable. *Daubert,* 509 U.S. at 592-93, 113 S. Ct. at 2796-97. An expert witness may be qualified and highly credible, but his or her conclusions may be based on unreliable methodology. Evidence that is not grounded "in the methods and procedures of science" is no more than "subjective belief or unsupported speculation." *Id.*, 509 U.S. at 590, 113 S. Ct. at 2795. Thus, the overarching subject of a *Daubert* inquiry "is the scientific validity, and therefore the evidentiary relevance and reliability of the principles that underlie a proposed submission." *Tanner v. Westbrook,* 174 F.3d 542, 546 (5th Cir. 1999) (quoting *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). The proponent of the expert testimony need not prove to the judge that the expert's testimony is correct, but he does bear the burden of proving by a preponderance of the evidence that the

proposed testimony is reliable. *Tanner,* 174 F.3d at 547. Here, Plaintiffs offer nothing to establish the opinions to be solicited or any form of support for them.

10.     Plaintiffs have disclosed experts but failed to comply with the requirements established in the scheduling order. Plaintiff's designation provides no information about expert witnesses that explains what opinions may be offered or by what theory or technique such opinions may be tested. In fact, none of Plaintiffs' identified non-retained experts have offered any opinion at all. Accordingly, neither the medical providers nor any police officers or law enforcement employee have issued theories or techniques that have been subjected to peer review and publication. Plaintiffs' non-retained experts cannot offer any known or potential rate of error for their opinions because they have failed to offer any testimony. Additionally, beyond the aforementioned factors, Plaintiffs have failed to offer any evidence on whether the expected testimony of their non-retained experts is reliable. In fact, no expected testimony has been disclosed. Accordingly, Plaintiffs have failed to carry their burden to establish by a preponderance of the evidence that either of their non-retained experts can give scientifically reliable testimony or that their observations even relate to harms caused by Defendant Stephen Rivers. For these reasons, Defendant Rivers requests this Court exclude any expert testimony offered by Plaintiffs at trial.

### IV. Objections to Retained Expert

11.     As with the non-retained experts, Plaintiff's retained expert, Ken Wheatley, should not be allowed to testify, or his testimony should be limited. Initially, it should be noted that his opinions, as they relate to Defendant Rivers, are not based on the proper legal standard and therefore, will not aid the jury in their determination of the facts of this matter.

12.     In order to prevail, in part, a plaintiff must show that he suffered: (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive to the need; and (3) the

excessiveness of which was objectively unreasonable. *Id*. *See also Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996). "[T]he question [is] whether the totality of the circumstances justified" that use of force. *Tenn. v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 1700, 85 L.Ed.2d 1 (1985). Plaintiff's expert agrees that there was a need for use of non-deadly force in this situation. In *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court articulated three guideposts for courts to use when determining if a particular use of force was reasonable under the circumstances or excessive to the need. These guideposts—often referred to as the *Graham* factors—are: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to police officers or civilians; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by fleeing the scene. *Id*. at 1872. The *Graham* factors provide the framework for judging whether an officer's use of force was excessive. Plaintiff's expert only refers to these factors in a cursory manner, and does not address them as factors in his opinions. He merely opines that Defendant could have used other methods of control of Plaintiff. He does not opine that Defendant's actions were "clearly excessive to the need."

13.     Also, as noted above, a court should exclude the testimony of an expert whose testimony is not reliable. *Daubert,*509 U.S. at 592-93, 113 S. Ct. at 2796-97. An expert witness may be qualified and highly credible, but his or her conclusions may be based on unreliable methodology. Evidence that is not grounded "in the methods and procedures of science" is no more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590, 113 S. Ct. at 2795. By applying an incorrect or incomplete standard, he renders is opinion unreliable and subject to exclusion.

14.     Further, Plaintiff's expert's qualifications do not support his providing an expert report on a Police Officer's excessive force.  Although Plaintiff's expert appears to have experience in the security field, his qualifications are insufficient to opine on issues related to a commissioned Texas peace officer's use of force.

15.     Finally, Defendant objects to the Plaintiffs' designation of the report as preliminary and would object to any supplemental or further reports as violating the court's scheduling order.  To the extent this or any other expert designated by Plaintiff provides any reports other than those already provided in disclosures, Defendant reserves the right to respond with further objections.

## V.  CONCLUSION

For the reasons detailed above, Defendant Stephen Rivers requests that the Court exclude the testimony of any and all medical providers and police officers and law enforcement officers designated as non-retained experts in Plaintiffs' Expert Disclosure.  These are non-retained experts from whom expert testimony may be sought based upon Plaintiffs' lack of disclosure and compliance with FED. R. CIV. P. 26 (a)(2)(B).  Plaintiffs' non-retained experts can only be permitted to testify as fact witnesses, if at all.  Plaintiffs should have provided sufficient information to discern their opinions and any basis or explanation of such opinions, so they can be tested.  Defendant Stephen Rivers requests Plaintiffs be disallowed from presenting any expert information at trial.  Further, Defendant Stephen Rivers requests that the Court grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        WALSH, ANDERSON, GALLEGOS, GREEN & TREVIÑO, P.C.
        10375 Richmond Avenue, Suite 750
        Houston, Texas 77042
        Telephone:  (713) 789-6864
        Facsimile:   (713) 789-9318

          Email:  jbyrom@wabsa.com
          Email:  kkalchthaler@wabsa.com

By: */s/   James E. Byrom*
    JAMES E. BYROM
    State Bar No. 03568100
    KELLEY L. KALCHTHALER
    State Bar No. 24074509

**ATTORNEYS FOR DEFENDANT
STEPHEN RIVERS**

## CERTIFICATE OF CONFERENCE

    I hereby certify that an attorney at our office, Ms. Kelley Kalchthaler, conferenced by phone with counsel for Beaumont ISD, Mr. Chris Gilbert, on December 3, 2014. Mr. Gilbert indicated that Beaumont ISD is unopposed to this motion.  Ms. Kalchthaler also conferenced with Plaintiffs' counsel, Mr. Kevin Laine, by phone.  Mr. Lane indicated that Plaintiffs' are opposed to the motion.

          */s/ James E. Byrom*
          James E. Byrom

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of December, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via Electronic Case Filing* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>**Attorneys for Plaintiffs** | *Via Electronic Case Filing* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>**Attorneys for Defendant Beaumont ISD** | *Via Electronic Case Filing* |

                                                /s/ *James E. Byrom*
                                                James E. Byrom