UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor,** | § | |
| **Plaintiffs** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants** | § | |

### DEFENDANT STEPHEN RIVERS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE DISCOVERY RESPONSES

TO THE HONORABLE JOHN H. CLARK, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Stephen Rivers ("Rivers"), and for the reasons stated in his Response to Plaintiffs' Motion for Leave to File Late Discovery Responses (Docket Entry ("DE") 19) and the present brief, respectfully request that the Court deny Plaintiffs' Motion for Leave to File Late Discovery Responses. In support of his Response, Defendant Stephen Rivers states as follows:

### I.    BACKGROUND AND PROCEDURAL HISTORY

1.    This Honorable Court entered a scheduling order in this matter including a dispositive motion deadline of January 20, 2015, and a mediation deadline of January 31, 2015. (DE 15). The parties anticipate the depositions of Plaintiff, Defendant Rivers and Officer Moore, another BISD officer involved in the incident, and possibly others. The discovery at issue was propounded by Defendant Rivers in anticipation of the depositions which are yet to be scheduled. The propounded discovery included Requests for Admissions, Interrogatories and

Requests for Production. (*See* Exhibits A-1, A-2 and A-3, attached hereto and incorporated by reference as if fully set out). The discovery requests have a certificate of service with date October 27, 2014. In his Motion, Plaintiff admits that the date that responses were due was November 26, 2014.

2. Plaintiff's counsel apparently realized the failure to timely respond on Friday, December 5, 2014.[1] Counsel for Defendant was unavailable to discuss the issue, but counsel's office responded that contact would be made on Monday, December 8, 2014. In multiple telephone conversations, counsel for Defendant Rivers and co-counsel for Plaintiff attempted to resolve issues related to the Request for Admissions. No agreement could be reached and therefore, Plaintiff filed this motion related to all of the discovery responses. It should be noted that at this time, based upon the failure of Plaintiff to timely respond to the discovery requests, the Request for Admissions are deemed admitted and any objections to the discovery have been waived. FED. R. CIV. P. 36(a)(3); *Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990). This is true even though Plaintiff did produce responses to the Requests for Admissions on December 5, 2014, which was untimely.

3. Defendant respectfully requests this Court to deny Plaintiffs' Motion for Leave to File Late Discovery Responses. Notably, Plaintiffs have not sought the proper relief by filing a motion to withdraw deemed admissions. Even if they had, Plaintiffs have failed to present evidence or aver specific facts to show that withdrawal of the admissions would promote presentation of the merits in this case. Rather, presentation of the merits would be subserved if the admissions were withdrawn. Further, allowing Plaintiffs to withdraw their deemed

---

[1] Although in his Motion, Plaintiff asserts that the failure to respond was discovered on November 5, 2014, it is apparent that the correct date is December 5, 2014.

admissions would work an unfair prejudice against Defendant under the unique circumstances of this case.

## II.     ARGUMENTS AND AUTHORITIES

4.     Plaintiffs did not respond to Defendant's Request for Admissions for more than a week after they were due. As a consequence of Plaintiffs' failure to respond timely to Requests for Admissions (or timely obtain an agreement to extend the time for response), each of the Requests for Admission is now deemed admitted. *See* FED. R. CIV. P. 36(a). Consequently, each of the admitted matters is conclusively established. *See* FED. R. CIV. P. 36(a); FED. R. CIV. P. 36(b).

5.     This conclusive effect applies even if the matters admitted relate to material facts that defeat a party's claim. *Am. Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir. 1991). The Fifth Circuit has also affirmed a grant of summary judgment based on default admissions coupled with a district court's denial of a request to withdraw those admissions. *In re Carney,* 258 F.3d at 421 (*citing Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548 (5th Cir. 1985); *see also Le v. Cheesecake Factory Restaurants, Inc.,* 2007 WL 715260, at *4-5 (5th Cir. 2007) (not published); *Covarrubias v. Five Unknown INS/Border Patrol Agents,* 192 Fed. Appx. 247, 248 (5th Cir. 2006) (not published). Defendant intends to prepare his Motion for Summary Judgment based on the available evidence and Plaintiffs' failure to respond to Defendants' discovery requests. It should be noted that in this matter, the requested admissions were not designed to automatically defeat Plaintiff's claims if he failed to answer, but were designed to prove facts so that Defendant could proceed without the necessity protracted discovery to prove such facts. As such, Plaintiffs' motion should be denied.

6.     A court may allow withdrawal or amendment of deemed admissions only if it finds that the withdrawal or amendment: (1) would serve the presentation of the case on its merits, and (2)

would not prejudice the party that obtained the admissions in its presentation of the case. *In re Carney,* 258 F.3d at 419, *citing Am. Auto. Ass'n,* 930 F.2d at 1119; FED. R. CIV. P. 36(b). "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney,* 258 F.3d at 419 (citations omitted). Neither of these findings are supportable in the case at bar, nor is there any just cause to permit withdrawal of such admissions. Additionally, even if both findings were plausible, discretionary factors warrant denial of Plaintiffs' motion. A ruling to grant or deny leave to withdraw or amend admissions is reviewed for abuse of discretion. *American Auto Assn.,* 930 F.2d at 1119.

> **A.     Allowing Plaintiff to Withdraw Admissions and File Late Answers Would Not Promote the Resolution of the Case on Its Merits**

7.     Before the deemed admissions may be withdrawn or amended, Plaintiff must establish that the withdrawal or amendment of the deemed admissions would serve the presentation of this case on its merits. *In re Carney,* 258 F.3d at 419 (citations omitted). In the case at bar, Plaintiffs have not met this burden.

8.     Contrary to Plaintiffs' conclusory assertion, the withdrawal of the deemed admissions would not serve the presentation of this case on its merits. If the Court allows the deemed admissions to be withdrawn, Defendant will need to complete further discovery and present evidence on issues that have already been conclusively established. Based upon the court's deadlines, and the delay occasioned by Plaintiffs failure to timely respond to discovery, it will be substantially more difficult to complete the discovery in time to meet the Court's deadline for filing of Dispositive Motions.

### B. Other Discretionary Factors Militate Against Permitting Plaintiffs to Withdraw their Deemed Admissions

9. A court retains discretion to deny a motion for leave to withdraw admissions even if the movant satisfies the two criteria addressed above. *See In re Carney,* 258 F.3d at 419 (citations omitted). A court acts within its discretion to also consider the fault of the party seeking withdrawal or its diligence in seeking withdrawal. *Le,* 2007 WL 715260, at *2 (citations omitted). In the case at bar, Plaintiffs' lack of diligence in this specific matter and general pattern of delay militate against allowing her to withdraw admissions.

10. The only explanation Plaintiffs offer for failing to timely respond to Defendant's requests for admissions and other written discovery is trial schedule & the Thanksgiving holiday. Further, Plaintiffs failed to comply with that deadline and, indeed, have still not provided responses to Defendant's Interrogatories or Defendant's Requests for Production to Plaintiffs.

11. Further, Plaintiffs have asserted in their Motion that they are requesting until December 12, 2014 to respond to discovery requests. As noted above, all objections were waived as a result of Plaintiff's failure to timely respond *See* FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b). Therefore, Plaintiff should immediately respond to all discovery requests without objection.

### III. CONCLUSION

For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. *In re Carney,* 258 F.3d at 422. Despite the potentially harsh outcome of deemed admissions, such an outcome is necessary to insure the orderly disposition of cases. *In re Carney,* 258 F.3d at 421. Plaintiffs have failed to show that withdrawing their deemed admissions would promote presentation of the merits. Further, for the reasons given above, allowing withdrawal of the admissions would unfairly prejudice Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Stephen Rivers moves the Court to deny Plaintiffs' Motion for Leave to File Late Discovery Responses.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas  77042
Telephone:  (713) 789-6864
Facsimile:  (713) 789-9318

BY: */s/ James E. Byrom*
    JAMES E. BYROM
    State Bar No. 03568100
    E-mail: jbyrom@wabsa.com

    KELLEY L. KALCHTHALER
    State Bar No. 24074509
    E-mail: kkalchthaler@wabsa.com

    ATTORNEYS FOR DEFENDANT
    STEPHEN RIVERS

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of December, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell | *Via Electronic Case Filing* |
| Texas Bar No. 19790900 | |
| Weller, Green, Toups & Terrell, LLP | |
| Post Office Box 350 | |
| Beaumont, TX 77704-0350 | |
| Phone: (409) 838-0101 | |
| Fax:  (409) 832-2940 | |

| | |
|---|---|
| Kevin Symons Laine | *Via Electronic Case Filing* |
| Texas Bar No. 00798313 | |
| Attorney at Law | |
| 1104 Orleans Street | |
| Beaumont, TX 77701-3611 | |
| Phone: (409) 838-4040 | |
| Fax:  (409) 832-7830 | |

**Attorneys for Plaintiffs**

| | |
|---|---|
| Frances R. Broussard | *Via Electronic Case Filing* |
| Texas Bar No. 24055218 | |
| Christopher B. Gilbert | |
| Texas Bar No. 00787535 | |
| Phoenix Tower, Suite 2000 | |
| 3200 Southwest Freeway | |
| Houston, TX 77027-7554 | |
| Phone: (713) 554-6788 | |
| Fax:  (713) 583-4335 | |

**Attorneys for Defendant Beaumont ISD**

                                            /s/ *James E. Byrom*
                                            James E. Byrom