# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

### DEFENDANT STEPHEN RIVERS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFFS

TO: Plaintiffs Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor, by and through their attorney of record, B. Adam Terrell, WELLER, GREEN, TOUPS & TERRELL, LLP, Post Office Box 350, Beaumont, Texas 77704-0350

Pursuant to the terms and provisions of Rule 36 of the Federal Rules of Civil Procedure, Defendant Stephen Rivers requests that you serve the undersigned with written responses to the matters set forth below. Your responses should either admit or deny each request, or set forth in detail the reason you cannot either truthfully admit or deny a matter. Each of the matters will be admitted by you unless, within 30 days after service of this request or within a time designated by the Court, you make and serve a written response to these matters as provided in Rule 36.

### DEFINITIONS

1. "You," "your," "yours," "Plaintiff," and "S.D.W." refer to S.D.W., together with representatives acting or purporting to act on behalf of said Plaintiff with respect to any matter inquired about in these Requests for Admissions, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnitors, insurers, or agents.

1

2. "Your mother," and "Plaintiff's mother" refer to Plaintiff's mother, Subrinna Lynn Coleman, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

3. "Your father," and "Plaintiff's father" refer to Plaintiff's father, Daron Jerome Willis, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

4. "District," "BISD," and "Beaumont ISD" refer to Beaumont Independent School District, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

5. "Occurrence" and "incident," unless otherwise defined, refer to the incidents made the basis of this suit and described in Plaintiff's Original Complaint and any amendments or supplements thereto.

6. For purposes of interpreting or construing the scope of the request or requests made herein, the terms used shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in a particular request. This includes, without limitation, the following:

    (a) construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the request more inclusive;

    (b) construing the singular form of the word to any connection whatsoever, direct or indirect, with the requested information, unless otherwise specified in the request.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

9. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date(s) of the document; and (iv) author(s), addressee(s), and recipients(s) of the document.

10. The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11.   The term "person" is defined as any natural person or any business or legal or governmental entity or association.

12.   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

13.   The terms "all" and "each" shall be construed as "and," "each," and "and/or."

14.   The term "any" should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

15.   The use of the singular form of any word includes the plural and vice versa.

## FIRST REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit or deny that S.D.W. was involved in a physical altercation on or about March 7, 2014 with another student.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit or deny that on or about March 7, 2014 Officer Stephen Rivers verbally told S.D.W. to stop during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit or deny that on or about March 7, 2014 Officer MeLisa Moore verbally told S.D.W. to stop during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that on or about March 7, 2014 Officer MeLisa Moore held S.D.W. around the waist to stop him from fighting during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer MeLisa Moore's efforts to stop him during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit or deny that on or about March 7, 2014 S.D.W. swung his fist at Officer Stephen Rivers during the incident in question.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer Stephen Rivers' attempts to stop him during the incident in question.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit or deny that there were multiple students nearby when S.D.W. engaged in a physical altercation with another student on or about March 7, 2014.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit or deny that on or about March 7, 2014 that S.D.W. struck Officer Moore while she held S.D.W. around the waist during the incident in question.

    **RESPONSE:**

Respectfully Submitted,

WALSH, ANDERSON, GALLEGOS
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone: (713) 789-6864
Facsimile: (713) 789-9318

BY: _____
JAMES E. BYROM
State Bar No. 03568100
E-mail: jbyrom@wabsa.com

KELLEY L. KALCHTHALER
State Bar No. 24074509
Email: kkalchthaler@wabsa.com

ATTORNEYS FOR DEFENDANT
STEPHEN RIVERS

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:  (409) 832-2940 | *Via CMRRR # 7196 9008 9111 3057 4050* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:  (409) 832-7830<br>*Attorneys for Plaintiffs* | *Via CMRRR # 7196 9008 9111 3057 4081* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Thompson & Horton, LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:  (713) 583-4335<br>*Attorneys for Defendant Beaumont ISD* | *Via CMRRR # 7196 9008 9111 3057 4074* |

Kelley L. Kalchthaler