# EXHIBIT A-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

## DEFENDANT STEPHEN RIVERS' FIRST INTERROGATORIES TO PLAINTIFFS

TO:   Plaintiffs Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of S.D.W., a Minor, by and through their attorney of record, B. Adam Terrell, WELLER, GREEN, TOUPS & TERRELL, LLP, Post Office Box 350, Beaumont, Texas 77704-0350

Defendant Stephen Rivers requests that you answer the following Interrogatories, separately and fully in writing while under oath, and return your answers to the undersigned counsel for Defendant Rivers not later than the 30th day from service, pursuant to FED. R. CIV. P. 33 and 11. Pursuant to FED. R. CIV. P. 26(e), these Interrogatories are to be considered as continuing, requiring supplemental answers if you, your attorney, or any other person acting on your behalf, obtain, become aware of, or discover additional information between the time of your answers and trial of this cause.

In answering these Interrogatories, you must furnish all information available to you, including information in the possession of your attorney or any other person acting on your behalf. If you cannot answer the Interrogatories in full after exercising due diligence to secure

1

the information, state this in your answer and, to the extent possible, answer stating whatever knowledge or information you have.

You are hereby notified that your sworn answers to these Interrogatories may be used in evidence at trial of this cause.

### DEFINITIONS AND INSTRUCTIONS APPLICABLE TO INTERROGATORIES

The following terms are defined and used in these Interrogatories, as follows:

1. "Person" and "persons" mean the plural as well as the singular, and include natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, governmental agencies, organizations, or any other kind of entity, and its agents, servants, and employees.

2. The terms "document" is defined to be synonymous in meaning and equal in scope to the definition in Federal Rule of Civil Procedure 34(a).

3. The words "describe," "identify," "explain," or "state," when used herein, mean to detail fully and completely all the discoverable information pertaining to this cause which concerns or is relevant to the inquiry being made. In those instances where the word "identify" is used in these Interrogatories, it requires, with respect to persons, the person's name, last known address, last known telephone number, and the name, address and telephone number of their last known employer. With respect to entities, the use of the word "identify" requires its name, street address, mailing address, telephone number, and legal status (i.e., corporation, partnership, joint venture, sole proprietorship, etc.). With respect to a statement, the use of the word "identify" means to identify the person who made the statement, the person who recorded it, and all other persons present when the statement was made, and to state when, where and how the statement was taken or recorded, and to identify the person with last known possession, custody or control thereof. With respect to documents or tangible items, the use of the word "identify" requires sufficient information regarding the document or tangible item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought. This includes, but is not necessarily limited to providing the title, author, date, location, general content or substance, and the identity of the custodian for each document or item responsive to the Interrogatory.

4. In those instances where you choose to answer a request for information by referring to a specific document or tangible item, you must specify what the document or tangible item is with sufficient detail to permit the requesting party to locate and identify the document and/or tangible item from which the answer is to be ascertained, as readily as can the party served with the request.

5. The term "statement" includes, but is not limited to, any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic or other record of transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

6. The terms "you," "your," "Plaintiff," and "S.D.W." shall mean S.D.W., as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

7. "Your mother," and "Plaintiff's mother" refer Plaintiff's mother, Subrinna Lynn Coleman, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

8. "Your father," and "Plaintiff's father" refer Plaintiff's father, Daron Jerome Willis, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

9. The term "District," "Defendant," and "Beaumont ISD" shall mean Beaumont Independent School District, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

10. In those instances where the requested information is stored only on software or other data compilations, you must either produce the raw data along with all codes and programs for translating it into usable form or the information in a finished useable form, including any and all necessary glossaries, keys and indices for interpretation of the material.

11. The term "occurrence" or "incident" shall mean the circumstances, events or happenings as set forth in Plaintiff's Original Complaint in this cause and any amendments or supplements thereto which have given rise to this lawsuit.

12. The term "lawsuit" means any and all claims or causes of action presently filed in the above-captioned and numbered cause or known to Plaintiffs.

13. For purposes of interpreting or construing the scope of the Interrogatories propounded herein, the terms used shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the Interrogatory itself. This includes, without limitation, the following: 1) construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Interrogatory more inclusive; and (2) construing the terms "relating to," "referring to," "evidencing," or "concerning" to include any connection whatsoever, direct or indirect, with the requested information, without limitation unless otherwise specified in the Interrogatory.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who Plaintiffs believe have knowledge of or information about any relevant facts and describe the issues upon or about which Plaintiffs believe they have knowledge or information.

This list is not limited to the fact witnesses who will testify at trial, but necessarily includes each such fact witness. The District will object to testimony by any fact witness called by Plaintiffs that is not identified in Plaintiffs' original or supplementary responses to this Interrogatory.

    **ANSWER:**

**INTERROGATORY NO. 2:** If Plaintiffs or anyone acting on Plaintiffs' behalf has obtained statements, declarations or admissions in any form from any individual pertaining to the facts of this lawsuit, please identify each individual making such statement, declaration, and/or admission. Please note that this Interrogatory seeks only the identity of persons (including contact information if known), and not the context of any statements Plaintiffs may claim to be privileged or protected from discovery.

    **ANSWER:**

**INTERROGATORY NO. 3:** Describe the basis for the incident between S.D.W. and another student that occurred on or about March 7, 2014 referenced in this lawsuit.

    **ANSWER:**

**INTERROGATORY NO. 4:** Explain the basis for Plaintiffs' contention that "Officer Rivers took time to position his hands as leverage and intentionally broke [S.D.W.'s] left arm."

    **ANSWER:**

**INTERROGATORY NO. 5:** Identify the facts upon which you rely to support your contentions that Defendant Rivers acted with "negligent discretion."

    **ANSWER:**

**INTERROGATORY NO. 6:** If Plaintiffs claim that Defendant Rivers is not entitled to qualified immunity from any of Plaintiffs' claims, identify the facts upon which Plaintiffs rely to support their claim.

    **ANSWER:**

**INTERROGATORY NO. 7:** Pursuant to Federal Rule of Civil Procedure 26(a)(A)(iii), if Plaintiffs are seeking an award of any sum of money, whether by damages or otherwise, state the

full amount of money Plaintiffs seek (whether as actual, special, consequential, exemplary or punitive damages) and describe the manner in which the amount was calculated.

The description should include each element of damage or component of recovery sought, the amount sought for each element or component, and the manner in which each element or component of the calculation was determined.

   **ANSWER:**

**INTERROGATORY NO. 8:** With reference to each and every medical doctor, therapist, specialist, or other physical or mental health care provider from whom S.D.W. received or acquired services related to the incident and including the date of service of Request for Production Nos. 5 and 6, please state:
   a. Name of the medical provider;
   b. Approximate date(s) S.D.W. saw this medical provider; and
   c. Ailment or injury for which the medical provider examined or treated S.D.W.

   **ANSWER:**

**INTERROGATORY NO. 9:** If any of the Plaintiffs have been a named party to any litigation or administrative proceeding of any kind, either prior to or subsequent to the date of the incident that is made the basis of this suit, please state the style, cause number, court, county, and state of such suit and identify (as that term is defined herein) Plaintiffs' attorney(s). This is limited to the time period from five (5) years precedent the incident and continuing to the time of trial in this case.

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

   **ANSWER:**

**INTERROGATORY NO. 10:** Identify and describe any crime for which S.D.W. has been charged, including the cause or matter number and court in which he was charged.

   **ANSWER:**

**INTERROGATORY NO. 11:** Identify and describe any school discipline referrals received by S.D.W. while a student from his enrollment in the Beaumont Independent School District to the present, including any placement in an alternative school or expulsion.

   **ANSWER:**

**INTERROGATORY NO. 12:** Identify and describe any medications, drugs, or alcohol S.D.W. consumed on the day of the incident, including the name of the substance (whether legal or illegal, over-the-counter or prescription).

    **ANSWER:**

**INTERROGATORY NO. 13:** Identify the parents and/or legal guardians of S.D.W.

    **ANSWER:**

**INTERROGATORY NO. 14:** Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the answers to these Interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 15:** Identify all documents or tangible items reviewed, consulted, examined, referred to or utilized in any way whatsoever in the preparation of the answers to these Interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 16:** State the name, web address, and user name for all blogs, online forums, and social networking websites (including but not limited to Facebook, Instagram, Youtube, Myspace, etc.) in which you, Plaintiff's mother, or Plaintiff's father discuss daily activities and to which you, Plaintiff's mother, or Plaintiff's father have belonged or had a membership to from March 7, 2014 to the present, include in the answer the URL (uniform resource locator, generally starting with http://...) of the site, username(s) associated with the site, the email address(es) associated with the account, and the approximate date when the individual joined the website or service. If you, Plaintiff's mother, or Plaintiff's father have not joined or participated in any such websites, expressly state that the individual has never joined or participated on any social media site.

    **ANSWER:**

**INTERROGATORY NO. 17:** Describe any past injuries, medical conditions, or surgeries that S.D.W. had in the past five (5) years prior to the incident at issue related to his arms, shoulders, back, neck, or torso.

    **ANSWER:**

Respectfully Submitted,

WALSH, ANDERSON, GALLEGOS
  GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone: (713) 789-6864
Facsimile: (713) 789-9318

BY: _____
JAMES E. BYROM
State Bar No. 03568100
E-mail: jbyrom@wabsa.com

KELLEY L. KALCHTHALER
State Bar No. 24074509
Email: kkalchthaler@wabsa.com

ATTORNEYS FOR DEFENDANT
STEPHEN RIVERS

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via CMRRR # 7196 9008 9111 3057 4050* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>*Attorneys for Plaintiffs* | *Via CMRRR # 7196 9008 9111 3057 4081* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Thompson & Horton, LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>*Attorneys for Defendant Beaumont ISD* | *Via CMRRR # 7196 9008 9111 3057 4074* |

Kelley L. Kalchthaler