# EXHIBIT A-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

### DEFENDANT STEPHEN RIVERS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS

TO:   Plaintiffs Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor, by and through their attorney of record, B. Adam Terrell, WELLER, GREEN, TOUPS & TERRELL, LLP, Post Office Box 350, Beaumont, Texas 77704-0350

Pursuant to FED. R. CIV. P. 34, Defendant Stephen Rivers requests that Plaintiff produce for inspection and copying all of the following requested documents which are in the possession, custody, or control of Plaintiff, her agents, representatives or attorneys, and return her responses to the undersigned counsel for Defendant not later than the 30th day from service.

Pursuant to FED. R. CIV. P. 34, discovery extends to materials in either your possession or in your constructive possession. Constructive possession exists as long as you have a superior right to compel the production from a third party (including an agency, authority, or representative) who has possession, custody, or control, even though you do not have actual physical possession.

1

With regard to any requests for production to which you object on the grounds that the request is overly broad or is not properly limited in some way, you are requested to state in your answer or objection:

1. What categories of information, if any, you do not object to providing, and to provide such information in your response; and,

2. What categories of information are in existence that you do object to providing, and the reason why you claim such information or category of information is not calculated to lead to the discovery of evidence relevant to this case.

With regard to any requests for production to which you object on the ground of attorney-client privilege, work product privilege, or some other privilege or exemption from discovery, you are requested to identify specifically each item which is in existence to which such objection applies, state the specific legal objection to such discovery, to state the specific facts which you claim support such legal objection, to maintain such specific items in the offices of counsel available for in camera inspection by the Court, if necessary, and to advise in your responses to discovery that you have done so.

## DEFINITIONS AND INSTRUCTIONS

1. "Person" and "persons" mean the plural as well as the singular and include natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, governmental agencies, organizations, or any other kind of entity, and its agents, servants, and employees.

2. The terms "documents" and "tangible items" are used in their most comprehensive sense, and include writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including, without limitation, any governmental agency, department, administrative entity, or personnel. These terms include handwritten, typewritten, printed, photocopied, facsimile copied, photograph, or recorded matter, and all communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary

to understand and use such systems. For purposes of illustration and not limitation, these terms shall include: correspondence; transcripts of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes; facsimiles and other communications sent or received; dairies; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payment; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; computer disks and software; specifications; manuals, brochures; parts lists; memoranda of all kinds to and from any persons, agencies or entities; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  The term "statement" includes, but is not limited to, any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, magnetic or other record of transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

4.  "You," "your," "yours," "Plaintiff," and "S.D.W." refer to S.D.W., together with representatives acting or purporting to act on behalf of said Plaintiff with respect to any matter inquired about in these Requests for Production, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnitors, insurers, or agents.

5.  "Your parents," and "Plaintiff's parents" refer to S.D.W.'s father, Daron Jerome Willis, and/or Plaintiff's mother, Subrinna Lynn Coleman, together with representatives acting or purporting to act on behalf of said parties with respect to any matter inquired about in these Requests for Production, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnitors, insurers or agents.

6.  "District" and "Defendant" and "Beaumont ISD" refer to Beaumont Independent School District, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

7.  "Occurrence" and "incident," unless otherwise defined, refer to the incidents made the basis of this suit and described in Plaintiff's Original Complaint and any amendments or supplements thereto.

8. The term "lawsuit" means any and all claims or causes of action presently filed in the above-captioned and numbered cause or known to you as claims or assertions related to the occurrence.

9. For purposes of interpreting or construing the scope of the requests propounded herein, the terms used shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in the request for production itself. This includes, without limitation, the following: (1) construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the request for production more inclusive; and (2) construing the terms "relating to," "referring to," "evidencing," or "concerning" to include any connection whatsoever, direct or indirect, with the requested information, without limitation unless otherwise specified in the request for production

10. A document or communication "referring to," "concerning," "evidencing," "relating to," or "incident to" a given subject means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, alludes to, describes, names, mentions, or is in any way pertinent to that subject.

11. "Communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic or other media, or by any writing or document.

12. Your attention is specifically directed to the provisions of Fed. R. Civ. P. 26(e) pertaining to your duty to supplement your response to these requests for production of documents. Upon the occurrence of any events or contingencies giving rise to such duty to supplement, the party submitting these requests for production of documents herein makes demand upon you to supplement your responses hereto.

13. The singular form of a word includes the plural form, and the plural form of a word includes the singular form.

14. In those instances where the requested document or tangible item is stored only on software or other data compilations, you must produce either the raw data along with all codes and programs for translating the data into useable form or the information in a finished, useable form, including any and all necessary glossaries, keys, and indices for interpretation of the material.

Defendant further requests that, in accordance with FED. R. Civ. P. 34, Plaintiff tender a response, which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that Plaintiff shall thereafter comply

with the request, except only to the extent that Plaintiff makes objections in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed.

### FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents not prepared specifically by or for your attorney(s) containing any description or account of how the occurrences made the basis of this lawsuit occurred.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce a copy of all documents related to any investigation by the Beaumont Independent School District of the incident that occurred on or about March 7, 2014 made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce any documents relating to Plaintiffs' answers to Interrogatories No. 3 and No. 4.[1]

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents or tangible items used to calculate the damages identified in your answer to Interrogatory No. 7.[2]

    **RESPONSE:**

---

[1] For reference, those requests are as follows:
Interrogatory No. 3: Describe the basis for the incident between S.D.W. and another student that occurred on or about March 7, 2014 referenced in this lawsuit.
Interrogatory No. 4: Explain the basis for Plaintiffs' contention that "Officer Rivers took time to position his hands as leverage and intentionally broke [S.D.W.'s] left arm."

[2] For reference that request is as follows:
Interrogatory No. 7: Pursuant to Federal Rule of Civil Procedure 26(a)(A)(iii), if Plaintiffs are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money Plaintiffs seek (whether as actual, special, consequential, exemplary or punitive damages) and describe the manner in which the amount was calculated. The description should include each element of damage or component of recovery sought, the amount sought for each element or component, and the manner in which each element or component of the calculation was determined.

**REQUEST FOR PRODUCTION NO. 5:** Produce any and all medical records of each and every medical doctor, therapist, specialist, counselor or other physical or mental health care provider from whom S.D.W. received or acquired services from the day of the incident until the present.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all records showing any and all medical expenses for each and every medical doctor, therapist, specialist, counselor or other physical or mental health care provider from whom S.D.W. received or acquired services from the day of the incident until the present.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Produce any documents concerning any and all litigation or administrative proceedings of any kind, either prior to or subsequent to the date of any incident that is made the basis of this suit. This is limited to the time period beginning four (4) years ago and continuing until time of trial.

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce any and all documents that relate to the legal theories and factual basis, if any, for the claims identified in Plaintiffs' Original Complaint or subsequent amendments thereto.

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Please provide copies of any non-privileged investigation reports relating to any incident made the basis of this suit prepared by any organization or private person.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Produce any non-privileged emails, text messages, entries, or posts to social media platforms written or composed by you, Plaintiff's mother, or Plaintiff's father or sent to you, Plaintiff's mother, or Plaintiff's father (including but not limited

to postings on Facebook, My Space, Twitter, phone messages) regarding the facts made the basis of this lawsuit.

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other materials, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Produce all transcripts of testimony previously provided by any individual listed by Plaintiffs as an expert witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Produce any and all treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Produce invoices, bills and other billing materials for each expert Plaintiff intends to call to testify at trial.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Produce all photographs, videotapes, drawings, and other tangible things that pertain in any way to the subject matter of this suit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Produce all oral or written statements in Plaintiffs' possession that pertain to the incident made the basis of this suit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** In the Complaint, Plaintiffs claim that they will seek to recover attorney's fees. Accordingly, provide any and all documents substantiating the

amount of attorney's fees Plaintiffs intend to recover, including the attorney-client contract, and billing statements to date.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** Excluding any documents protected by attorney-client privilege or attorney work product privilege, produce all documents or written communications referring or relating to any arrests of S.D.W., including any witness statements.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents relating to Plaintiffs' Answer to Interrogatory No. 11.[3]

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents relating Plaintiffs' Answer to Interrogatory No. 12.[4]

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents or tangible items reviewed, consulted, examined or referred to or utilized in any way whatsoever in the preparation for Plaintiffs' answers to Defendant Rivers' First Interrogatories.

This does not include a request for privileged attorney-client communications or attorney work product prepared specifically for this litigation unless Plaintiffs intend to present the same at trial or in any hearing in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:** Produce any and all notes (including but not limited to notes of telephone conversations or messages), diary or calendar entries made you, Plaintiff's mother, or Plaintiff's father to any occurrences made the basis of this suit.

RESPONSE:

---

[3] For reference, that request reads as follows:
Interrogatory No. 11: Identify and describe any school discipline referrals received by S.D.W. while a student from his enrollment in the Beaumont Independent School District to the present, including any placement in an alternative school or expulsion.

[4] For reference, that request reads as follows:
Interrogatory No. 12: Identify and describe any medications, drugs, or alcohol S.D.W. consumed on the day of the incident, including the name of the substance (whether legal or illegal, over-the-counter or prescription).

**REQUEST FOR PRODUCTION NO. 23:** Produce any and all notes (including but not limited to notes of telephone conversations or messages), diary or calendar entries made by any of the Plaintiffs relating to any communications between you, Plaintiff's mother, or Plaintiff's father and Defendant Rivers and/or the District relating to the allegations made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Produce any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Produce any and all work papers, notes and documents in the file of any expert witness who may testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Produce any and all documents reflecting the compensation paid or to be paid to any expert witness who may testify in deposition or in trial of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Produce an executed authorization in the form attached hereto allowing release of your medical records to Defendant Rivers' attorney of record.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Produce any and all written communications to you from Beaumont ISD and/or the Beaumont ISD Police Department related to the facts made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** If your response to Defendant's Interrogatory No. 10[5] was anything other than "none," produce any and all documentation related to those charges.

    **RESPONSE:**

---

[5] For reference, that request reads as follows:
Interrogatory No. 10: Identify and describe any crime for which S.D.W. has been charged, including the cause or matter number and court in which he was charged.

**REQUEST FOR PRODUCTION NO. 30:** If your response to Defendant's Request for Admission No. 1[6] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** If your response to Defendant's Request for Admission No. 2[7] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** If your response to Defendant's Request for Admission No. 3[8] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** If your response to Defendant's Request for Admission No. 4[9] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

    **RESPONSE:**

---

[6] For reference, that request is as follows:
Request for Admission No. 1: Admit or deny that S.D.W. was involved in a physical altercation on or about March 7, 2014 with another student.

[7] For reference, that request is as follows:
Request for Admission No. 2: Admit or deny that on or about March 7, 2014 Officer Stephen Rivers verbally told S.D.W. to stop during the incident in question.

[8] For reference, that request is as follows:
Request for Admission No. 3: Admit or deny that on or about March 7, 2014 Officer MeLisa Moore verbally told S.D.W. to stop during the incident in question.

[9] For reference, that request is as follows:
Request for Admission No. 4: Admit or deny that on or about March 7, 2014 Officer MeLisa Moore held S.D.W. around the waist to stop him from fighting during the incident in question.

**REQUEST FOR PRODUCTION NO. 34:** If your response to Defendant's Request for Admission No. 5[10] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** If your response to Defendant's Request for Admission No. 6[11] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** If your response to Defendant's Request for Admission No. 7[12] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

 **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** If your response to Defendant's Request for Admission No. 8[13] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

 **RESPONSE:**

---

[10] For reference, that request is as follows:
Request for Admission No. 5: Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer MeLisa Moore's efforts to stop him during the incident in question.

[11] For reference, that request is as follows:
Request for Admission No. 6: Admit or deny that on or about March 7, 2014 S.D.W. swung his fist at Officer Stephen Rivers during the incident in question.

[12] For reference, that request is as follows:
Request for Admission No. 7: Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer Stephen Rivers' attempts to stop him during the incident in question.

[13] For reference, that request is as follows:
Request for Admission No. 8: Admit or deny that there were multiple students nearby when S.D.W. engaged in a physical altercation with another student on or about March 7, 2014.

**REQUEST FOR PRODUCTION NO. 38:**  If your response to Defendant's Request for Admission No. 9[14] was anything other than "admit," produce any and all documents or tangible items that support your contention otherwise.

**RESPONSE:**

          Respectfully Submitted,
          WALSH, ANDERSON, GALLEGOS
            GREEN & TREVIÑO, P.C.
          10375 Richmond Avenue, Suite 750
          Houston, Texas  77042
          Telephone:  (713) 789-6864
          Facsimile:  (713) 789-9318

          BY: _____
            JAMES E. BYROM
            State Bar No. 03568100
            E-mail: jbyrom@wabsa.com

          KELLEY L. KALCHTHALER
          State Bar No. 24074509
          Email: kkalchthaler@wabsa.com

          ATTORNEYS FOR DEFENDANT
          STEPHEN RIVERS

---

[14] For reference, that request is as follows:
Request for Admission No. 8:  Admit or deny that there were multiple students nearby when S.D.W. engaged in a physical altercation with another student on or about March 7, 2014.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via CMRRR # 7196 9008 9111 3057 4050* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>*Attorneys for Plaintiffs* | *Via CMRRR # 7196 9008 9111 3057 4081* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Thompson & Horton, LLP<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>*Attorneys for Defendant Beaumont ISD* | *Via CMRRR # 7196 9008 9111 3057 4074* |

_____
Kelley L. Kalohthaler

## AUTHORIZATION FOR RELEASE OF PRIVATE HEALTH INFORMATION ("PHI") PURSUANT TO HIPAA

I authorize the disclosure of protected health information as described below:

Patient's Printed Name: _____Sudarian D. Willis_____

Patient's Complete Address: _____

Date(s) of service: _____

Patient's Date of Birth: _____   Patient's Social Security Number: _____

I hereby authorize _____ to disclose records created in the course of the evaluation and treatment to:

Name:      JAMES E. BYROM and/or KELLEY L. KALCHTHALER of
           WALSH, ANDERSON, GALLEGOS, GREEN & TREVIÑO, P.C.
Address:   10375 Richmond Ave. Suite 750, Houston, TX 77042        Phone No. (713) 789-6864

I specifically authorize the disclosure of the following records: <u>the entire medical record, including, but not limited to discharge summary, emergency room record, history and physical, consult report(s), operative report(s), rehabilitation services, lab notes and report(s), imaging/radiology, cardiac studies, face sheet, nursing notes, medication records, progress notes, physician orders, pathology reports, detailed billing records, UB92, as well as any other notes, orders, reports, summaries, intake or admission forms, and other records from the patient's date of birth to present.</u>

_____(Initials) I _____ DO (or) _____ DO NOT consent to the release of information relating to psychiatric or psychological testing or treatment, biofeedback training, alcohol and/or drug abuse diagnosis, prognosis and treatment and/or HIV (AIDS) testing and/or results, or such disclosure shall be limited to the following specific types of information: _____.

The purpose of this disclosure is at the request of the patient or their personal representative.

This authorization expires on _____ or 180 days from the date of this Authorization, whichever comes first.

I understand that if the person or entity that receives this information is not a health care provider or health plan covered by the federal privacy regulations, the information described above may be re-disclosed and the PHI will no longer be protected by Federal HIPAA privacy regulations.

I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment. I may inspect or copy any information disclosed under this authorization.

I understand that this authorization is subject to written revocation by the undersigned at any time except to the extent that action has been taken in reliance on this authorization. To revoke this authorization I may contact the privacy officer at: _____.

A copy or facsimile of this authorization is as valid as the original.

I understand that my healthcare and the payment of my healthcare will not be affected if I refuse to sign this authorization.

Date: _____   Signed: _____
                        Printed Name: _____
                        Description of Representative's Authority: _____

## DISCLAIMER BY PATIENT'S REPRESENTATIVE

I am authorized as a personal representative pursuant to 45 CFR Part 164.502 (g)(4), which says:

"If under applicable law an executor, administrator or other person has authority to act on behalf of a deceased individual or of the individual's estate, a covered entity must treat such person as a personal representative under this subchapter, with respect to protected health information relevant to such personal representation." Vernon's Civil Statutes Ch. 21. Art. 4590I, Subchapter D, Sec. 4.01 (e) is an applicable law which says, "For the purposes of this section, and notwithstanding Section 5.08, Medical Practices Act (Article 4495b, Vernon's Texas Civil Statutes), or any other law, a request for the medical records of a deceased person or a person who is incompetent shall be deemed to be valid if accompanied by an authorization signed by a parent, spouse, or adult child of the deceased or incompetent person." Attached is supporting documentation supporting my relationship and qualification as a personal representative pursuant to these statutes."

Date: _____   Signed: _____
                        Printed Name: _____