IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DARON JEROME WILLIS AND SUBRINNA LYNN COLEMAN, Individually and as Next Friend of SDW, a Minor, **Plaintiffs** | ' ' ' ' ' ' |
| VS. | ' ' |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, ET AL, Defendants | ' ' ' |

CIVIL ACTION NO. 1:14-cv-00314

**PLAINTIFFS' REPONSE TO DEFENDANT STEPHEN RIVERS' MOTION TO STRIKE, OR ALTERNATIVELY, MOTION TO LIMIT PLAINTIFFS' EXPERT TESTIMONY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, Plaintiffs in the above entitled and numbered cause, filing this Response to Defendant Stephen Rivers' Motion to Strike, or alternatively, Motion to Limit Plaintiffs' Expert Testimony, and as grounds therefore would show the Court the following:

A. ARGUMENT AND AUTHORITIES

1. **Plaintiffs' non-retained experts are exempted from the expert report requirement of Fed. R. Civ. P. 26(a)(2)(B).**

In their first argument, Defendant Rivers argues that any and all non-retained experts designated by Plaintiffs should be stricken or limited for failure to comply with federal discovery rule 26(a)(2)(B). This rules states in pertinent part:

> *"Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report [] if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's

employee regularly involved giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B).

According to Plaintiffs' Expert Disclosure (Doc#18-1, pp 1-5), only the "medical providers who treated minor Plaintiff" (as well as their custodian of records) and "[l]aw enforcement officers and/or investigators who responded to and/or investigated the incident" were designated at experts. In their motion, Defendant admits that the expert designated have not been retained by Plaintiffs. (Defendant's motion, p 2). Moreover, none of the non-retained experts designated by Plaintiffs are specially employed to provide expert testimony in this case; nor are any of them employees of Plaintiffs who are regularly involved in giving expert testimony. These experts happened to be on the scene as law enforcement responders, investigators of the incident, or medical experts who treated the minor plaintiff after the incident.

In contrast, rule 26(a)(2)(C) pertains to disclosures of *"Witnesses Who Do Not Provide a Written Report*. Read together with 26(a)(2)(B), when the expert is not retained, specially employed to provide expert testimony, or when the expert is not an employee who regularly gives expert testimony for the party offering the testimony, then an expert report is not required. Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P 26(a)(2)(C). When 26(a)(2)(B) does not apply, all Plaintiff is required to do is state (i) the subject matter on which the witness is expected to present evidence; and (ii) summarize the facts and opinions to which he/she is expected to testify. Fed. R. Civ. P 26(a)(2)(C).

Noteworthy is the fact that Defendant Rivers cites no relevant legal authorities for the contention that rule 26(a)(2)(B) applies thereby requiring Plaintiffs to provide a written report. A plain reading of the 2010 advisory committee notes is instructive. Paragraph 5 of the notes indicates that subdivision (a)(2)(C) of rule 26 is "considerably less extensive" than the report required of (a)(2)(B). The reason for this is because

"these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26 advisory committee's note, ¶5.

> distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) is that the 26(a)(2)(C) experts' conclusions and opinions arise from firsthand knowledge and activities they were personally involved in before the commencement of the lawsuit, and not conclusions they formed because they were recruited to testify as an expert after-the-fact. *Beane v. Util. Trailer Mfg. Co.*, 2013 U.S. Dist. LEXIS 187700 (W.D. La., 2013); citing *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).

Even further, the advisory notes specify:

> "This amendment resolves a tension that has sometimes prompted courts to require reports under rules 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)." Fed. R. Civ. P. 26 advisory committee's note, ¶6.

As argued above, the medical providers who treated minor Plaintiff (as well as their custodian of records), and the law enforcement officers and/or investigators who responded to and/or investigated the incident are all non-retained experts who are not employed by Plaintiffs to provide expert testimony. *Downey*, 633 F.3d at 6. Accordingly, Defendant Rivers' motion to exclude Plaintiffs' non-retained experts should be denied because Plaintiffs are exempted from the report requirement of Fed. R. Civ. P. 26(a)(2)(B).

2. **Proper disclosure requirements for treating physicians fall under Fed. R. Civ. P 26(a)(2)(C) and may testify as a fact and expert witness:**

The 2010 advisory committee's note also state that an expert not required to

provide a report pursuant to subdivision (a)(2)(B) of rules 26 "may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. "Frequent examples include physicians or other health care professionals", which are designated under "disclosure required under Rule 26(a)(2)(C)." Fed. R. Civ. P. 26 advisory committee's note, ¶7.  Significantly, the treating physicians or medical providers may provide expert testimony as to the cause of Plaintiffs' injuries if the expert arrived at his causation opinion during treatment. See *Downey,* 633 F.3d at 6-7.

Defendant Rivers erroneously argues that Plaintiffs have not connected any treating physician's identification with any documents from which Defendant Rivers could discern their anticipated testimony.  Plaintiffs have designated each and every physician and medical provider involved in the care and treatment of minor Plaintiff, as well as the custodian of records as "Persons Likely to Have Discoverable Information." Plaintiffs have also produced any and all medical records pertaining to minor Plaintiff's treatment. (See docket #16, Notice of First Supplemental Disclosure & docket #17 Notice of Second Supplemental Disclosure).  Defendant will have an opportunity hire a medical expert, review the medical records, and depose the physicians in this case.  As such, the complete exclusion of the non-retained medical experts is not warranted.

**Daubert Challenge – Reliability of Non-retained experts**

Citing *Daubert*, Defendant Rivers also contends that the non-retained experts should be excluded because their expert testimony is not reliable. (Defendant's motion, pp 6-7).  Defendant argues because none of the officers or law enforcement employees have been subjected to peer review and publication, and that Plaintiffs have not offered any known potential rate of error for their opinions, said opinions should be excluded. Defendant fails to recognize that the factors in *Daubert* may or may not be pertinent in assessing reliability depending on the nature of the issues and the subject of the expert

testimony. *Pipitone, v. Biomatric, Inc.*, 288 F.3d 239, 244-245 (5th Cir. 2002). Indeed, Federal Rule of Evidence 702 expressly states that an expert may be qualified on the basis of experience. *Id*. at 247. (experience alone or experience in conjunction with other knowledge, skill, training or education may provide sufficient foundation for reliable expert testimony). The US Supreme Court recognized that an expert might draw conclusions from as set of observations based on extensive and specialized experience and the Fifth Circuit follows this by admitting expert testimony based on the expert's knowledge, training, experience, and first-hand observation. *Kumho Tire. Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *Pipitone*, 288 F.3d at 247. Accordingly, Defendant's motion to exclude Plaintiff's non-retained experts based on lack of establishing the *Daubert* factors should be denied.

    **3. Retained Expert Wheatley should not be excluded:**

Defendant argued Plaintiff's retained expert does not use the proper legal standard. Contrary to this assertion, Defendant recognizes that the *Graham* factors are referred to in Wheatley's report, "but only in a cursory manner." (Defendant's motion, p 8). Defendant argues that the report fails to indicate that Defendant's actions were clearly excessive to the need. Defendant's assertion is without merit because on numerous occasions the report indicates the actions of Officer Rivers were excessive to the need. From a crisis intervention and control perspective, Officer Rivers could have stopped when he was laying on the minor Plaintiff and had control of his left arm. (Wheatley report, p 8). Even further, Wheatley lists a host of ways that less force could have been used in this case. (Wheatley report, p 8-9). As such, the report indicates the force was unreasonable under the circumstances. Accordingly, the report indicates the proper legal standard and the factual basis supporting Wheatley's opinions. Because Wheatley's opinion is founded on sufficient facts and data it is reliable. In the event the

Court finds Whatley's report to be insufficient, Plaintiffs request leave to file an amended report by a date certain.

Defendant also attempts to exclude Plaintiff's expert for lack of qualifications. Wheatley's CV speaks for itself. He worked for the FBI in operations involving violent criminal apprehensions as well as kidnapping, espionage, drugs, and fugitives. (Docket # 18-1, p 37). He also served on numerous boards which pertain to police and investigation practices. (Docket # 18-1, p 39). Accordingly, Wheatley is qualified to render an opinion in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, respectfully requests that Defendant Stephen Rivers' Motion to Strike, or alternatively, Motion to Limit Plaintiffs' Expert Testimony, be denied or, should it be granted in any part, that Plaintiffs be allowed an opportunity to cure any material defect determined to exist, and for geneal relief.

Dated:  12/17/2014.

      Respectfully submitted,

      **WELLER, GREEN, TOUPS & TERRELL, LLP**

**By:** /s/ *B. Adam Terrell*
      **B. ADAM TERRELL**
      **Texas Bar No. 19790900**
      **Post Office Box 350**
      **Beaumont, TX 77704-0350**
      **Phone: (409) 838-0101**
      **Fax:  (409) 832-2940**

      **ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

Kevin Laine, as co-counsel for Plaintiff, and James Byrom, as counsel for Defendant, have complied with the meet and confer requirement in Local Rule CV-7(h) with regard to the content of this motion on December 9, 2014. Counsel for Defendant has indicated Defendant is opposed to the relief requested herein. Plaintiff's counsel now submits this motion to the Court for its consideration.

/s/ *B. Adam Terrell*
**B. Adam Terrell**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via efile in accordance with the Federal Rules of Civil Procedure on this 17th day of December, 2014.

/s/ *B. Adam Terrell*
**B. Adam Terrell**