UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DARON JEROME WILLIS AND § | |
| SUBRINNA LYNN COLEMAN, § | |
| Individually and as Next Friend of § | |
| SDW, a Minor, § | |
| Plaintiffs § | |
| § | |
| V. § | CIVIL ACTION NO. 1:14-CV-00314 |
| § | |
| BEAUMONT INDEPENDENT § | |
| SCHOOL DISTRICT, ET AL, § | |
| Defendants § | |

**DEFENDANT STEPHEN RIVERS' REPLY TO PLAINTIFFS' REPONSE (SIC) TO DEFENDANT RIVERS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO LIMIT PLAINTIFFS' EXPERT TESTIMONY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Stephen Rivers ("Rivers" or "Defendant Rivers"), Defendant in the above-styled and numbered cause, and files this Reply to Plaintiffs' Reponse (sic) to Defendant Rivers' Motion to Strike, or in the Alternative, Motion to Limit the Testimony of Plaintiffs' Expert Disclosure, and in support of his Motion, Defendant Rivers would respectfully show the Court the following:

**I. INTRODUCTION**

1.      Pursuant to this Court's Scheduling Order entered on September 10, 2014 (Docket Entry "DE" 15), Plaintiffs filed their Designation of Expert Witnesses on October 15, 2014. Objections to any expert designation were due within seven weeks thereafter (DE 15, p. 2). Defendant Rivers filed his Motion to Strike, or in the Alternative, Motion to Limit the Testimony of Plaintiffs' Expert Disclosure on December 3, 2014 (DE 18). Plaintiffs filed a Response on December 17, 2014 (DE 22). Defendant Rivers incorporates by reference each and every

argument in his pending motion (DE 18). Defendant Rivers respectfully request to exclude the expert testimony as follows:

## II. REPLY

2.      Plaintiffs timely filed their Designation of Expert Witnesses on October 15, 2014; however, Plaintiffs failed to comply with all the requirements stated in the Federal Rules of Civil Procedure 26(a)(2). Plaintiffs' Response in Opposition attempts to avoid the obligation to provide the specific "subject matter" on which any non-retained expert witness is "expected to present evidence," along with a "summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Plaintiffs cannot contend that their current designation actually complies with the Rule's requirement to provide a summary of facts and opinions. Plaintiffs have provided almost no sense of the anticipated testimony. By focusing on the lack of a report requirement for non-retained experts, Plaintiffs attempt to obscure the remaining obligations related to the necessary specificity of a designation of expert witnesses who are expected to provide testimony, though not retained or specially employed to do so.

3.      Plaintiffs have provided no summary of facts or opinions that are anticipated. They merely suggest that all the "non-retained" witnesses may testify in their fields of expertise, whether it be law enforcement or medicine. Most of the witnesses have not yet been deposed, so it is understandable that Plaintiffs cannot meet their burden, but Defendant is not responsible for the strategic decisions of Plaintiffs' counsel. Plaintiffs have simply not identified any opinions of expert value they expect to elicit from their non-retained witnesses. Defendant should not be compelled to wait until time of trial to see what kind of expert opinions Plaintiffs may attempt to solicit.

4.     Additionally, Plaintiffs have failed to explain any methodology they anticipate any of their experts, retained or non-retained, will use in forming their opinions.  Absent this, none of the witnesses' proposed testimony can be evaluated adequately pursuant to *Daubert*.  While substantially more information was provided concerning Plaintiffs' retained expert, no details were provided from which a reliability assessment could be made.

5.     Defendant Rivers' challenge to the reliability of contemplated expert testimony is not premature, particularly given the lack of any guidance on the opinions anticipated or the methodology behind them.  Moreover, the scheduling order required timely objections, or waiver would result.  Plaintiffs are required to establish the reliability of any expert opinions they hope to offer.  Plaintiffs have not stated any opinions of any non-retained witnesses or the scientific basis for any opinions.  As such, any expert testimony offered by Plaintiffs at trial should be excluded.  Here, neither counsel nor the Court can assess the reliability of Plaintiffs' "designated experts" because Plaintiffs have failed to provide any information against which to test the reliability of any expert evidence they intend to elicit from them.  A court should exclude such proffered testimony.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 578, 592-93, 113 S. Ct. 2786, 2796-97 (1993).  Accordingly, Plaintiffs have failed to carry their burden to establish that their experts can give scientifically reliable testimony.  For these reasons, Defendant requests this Court exclude any expert testimony offered by Plaintiffs at trial.

### III. CONCLUSION

For the reasons detailed above, and in his pending motion, Defendant Rivers requests that the Court exclude any expert testimony of any and all witnesses designated as non-retained experts, and limit or exclude testimony from their retained expert that cannot be shown reliable.

Plaintiffs should have provided sufficient information to discern and test their experts' opinions and any basis or explanation of such opinions.

                    Respectfully submitted,

                    WALSH, ANDERSON, GALLEGOS,
                    GREEN & TREVIÑO, P.C.
                    10375 Richmond Avenue, Suite 750
                    Houston, Texas 77042
                    Telephone:  (713) 789-6864
                    Facsimile:   (713) 789-9318
                    Email:  jbyrom@wabsa.com
                    Email:  kkalchthaler@wabsa.com

                    By:  */s/     James E. Byrom*
                          JAMES E. BYROM
                          State Bar No. 03568100
                          KELLEY L. KALCHTHALER
                          State Bar No. 24074509

                    **ATTORNEYS FOR DEFENDANT**
                    **STEPHEN RIVERS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of December, 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via Electronic Case Filing* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>**Attorneys for Plaintiffs** | *Via Electronic Case Filing* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>**Attorneys for Defendant Beaumont ISD** | *Via Electronic Case Filing* |

                /s/ *James E. Byrom*
                James E. Byrom