IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DARON JEROME WILLIS AND SUBRINNA LYNN COLEMAN, Individually and as Next Friend of SDW, a Minor, Plaintiffs | '<br>'<br>'<br>'<br>'  CIVIL ACTION NO. 1:14-cv-00314 |
| VS. | '<br>' |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, ET AL, Defendants | '<br>'<br>'<br>' |

**PLAINTIFFS= SUR-REPLY TO DEFENDANT STEPHEN RIVERS= MOTION TO STRIKE, OR ALTERNATIVELY, MOTION TO LIMIT PLAINTIFFS= EXPERT TESTIMONY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, Plaintiffs in the above entitled and numbered cause, filing this Response to Defendant Stephen Rivers= Motion to Strike, or alternatively, Motion to Limit Plaintiffs= Expert Testimony, and as grounds therefore would show the Court the following:

A. ARGUMENT AND AUTHORITIES[1]

In essence conceding that Fed. R. Civ. P. 26(a)(2)(B) does not apply to non-retained experts, in his Reply, Defendant Rivers= now argues that Plaintiffs have failed to comply with the less stringent expert disclosure rule under Fed. R. Civ. P.

---

[1] Plaintiffs incorporate by reference each and every argument as noted in the corresponding initial Response to Defendant River=s Motion to Strike, or alternatively, Motion to Limit Plaintiff=s Expert Testimony.

26(a)(2)(C). Defendant contends Plaintiff failed to provide a summary of facts and opinions to which the non-retained experts are expected to testify and as a result, Defendant Rivers is being compelled to wait until the time of trial to "see what kind of expert opinions Plaintiffs may attempt to solicit." (Defendant=s reply, p 2). Again, Defendant=s argument is misplaced.

In APlaintiffs= Expert Disclosure", Plaintiffs have designated each and every physician and medical provider involved in the care and treatment of minor Plaintiff. (See Ex. A, Plaintiffs= Expert Disclosure). Within that disclosure, a fair summary of the facts and opinions to which these experts may testify was provided. That is, the medical providers listed Atreated Minor Plaintiff@ after the incident and Amay testify as to his medical and mental condition following the incident made the basis of this suit.@ (See Ex. A, Plaintiffs= Expert Disclosure, 1(b)). As the summary indicates, the anticipated testimony of Plaintiffs= non-retained expert opinions do not include facts unrelated to the Minor Plaintiffs= treatment and/or medical and mental condition following the incident. Furthermore, Plaintiffs have produced the coinciding medical records concerning the minor Plaintiff=s treatment related to the incident. (See docket #16, Notice of First Supplemental Disclosure & docket #17 Notice of Second Supplemental Disclosure). Prior to trial, Defendant will have an opportunity to review these medical records, prepare for and depose each and every medical provider obtaining all aspects of their expert opinion as delineated in the records. Based on the foregoing, Plaintiffs have complied with the less stringent expert testimony disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C).

Additionally, in APlaintiffs= Expert Disclosure=, Plaintiffs have designated each

and every ALaw enforcement and/or Investigator[s] who responded to and/or investigated the incident made the basis of this suit.@  Within that disclosure, a fair summary of the facts and opinions to which these experts may testify was provided. AThese individuals may have opinions, factual knowledge, and other information consistent with the previously-produced incident report and/or previously produced witness statements. (See Ex. A, Plaintiffs= Expert Disclosure, 1(d)).  Plaintiffs= non-retained experts will not include testimony pertaining to facts, opinions, or information unrelated to law enforcement=s response or investigation of the incident as detailed in the incident report and witness statements.  Moreover, Plaintiffs have produced the incident report and witness statements regarding the incident.  Prior to trial, Defendant will have an opportunity to review the law enforcement records for the purpose of preparing for and deposing the officers and investigators who participated in the response and investigation of the incident.  As such, the notion that Defendant Rivers is being "compelled to wait until the time of trial to see what kind of expert opinions Plaintiffs may attempt to solicit" is disingenuous. (Defendants Rivers' reply, p 2).

As the Court can see, the Plaintiffs have provided a summary of the facts and opinions for which the non-retained medical providers and law enforcement officers will testify in compliance with the less stringent expert disclosure rule 26(a)(2)(C). Accordingly, Defendant Rivers' motion to strike Plaintiffs' expert, or alternatively limit their testimony, should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, respectfully requests that Defendant Stephen Rivers' Motion to Strike, or alternatively, Motion to

Limit Plaintiffs' Expert Testimony, be denied or, should it be granted in any part, that Plaintiffs be allowed an opportunity to cure any material defect determined to exist, and for general relief.

Dated:  1/6/2015

>Respectfully submitted,
>
>**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**
>
>By: /s/  *B. Adam Terrell*
>          **B. ADAM TERRELL**
>          **Texas Bar No. 19790900**
>          **Post Office Box 350**
>          **Beaumont, TX 77704-0350**
>          **Phone: (409) 838-0101**
>          **Fax:  (409) 832-2940**
>
>**ATTORNEY FOR PLAINTIFFS DARON JEROME WILLIS AND SUBRINNA LYNN COLEMAN, INDIVIDUALLY AND AS NEXT FRIEND OF SUDARIAN DEONTE WILLIS, A MINOR**

## CERTIFICATE OF CONFERENCE

Kevin Laine, as co-counsel for Plaintiff, and James Byrom, as counsel for Defendant, have complied with the meet and confer requirement in Local Rule CV-7(h) with regard to the content of this motion on December 9, 2014.  Counsel for Defendant has indicated Defendant is opposed to the relief requested herein.  Plaintiff's counsel now submits this motion to the Court for its consideration.

>/s/   B. Adam Terrell
>          B. Adam Terrell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via efile in accordance with the Federal Rules of Civil Procedure on this 6th day of January, 2015.

>/s/   B. Adam Terrell
>          B. Adam Terrell