# Exhibit E

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor | § | |
| Plaintiffs | § | CIVIL ACTION NO. 1:14- |
| | § | |
| VS. | § | |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendant | § | |

## AFFIDAVIT OF MARGO L. FRASIER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared MARGO L. FRASIER, known to me to be the person whose signature appears below and, having been by me duly sworn, the said person stated on oath as follows:

1. "My name is Margo Frasier. I am over 18 years of age. I have never been convicted of a felony or crime of moral turpitude, and I am personally competent to make this affidavit. I have personal knowledge of all facts stated in this affidavit, or have formed opinions related to the evidence in this case based upon sufficient facts and data reasonably relied upon by experts in my field, and they are true and correct.

2. I am presently self-employed as a criminal justice consultant and expert. I have been retained as an expert witness for Stephen Rivers (Rivers) and Beaumont Independent School District (BISD) (collectively referred to as Defendants) in the matter of *Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor v. Beaumont Independent School District, et al*, in the United States District Court, Eastern District, Beaumont Division, Civil Action No. 1:14-CV-00314.

3. I have been asked to render opinions relating to the actions of Defendants in connection with an incident that occurred on May 7, 2014, when SDW, a minor was involved in an

1

      incident while Rivers was working as an officer of the BISD outside of a BISD school. Specifically, SDW claims his rights were violated due to an alleged unlawful restraint and an alleged use of excessive force by Rivers.

4. Specifically, I have been asked to review documentary material related to the actions of the employees of the BISD in connection with the incident, the pleadings of the parties, and relevant statutes and case law for the purpose of determining whether the employees of the BISD subjected SDW to a violation of his constitutional rights.

5. I have significant experience in all facets of law enforcement and corrections. Presently, I am self-employed as a criminal justice consultant and expert. Additionally, I am employed as the Police Monitor for the City of Austin. My duties as Police Monitor include overseeing all of the internal affairs investigations of the Austin Police Department and providing recommendations on how to improve the Austin Police Department. Prior to joining the City of Austin, I was a Senior Associate with MGT of America, Inc. (MGT), where I provided litigation support, expert witness services, and consulting in criminal justice issues. Prior to joining MGT, I was an Assistant Professor of Criminal Justice in the College of Criminal Justice at Sam Houston State University in Huntsville, Texas. Prior to joining the faculty at Sam Houston State University, I was the duly elected Sheriff of Travis County (Austin), Texas.

6. I assumed office as Sheriff of Travis County, Texas, on January 1, 1997, and served as the Chief Law Enforcement Officer and Chief Corrections Officer of Travis County, Texas, until December 31, 2004. I graduated from Sam Houston State University with a Bachelor of Science degree with honors in Criminology and Corrections in 1974. I received thirty hours of credit towards a Masters of Arts degree in Criminal Justice Management from Sam Houston State University. I received my Juris Doctor with high honors from Florida State University College of Law in 1984. I am certified both as a peace officer and jail officer by the Texas Commission on Law Enforcement.

7. During my 38 years of experience, I have worked at a state prison in Texas; worked in a number of different capacities within the Travis County Sheriff's Office; worked at and managed a county jail system; worked for the legislative committee which provided oversight of the jail and prison systems of the State of Florida; represented, as an attorney, numerous cities, counties, city officials and county officials in litigation related to law enforcement, corrections, and employment law; served as Sheriff, Chief Law Enforcement Officer and Chief Corrections Officer, of Travis County, Texas; provided criminal justice consultation; and served as Police Monitor of the City of Austin.

8. In addition, from 1997 to 2004, I was on the faculty at Saint Edward's University in Austin, Texas. At Saint Edward's University, I taught criminal justice courses including courses on American Policing, Corrections, and Juvenile Justice. While on the faculty at Sam Houston State University from 2005 to 2008, I taught criminal justice courses including Criminal Law, Criminal Investigation, Professionalism and Ethics in Criminal

Justice, Legal Aspects of Corrections, Seminar on Administration and Organization, and Legal Aspects of Criminal Justice Management. Specifically, as part of the courses on Legal Aspects of Criminal Justice Management and Legal Aspects of Corrections, I taught the legal principles related to the liability of criminal justice agencies for the actions of their employees and liability of employees; specifically, those related to issues of training, supervision, use of force, and arrest.

9. I have extensive experience and have provided consulting, instructional, and legal services in such areas as training, classification, security, use of force, arrest, search and seizure, supervision of staff, inmate rights, mental health laws, employment matters, and employee discipline. My experience includes instructing at the National Sheriffs' Institute. I have developed and implemented policies and procedures which relate to almost every aspect of the operation of a law enforcement agency and a correctional agency; particularly those required by the Texas Commission on Law Enforcement (TCOLE). I am extremely familiar with the statutes and case law of the United States which relate to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the American with Disabilities Act. I am particularly familiar with the duties imposed on a Sheriff or Chief and/or his/her deputies or officers. I have extensive experience in analyzing a particular incident that has allegedly occurred in an employment setting, law enforcement setting, or jail setting to determine whether public officials acted in accordance with accepted procedures consistent with competent law enforcement training and within the laws and Constitutions of the United States and the State of Texas, whether a law enforcement administrator failed to enact any policy or procedure that he/she is required to adopt, whether a law enforcement administrator failed to properly train officers, and whether law enforcement officials have acted outside the range of acceptable law enforcement discretionary acts.

10. As the Sheriff of Travis County, Texas, I was the head of an agency which employed over 1300 employees and had a budget for 2004-2005 of over $90 million dollars. As the Chief Law Enforcement Officer and Chief Corrections Officer, I was directly responsible for the supervision of the jail and supervision of law enforcement officers patrolling, investigating, and enforcing criminal laws within Travis County. The law enforcement officers included deputies assigned as school resource officers. Additionally, I was directly responsible for the oversight of the employment and training practices of the Sheriff's Office to insure compliance with state and federal statutes and the United States Constitution. As the Police Monitor of the City of Austin, former Sheriff, and Assistant Professor of Criminal Justice, I am extremely familiar with the statutes which relate to employees of police departments and sheriff's offices and the liability of criminal justice agencies for the actions of their employees; specifically, those related to issues of training, supervision, arrest, search and seizure, and the use of force.

11. During my time as Sheriff, I was a member of the Sheriffs' Association of Texas, National Sheriffs' Association, the Major County Sheriffs' Association, and the National Executive Institute Associates. I was elected to the Board of Directors of the National

3

Sheriffs' Association by a vote of the membership in 2002 and served through 2004. I was elected to be the Treasurer of the Major County Sheriffs' Association by a vote of the membership in 1999 and served as treasurer through 2001. I was elected to be the Vice-President of the Major County Sheriffs' Association by a vote of the membership in 2002 and served as Vice-President through 2003. I was elected to be the President of the Major County Sheriffs' Association by a vote of the membership and served as President during 2004. I was twice selected by the Combined Law Enforcement Associations of Texas as the Administrator of the Year for the State of Texas.

12. In arriving at my opinions, I have examined the following items:

- Plaintiff's Original Complaint;
- Original Answer of Defendant Beaumont Independent School District;
- Defendant Stephen Rivers' Original Answer to Plaintiff's Original Complaint;
- Joint Conference Report;
- Scheduling Order;
- Order Governing Proceedings;
- Defendant Stephen Rivers' Initial Disclosures;
- Plaintiff's Opposition to Rivers' Motion to Dismiss and Alternatively Motion for Summary Judgment and Exhibits;
- Plaintiff's First Supplemental Disclosures;
- Plaintiff's Expert Disclosure;
- Video of Incident;
- Plaintiff's Second Supplemental Disclosures;
- Preliminary Report of Plaintiff's Expert, Ken Whitley;
- Purported Interview of Clydell Duncan;
- Plaintiff's Answers to Defendant Rivers' First Set of Interrogatories;
- Plaintiff's Responses to Defendant Rivers' First Request for Production;
- Plaintiff's Responses to Defendant Rivers' Request for Admissions;
- Offense Report and Statements;
- Internal Investigation Report;
- Medical Records of SDW;
- Relevant statutes, regulations, and codes including Chapters 9, 22, 38 of the Texas Penal Code, Chapter 14 of the Texas Code of Criminal Procedure; and
- Relevant case law including *Plumhoff v. Rickard* (U.S. 2014), *Scott v. Harris*, (U.S. 2007), *Atwater v. Lago Vista*, (U.S. 2001), *Graham v. Connor*, (U.S. 1989), *Tennessee v. Garner*, (U.S. 1985), *Lytle v. Bexar County*, (5th Cir. 2009), and *Hare v. City of Corinth*, (5th Cir. 1998).

13. Additionally, I have examined the conduct of Defendants in light of my experience as a law enforcement officer, administrator, and educator. The opinions set forth herein are based upon analysis of these facts by applying my law enforcement, corrections, administrative and teaching experience; legal education; training; personal knowledge of the applicable amendments to the United States Constitution and the applicable provisions of the law of the United States; knowledge of the applicable provisions of the

4