UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

TABLE OF CONTENTS FOR APPENDIX TO DEFENDANT RIVERS'
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(C), OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

| Exhibit | Description |
|---|---|
| A | Affidavit of Officer Stephen R. Rivers – Defendant |
| A-1 | Beaumont ISD Police Department Offense Report |
| A-2 | Exhibits to Offense Report:<br>1. Force Incident Data Report<br>2. Reporting Information Form on Restraint Use<br>3. Witness Statement from Officer MeLisa Moore |
| A-3 | Related Witness Statements to Incident |
| B | Affidavit of Kelley L. Kalchthaler – Attorney for Defendant Rivers |
| B-1 | Defendant Stephen Rivers' First Requests for Admission to Plaintiffs – Deemed Admissions |
| B-2 | Plaintiff's Answers to Defendant Stephen Rivers' First Set of Interrogatories |
| C | Affidavit of Margo L. Frasier – Expert for Defendant Rivers |
| D | Declaration of Stephen Rivers |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:14-CV-00314** |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants** | § | |

## AFFIDAVIT OF STEPHEN R. RIVERS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF JEFFERSON | § |

BEFORE ME, the undersigned authority, on this day personally STEPHEN R. RIVERS, known to me to be the person whose signature appears below and, having been by me duly sworn, the said person stated on oath as follows:

1.  "My name is Stephen Rivers. I am over 18 years of age. I have never been convicted of a felony or crime of moral turpitude, and I am personally competent to make this affidavit. I have personal knowledge of all facts stated in this affidavit, and they are true and correct.

2.  I have worked for the Beaumont ISD Police Department from approximately January 2013 until the present. I am a school police officer assigned to West Brook High School, located at 8750 Phelan Blvd, Beaumont, Texas 77705. I have been a licensed peace officer since 1992. I obtained my advanced peace officer license in 1998 and master peace officer license in 2013. Before working for the Beaumont ISD Police Department, I worked as a manager for Graybar Electric in Beaumont, Texas for 27 years until my retirement. I was also a reserve deputy for the Jefferson County Sheriff in the Gang Task Force from June 1992 until March 2003, my duties included investigations and arrests. I have also met the requirements for training for the State of Texas as outlined by the Texas Commission on Law Enforcement

1

("TCOLE") standards. I was employed by the Beaumont ISD Police Department at the time of the incident made the basis of this lawsuit.

3.    On March 7, 2014 at approximately 3:00 p.m., I was at the main entrance of West Brook High School ("WBHS") when I heard sounds of an altercation from the area adjacent to the school bus lane under the main school canopy.    Specifically, I heard the sound of people cheering, clapping, and screaming.    I ran to that area where I observed an unidentified male student, who I later learned was S.D.W. (a plaintiff in the above-referenced lawsuit), struggling with another Beaumont ISD Police Officer, Officer MeLisa Moore.    There were many students in the area as school had just ended, and several students were in close proximity to S.D.W.  I later learned that the other student who had been involved in the altercation, D.H., had already left with a school administrator; however, S.D.W. had refused to comply with requests to stop and resisted efforts to subdue him.  As I approached, I yelled, "Police, Stop" or "Stop, Police" several times to S.D.W. as he continued to resist Officer Moore's efforts to restrain him.  At the time, Officer Moore had her arms around S.D.W.'s waist while S.D.W. tried to get Officer Moore off him by flinging her around as she held onto his waist and attempting to strike her with his elbows.  At the time, I did not know the reason for this struggle, only that I observed a public servant struggling with and potentially being assaulted by a student that was clearly aggressive and non-compliant in a crowded environment.  I felt he was an immediate threat to the safety of Officer Moore, the students in the vicinity, and myself.

4.    As I neared S.D.W. and Officer Moore, S.D.W. observed me coming towards them, and S.D.W. swung his left hand at me.  S.D.W. missed me, and I was able to grab his left wrist with my right hand and his upper arm with my left hand.  I then began to position his arm behind his back in a standard empty-hand arm pin maneuver per the use of force continuum to gain control of S.D.W., who was still actively resisting efforts to subdue him.  As I began employing this maneuver, we fell to the ground, and I continued to use this maneuver once on the ground because S.D.W. continued to forcefully resist, which caused me to have to use both hands to exert control over his arm.  Officer Moore was also assisting to gain control of S.D.W., as he continued to resist our efforts.  Officer Moore was partially on top of S.D.W., which prevented me from keeping S.D.W.'s arm closer to his spine, which would have been the normal manner of this maneuver.  As I brought S.D.W.'s arm up, I realized that his arm had been unintentionally broken.  I told Officer Moore so that she would not struggle with S.D.W. anymore, and I released the intensity of the hold.  I continued to calm S.D.W. so that he would not cause any further injury to himself.  S.D.W. said repeatedly, "Cop, why did you

2

break my arm?" Officer Moore retrieved some ice to put on his arm. An ambulance was also called and S.D.W. was transported to the hospital for treatment. During this entire incident, both Officer Moore and I were in full police uniform. I wore the department's standard uniform, which included a dark blue shirt displaying patches and my police badge and standard dark blue pants with dark piping down the pant leg seam.

5.     After the incident, I collected evidence and filled out required reports, including the following, with redactions related to the identity of minors and in the interest of privacy rights:  Beaumont ISD Offense Report (attached at ***Exhibit A-1***), Force Incident Data Report, and Reporting Information Form on Restraint Use, and a witness statement from Officer Moore (attached at ***Exhibit A-2***)  Additionally, there were related witness statements, which are attached at ***Exhibit A-3***, with redactions related to the identity of minors and in the interest of privacy rights.  I also notified the Beaumont ISD Chief of Police and Sergeant Hall about the incident and made myself available for any questions.

6.     I am aware that Beaumont ISD Police Department Sergeant Eric Payne conducted a subsequent investigation regarding the incident.   Upon finishing his investigation, Sergeant Payne concluded that I had not violated any Beaumont ISD police department policy.  While it is very regrettable that this young man's arm was broken during the incident, it was never my intention to do so.  I believe the force that I used was necessary.  Unfortunately, S.D.W. was injured as a result of his struggle and his refusal to comply with our efforts to stop him and gain control of the chaotic situation.  My actions to gain control of the situation were based on my training and experience and my belief that S.D.W. posed an immediate threat to the safety of other students, Officer Moore, and myself."

3

FURTHER AFFIANT SAYETH NOT.

STEPHEN R. RIVERS

SUBSCRIBED AND SWORN TO before me on this 16 day of January, 2015.

Notary Public, State of Texas

Print Name: Twinetta A Celestine

My Commission Expires: July 12, 2015

TWINETTA A. CELESTINE
My Commission Expires:
July 12, 2015

4

# EXHIBIT A-1

**Beaumont I.S.D**
**Police Department**
**OFFENSE REPORT**
1025 WOODROW, BEAUMONT, TX, 77705
PHONE: (409)817-7001  FAX: (409)817-7014  BISDPD@BEAUMONT.K12.TX.US

| LOCATION OF OCCURRENCE/ADDRESS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| WEST BROOK HIGH SCHOOL / 8750 PHELAN BLVD, BEAUMONT, TX, Main Entrance | | | | | DATE/TIME REPORTED 03/07/2014 15:00 | | CASE NO. 14-0144 | | |

| CODE SECTION 22.01(b)(1) | CRIME Assault-Simple on Public Servant | | | | CLASSIFICATION ASSAULTIVE OFFENSE | LOSS 0 | RECOVERY 0 |
|---|---|---|---|---|---|---|---|

| FROM DATE/TIME 03/07/2014 15:00 | TO DATE/TIME 03/07/2014 15:00 | APPROVED YES | CASE STATUS ACTIVE |
|---|---|---|---|

ADDITIONAL CATEGORIES
- [ ] ALCOHOL RELATED
- [ ] TRAFFIC RELATED
- [ ] DRUGS INVOLVED
- [ ] GROUP/GANG INVOLVED
- [ ] SENIOR CITIZEN
- [ ] WEAPONS INVOLVED
- [ ] ARREST OCCURED
- [ ] DOMESTIC VIOLENCE

ITEMS IN REPORT
- [X] SUPPLEMENT
- [X] FOLLOW UP
- [ ] PICTURE/IMAGES
- [X] PROPERTY/EVIDENCE

COPIES TO
- [ ] JUDICIAL AFFAIRS
- [ ] PHYSICAL PLANT
- [ ] OTHER
- [X] CHIEF
- [ ] DISTRICT ATTORNEY
- [X] INVESTIGATIONS
- [X] PATROL
- [ ] PRINCIPAL
- [ ] PROBATION
- [ ] ASSISTANT PRINCIPAL

| INV W3 | NAME: GUIDRY, RACHIEL | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. | | | STUDENT ID | | | | | |
| ADDRESS TYPE CAMPUS | STREET NUMBER 8750 | STREET NAME Phelan Boulevard | | SUITE NUMBER | CITY Beaumont | | STATE TX | ZIP 77706 | TYPE ASSISTANT PRINCIPAL | | |
| PHONES: OFFICE: 409-817-5502; | | | | | | | | | | | |

| INV O | NAME: H____ D____ | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. | | | STUDENT ID | | | | | |
| ADDRESS TYPE | STREET NUMBER | STREET NAME | | SUITE NUMBER | CITY | | STATE | ZIP | TYPE STUDENT | | |
| PHONES: HOME: | | | | | | | | | | | |

| INV W2 | NAME: MAXWELL, RANDALL | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. | | | STUDENT ID | | | | | |
| ADDRESS TYPE WORK | STREET NUMBER 8750 | STREET NAME Phelan | | SUITE NUMBER | CITY Beaumont | | STATE TX | ZIP 77707 | TYPE PRINCIPAL | | |
| PHONES: OFFICE: 409-817-5500; | | | | | | | | | | | |

| INV C | NAME: MOORE, MELISA ANN | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. | | | STUDENT ID | | | | | |
| ADDRESS TYPE CAMPUS | STREET NUMBER 8750 | STREET NAME Phelan | | SUITE NUMBER | CITY beaumont | | STATE TX | ZIP 77706 | TYPE STAFF | | |
| PHONES: HOME: | | | | | | | | | | | |

| INV W1 | NAME: RIVERS, STEPHEN R. | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. TX | | | STUDENT ID | | | | | |
| ADDRESS TYPE BUSINESS | STREET NUMBER 1026 | STREET NAME Woodrow | | SUITE NUMBER | CITY Beaumont | | STATE TX | ZIP 77705 | TYPE STAFF | | |
| PHONES: OFFICE: 409-817-7001; | | | | | | | | | | | |

| INV S | NAME: S____ K____ | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SSN | | | DRIVERS LIC. NO. | | | STUDENT ID | | | | | |
| ADDRESS TYPE HOME | STREET NUMBER | STREET NAME | | SUITE NUMBER | CITY | | STATE | ZIP | TYPE PRIVATE CITIZEN | | |
| PHONES: HOME: | | | | | | | | | | | |

| INV S | NAME: W____ S____ D____ | SUFFIX | RACE | ETHNICITY | SEX | AGE | DOB | HT | WT | HAIR | EYE |
|---|---|---|---|---|---|---|---|---|---|---|---|

| REPORTING OFFICER RIVERS, STEPHEN | REVIEWED BY DELCO, AQUA | APPROVAL DATE 03/20/2014 | |
|---|---|---|---|
| SIGNATURES : | | | |
| | PRINT DATE AND TIME 07/02/2014 10:36 | PRINTED BY PAYNE, ERIC | PAGE NO. 1 of 3 |



Beaumont I.S.D
Police Department
OFFENSE REPORT
1025 WOODROW, BEAUMONT, TX, 77705
PHONE: (409)617-7001  FAX: (409)617-7014  BISDPD@BEAUMONT.K12.TX.US

| LOCATION OF OCCURRENCE / ADDRESS | DATE / TIME REPORTED | CASE NO. |
|---|---|---|
| WEST BROOK HIGH SCHOOL / 8750 PHELAN BLVD, BEAUMONT, TX, Main Entrance | 03/07/2014 15:00 | 14-0144 |

| SSN. | DRIVERS LIC NO. | STUDENT I.D. | TYPE |
|---|---|---|---|
| | | | STUDENT |

| ADDRESS TYPE | STREET NUMBER | STREET NAME | APT/ NUMBER | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| HOME | | | | | | |

| PHONE# |
|---|
| HOME: |

**SYNOPSIS**
Student assaulted a PSO at West Brook

**NARRATIVE**

On 3/7/2014 @ 1500hrs, I, Officer S. Rivers, was working the main entrance of West Brook, 8750 Phelan Blvd., Beaumont, when I heard an altercation.

I had just walked to the main entrance doors of West Brook when I heard the sound of people cheering and screaming near the bus drive. I ran to that area and observed an unidentified student, later identified as S██████ W████, ████████████████ struggling with a BISD Public Security Officer, identified as Melisa Moore, ██████████████ I had on the department's standard uniform, the dark blue shirt, showing patches and my badge and the standard dark blue pants with the dark piping down the pant leg seam. PSO Moore was wearing the light blue work shirt with patches on the sleeves and also had on her traffic vest that says security on it and dark blue pants. Also as I approached from the stairs, I was yelling "Police, Stop" several times to W██ as he was struggling with PSO Moore. PSO Moore had the student by his waist and was struggling with him as W██ was attempting to strike her in the back with his elbows trying to get her off of him. As I neared the two struggling, the unidentified student, W██ observed me going toward him and took a swing at me with his left hand. The swing missed me and I was able to grab W██' left wrist with my right hand and his upper arm with my left. I then began to pull his arm behind his back in a standard empty-hand arm pin maneuver per the use of force continuum to gain control of him. As I was doing this we were falling to the ground. I continued this maneuver once on the ground, as W██ continued to forcefully resist causing me to have to use both hands to control his arm. PSO Moore was laying on W██ which prevented me from keeping the students arm close to his spine in the normal manner of this maneuver. As I came up with his arm I heard an audible snap. W██ screamed and I immediately knew his arm had broken. I advised PSO Moore so that she would not struggle with him anymore and released the intensity of the hold. I maintained W██' arm behind him so as not to cause further injury. W██ attempted to pull his arm around to the front but stopped when his hand hit the ground. I tried to calm W██ so that he would quit wrenching about and finally was able to get him to lay still. PSO Moore went to get ice to put on his arm and several AP's had called for an ambulance.

Both PSO Moore and I were in full uniform. He looked at me as he took the swing at me and he had seen PSO Moore as she was trying to get him to stop the original fight. Once on the ground he continued to say "Cop, why did you break my arm?" I continued to try to calm him until I was called away by Mr. Maxwell, West Brook Principal, to answer some questions. Once finished with Mr. Maxwell, I remained with W██ until the ambulance arrived and assisted in placing W██ on the gurney. Once the ambulance left I was able to speak with various people who had witnessed the conflict and spoke with a couple of them. Cell phones that had videoed the conflict were collected for video evidence. These were reviewed and footage was obtained and sent to Det. Sgt. Moore for evidence. I

| REPORTING OFFICER | REVIEWED BY | APPROVAL DATE |
|---|---|---|
| RIVERS, STEPHEN | DELCO, AQUA | 03/20/2014 |

| SIGNATURE/S | PRINT DATE AND TIME | PRINTED BY | PAGE NO. |
|---|---|---|---|
| | 07/02/2014 10:36 | PAYNE, ERIC | 2 of 3 |



Beaumont I.S.D
Police Department
OFFENSE REPORT
1025 WOODROW, BEAUMONT, TX, 77705
PHONE: (409)617-7001   FAX: (409)617-7014   BISDPD@BEAUMONT.K12.TX.US

| LOCATION OF OCCURRENCE / ADDRESS | DATE / TIME REPORTED | CASE NO. |
|---|---|---|
| WEST BROOK HIGH SCHOOL / 8750 PHELAN BLVD, BEAUMONT, TX, Main Entrance | 03/07/2014 15:00 | 14-0144 |

Immediately filled out a BISD Reporting Information Form on Restraint Use statement and a Force Incident Data Report.  I notified Chief Duncan and Sgt. Hall as to this incident and made myself available for any questions.  PSO Moore completed a Handwritten Witness Statement.

Nothing further
Video to Sgt. Moore
Force Incident Data Report Attached
Reporting Information Form on Restraint Use to be turned in after signed by administrator,
Handwritten Statement (Moore).

| REPORTING OFFICER | REVIEWED BY | APPROVAL DATE | |
|---|---|---|---|
| RIVERS, STEPHEN | DELCO, AQUA | 03/20/2014 | |
| SIGNATURES | PRINT DATE AND TIME | PRINTED BY | PAGE NO. |
| | 07/02/2014 10:36 | PAYNE, ERIC | 3 of 3 |

Def. Rivers Appx. p. 10

# EXHIBIT A-2

# FORCE INCIDENT DATA REPORT

THIS FORM MUST BE COMPLETED ANY TIME AN OFFICER USES STRENGTH AND SKILL TO
SUBDUE A SUBJECT, SPRAYS A SUBJECT OR ANIMAL WITH O.C. SPRAY, DEPLOYS THE TASER.

Report# 14-0186                          Incident #

Date: 3-7-14    Time: 1500 hrs    Location:
Officer/Rank:              Code #: 502    Assignment: DIST 3

Subject Name: S▒▒▒▒ W▒▒▒▒    Sex ▒    Race ▒    D.O.B. ▒

Location of Incident: Main Entrance / west annex @ bus lane
Arrested: Y (N)    Charges: Attempt Assault of Public Servant

Incident involved the officers use of:
Physical Strength & Skill Tactics ___X___    O.C. Spray _____    Taser _____

If physical strength and skill, please describe the tactics used.  Arm pin maneuver
behind back.  Subject in fight with PSO Moore
while falling to ground

If O.C. Spray or the Taser was used, please complete the following:    N/A

1.  Did it reduce the resistance of the subject?        Yes ____    No ____
2.  Were the effects immediate?                         Yes ____    No ____
3.  How many 1/5 second bursts were necessary?    1. ____  2. ____  3. ____  # more ____
4.  Mechanical problems with sprayer/ gun?              Yes ____    No ____
5.  Was anyone injured by the O.C. spray/ Taser?        Yes ____    No ____
    If yes, name who did not recover:
    Suspect:_____    Officer:_____
6.  How long did it take the suspect to recover?
    0 -20 minutes ____              30 - 40 minutes ____
    20 -30 minutes ____             more than 40 minutes _____ (specify)
7.  Type of decontamination effort made.
    Air ____  Water ____  Other ____ (specify)
8.  Medical attention required because of O.C. Spray / Taser    Yes ____  No ____
9.  Suspect information:
    A.  Was the suspect:
                                    Intoxicated _____  Been drinking _____
                                    Under the influence of drugs _____
                                    Mental Subject _____
    B.  Physical Description:       Age ____  Height _____  Weight _____
10.  Was O.C. Spray / Taser used on an animal ?    Yes _____  No _____
     If yes, please specify type of animal.

Name of Correctional Officer Notified:_____
Signature of Supervisor Notified:_____
Comments:_____

Please write on back if necessary.

Def. Rivers Appx. p. 12

**Beaumont Independent School District Police Department**
**Reporting Information Form on Restraint Use**

Student Name: _____
Date of Restraint: _____
Police Officer(s) Name: _____
Name of School Incident Occurred: _____
Address of Incident: _____
Location of Restraint: (Specific Area of Location) _____
Type of Report Filed:
(Check one) ___ Information Report _X_ Criminal Report ___ Handled Administratively/No Report

| Police Officer Observation: | Yes | No |
|---|---|---|
| Student resisted resulting in Restraint Use | X | |
| Juvenile Student placed into custody (age 10-16) | X | |
| Adult student placed under arrest (age 17 and above) | | X |

| Student's behavior that prompted the Restraint Use: | Yes | No |
|---|---|---|
| Threat of imminent serious physical harm to himself/herself | X | |
| Threat of imminent serious harm to others | X | |
| Threat of imminent serious property destruction | | X |
| Student committed a criminal act | X | |
| Student resisted police officer commands | X | |
| Other: ( Explain) | X | |

| Nature of Restraint Mechanism Used: | Yes | No |
|---|---|---|
| Officer(s) presence/verbal commands | X | |
| Officer's non-physical escort (retrieving truancy, escorting a student from class or class activities) | | X |
| Officer's physical detention of individual (issuance of class "C" citation, investigation, and etc.) | | |
| Officer (s) used physical restraint (open hand technique) | X | |
| Other (Briefly Describe) | X | |

| Instrument of Restraint Used: | Yes | No |
|---|---|---|
| Handcuffs, flex cuffs, etc | | X |
| Back seat of police cruiser, street, office, classroom, and etc. | | X |

| If student was charged with a criminal offense, at what level (check off all that applies): | | |
|---|---|---|
| Misdemeanor Class C | | |
| Misdemeanor Class B | | |
| Misdemeanor Class A | | |
| State Jail Felony | | X |
| 3rd Degree Felony | | |
| 2nd Degree Felony | | |
| 1st Degree Felony | | |
| Capital Offense | | |
| Administrative – Assisted – Non-Criminal | | |

School Administrator Signature _____ Date _____

*TEC 37.0021 Restraint defined: the use of physical force or a mechanical device that significantly restricts the free movement of all or a portion of a person's body.*

School administrator -- White Copy     Student Services -- Yellow copy     BISD Police Dept. -- Pink Copy

### Beaumont I S D Police Department
### State of Texas
### Voluntary Statement

**THE STATE OF TEXAS**        }

**COUNTY OF** Jefferson }

      Before me, the undersigned authority in and for said County and State, on this the 18Th day of March, A.D. 2014, personally appeared MeLisa Moore ▬▬▬▬▬,

Who, after being by me duly sworn, deposes and says:

      On 03-07-14 at approx. 3:00Pm I, MeLisa Moore a Public Safety Officer while performing my duties at West Brook High school located at 8750 Phelan Blvd. Beaumont, Tx., observed two ▬▬ male students fighting in front of the main doors of the campus. In an attempt to prevent the students involved in the fight from hurting each other, I attempted to break up the fight with verbal commands and by pulling away one of the juveniles by his waist. I was directly behind the student holding onto his waist as he was slinging me around as I continued to give him orders to stop fighting. The student was later identified as S▬▬ W▬ S▬▬ then struck me with his elbow a couple of times in the shoulder area causing slight pain, but no injury. Officer Rivers observed S▬▬ strike me with his elbow and intervened to prevent S▬▬ from assaulting me further. Officer Rivers and I took S▬▬ to the ground and while Officer Rivers had a hold of S▬▬'s left arm he sustained an injury to that arm. The school nurse and EMS were immediately notified and S▬▬ was transported to the hospital for treatment.

                              _MeLisa Moore_
                              Signature

Subscribed and sworn to before me, the undersigned authority, on this the _18th_ day of _March_, A.D. 20_14_.

                              _Wanda Lanham_
                              Notary Public in and for
                              County, Texas.



WANDA LANHAM
Notary Public
STATE OF TEXAS
My Comm. Exp. June 7, 2014

# EXHIBIT A-3

## Handwritten Witness Statement

Victim's Name: _____    Case # _14·0144_

Your Name: ___Randall Maxwell___    Date of Birth: _____

Home Phone Number: _____    Work Phone _409 617 5500_____

Address: _8750 Phelan Boulevard___    City: _Beaumont___    State: _TX_    Zip: _77706_

Place of Employment: _West Brook High School_    Occupation: _Principal_

Business Address: _8750 Phelan Boulevard_    City: _Beaumont___    State: _TX_    Zip: _77706_

Name of Alternate Contact (City, State, Zip): _Same as above_____

Date/Time Occurred: _3/7/14 approximately 3:00 pm_    Location: _Front of the School-under the covered porch_

Suspect Name (if Known): D█████ H█████ █████ and S█████ W█████

Suspect Address (if known) D█████ H█████ ███████████████████ and S█████ W█████ ████████████████████████████

Suspect Description (Sex: M/F, Race, Eye Color, Hair Color, Height, weight, Complexion, Clothing, etc.)

D█████ H█████ — █████████████████████

S█████ W█████ -█████████████████████

### Statement of Witnessed Events

In your own words, write out in detail exactly what happened: _Friday, March 7, 2014, at approximately 3:00 p.m, I observed a Beaumont female PSO trying to hold/restrain a student (S█████ W█████), in front of West Brook High School under the covered porch adjacent to the bus stop. As I approached the crowd I blew my whistle and began yelling for students to go to their buses. When the crowd separated I saw S█████ W█████ █████, officer Rivers and the female PSO on the ground. When I saw the student, I recognized him as the student who the administrative team and officers had spoken to earlier in the day, during breakfast and lunch. S█████ was verbally confrontational with other students during those times and after school._

_____Randall Maxwell___
Signature of Person Making this Statement

Officer Interviewing and receiving Statement: _SGT. PAYNE_

Date: _3/27/14_    Time: _____    Place _8750 Phelan Blvd_
_BmT, Tx 77706_
_westbrook High School_

Def. Rivers Appx. p. 16

## Handwritten Witness Statement

Victim's Name: _____     Case # 14-0144

Your Name: Rachiel Guidry     Date of Birth: _____

Home Phone Number: _____     Work Phone No. _____

Address: 8750 Phelan Boulevard     City: Beaumont     State: TX     Zip: 77706

Place of Employment: West Brook High School     Occupation: Assistant Principal

Business Address: 8750 Phelan Boulevard     City: Beaumont     State: TX     Zip: 77706

Name of Alternate Contact (City, State, Zip): Same as above

Date/Time Occurred: 3/7/14 approximately 3:00 pm     Location: Front of the School-under the covered porch

Suspect Name (if Known): D_____ H_____ _____ and S_____ W_____ _____

Suspect Address (if known) D_____ H_____: _____ and
S_____ W_____: _____

Suspect Description (Sex: M/F, Race, Eye Color, Hair Color, Height, weight, Complexion, Clothing, etc.)

D_____ H_____ – _____

S_____ W_____ _____

### Statement of Witnessed Events

**In your own words, write out in detail exactly what happened:** Friday, March 7, 2014, at approximately 3:00 p.m., I observed two male students engaged in a physical altercation in front of West Brook High School under the covered porch adjacent to the bus stop. I separated D_____ H_____ _____ from S_____ W_____ _____ and immediately removed Mr. H_____ from the area. I observd PSO Moore attempting to restrain S_____ W_____ _____ who persisted in his attempt at pulling away from PSO Moore.

Signature of Person Making this Statement

Officer Interviewing and receiving Statement: Sgt Payne

Date: 3/19/14     Time: 1300 hrs     Place: Westbrook High School
8750 Phelan Boulevard
Bmt, Tx 77706

Def. Rivers Appx. p. 17

# Handwritten Witness Statement

Victim's Name ███████████ ████      Case # 14 - 0144

Your Name ████████ ████      Date of Birth ███████████

Home Phone Number ███████████      Work Phone No.

Address ██████████      City ████████      State ████ Zip ██████████

Place of Employment      Occupation

Business Address      City      State ____ Zip ____

Name of Alternate Contact K███ S████ (mother)

Address of Alternate Contact (City, State, Zip)

Date/Time Occurred March 7, 2014 9:30 PM Location West brook bus Zone

Suspect Name (if known)

Suspect Address (if known)

Suspect Description (Sex: M/F, Race, Eye Color, Hair Color, Height, Weight, Complexion, Clothing, etc)

## STATEMENT OF WITNESSED EVENTS

In your own words, write out in detail exactly what happened: ███████ and S████████ walked up to me in lunch line calling me out to fight, I walked away and called mom and told princapal. After School they came back up to me and called me out TDB then w███ got in my face I pushed him off and we started fighting and Ms. Guidry pulled me off and then the officer grab W████ and he was still tryna come after me Ms. Guidry walked me to the office.

Signature of Person Making this Statement ███████ ████

Officer Interviewing and Receiving Statement SGT PAYNE

Date 3/26/14      Time 11:50 AM      Place ██████████████

(Use Reverse Side If Necessary)



# Handwritten Witness Statement

Victim's Name _____     Case # *14 - 0144*

Your Name ███████████████

Home Phone Number ████████     Work Phone No. _____

Date of Birth ███████████

Address ████████████     City ██████     State ███  Zip ███████

Place of Employment _____     Occupation _____

Business Address _____     City _____     State _____  Zip ____

Name of Alternate Contact _____

Address of Alternate Contact (City, State, Zip) _____

Date/Time Occurred *3-7-14  11:30/3:15*  Location *Home*

Suspect Name (if known) _____

Suspect Address (if known) _____

Suspect Description (Sex: M.F, Race, Eye Color, Hair Color, Height, Weight, Complexion, Clothing, etc)
_____
_____

## STATEMENT OF WITNESSED EVENTS

In your own words, write out in detail exactly what happened: *My son* ███
██████ *called me 3-7-14 at around 11:30 Am and*
*told me that W_ and ( was trying to*
*jump on him in lunch line I told him not*
*to fight and go to office. He called once he was*
*in office I talked to him and Ms Guidry, Ms Guidry*
*say she would handle the problem. At about 3:15*
*Pm. My son called he had then gotten in a fight*
*with* ███████

Signature of Person Making this Statement _____

Officer Interviewing and Receiving Statement *Sgt PAYNE*

Date *3/26/14*     Time *12:05 pm*     Place ███████████

(Use Reverse Side If Necessary)

# Handwritten Witness Statement

wit
To DL
█████████

Victim's Name _____ ████████ ██████

Case # 14 - 0144

Your Name ███████ ████

Date of Birth ████████████

Home Phone Number ███████████████

Work Phone No. _____

Address ███████████████        City ██████    State ____    Zip _____

Place of Employment _____    Occupation _____

Business Address _____ City _____ State ____ Zip ____

Name of Alternate Contact _____

Address of Alternate Contact (City, State, Zip) _____

Date/Time Occurred 8:00 pm 3/19/14  Location ████████████████

Suspect Name (if known) _____

Suspect Address (if known) _____

Suspect Description (Sex: M/F) Race, Eye Color, Hair Color, Height, Weight, Complexion, Clothing, etc)
dark complected white past black jeans and white
shirt and dark colored

## STATEMENT OF WITNESSED EVENTS

In your own words, write out in detail exactly what happened At around 8:00 pm at
the corner of Eloise and 23rd St I came home to
about to little boys on the corner and one of them
was █████ and how I know is because he had the
cast on his arm and yelled to █████████ as soon
as I get this cast off I'm gonna break your
jaw I told him to get his little self on because
he's already hurt. My son was in the front yard
taking his puppy out.

█████ ████
Signature of Person Making this Statement

Officer Interviewing and Receiving Statement Sgt. PAYNE

Date 3/20/14    Time 12:15 pm    Place ████████████████
████████████████

(Use Reverse Side If Necessary)

Def. Rivers Appx. p. 20

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:14-CV-00314** |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants** | § | |

## AFFIDAVIT OF KELLEY L. KALCHTHALER

STATE OF TEXAS                         §
COUNTY OF HARRIS                    §

     BEFORE ME, the undersigned authority, on this day personally KELLEY L. KALCHTHALER, known to me to be the person whose signature appears below and, having been by me duly sworn, the said person stated on oath as follows:

1.    My name is Kelley L. Kalchthaler. I am over 18 years of age. I have never been convicted of a felony or crime of moral turpitude, and I am personally competent to make this affidavit. I have personal knowledge of all facts stated in this affidavit, and they are true and correct.

2.    I am one of the attorneys representing Defendant Stephen Rivers in the above-referenced matter.

3.    Attached hereto is a true and correct copy of Plaintiffs' Answers to Defendant Rivers' Requests for Admissions. These were served via mail on October 27, 2014, and Plaintiff failed to timely serve responses; therefore, the Requests for Admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). These are attached as attached hereto as ***Exhibit B-1***.

4.    Attached hereto is also a true and correct copy of excerpts of Plaintiffs' Responses to Defendant Rivers' First Set of Interrogatories is attached hereto as ***Exhibit B-2***. These were served with Defendant Rivers' Request for Admissions to Plaintiffs and were also untimely. Accordingly, any objections to these requests have been waived."

1

Def. Rivers Appx. p. 22

FURTHER AFFIANT SAYETH NOT.

KELLEY K. KALCHTHALER

SUBSCRIBED AND SWORN TO before me on this 16th day of January, 2015.

ANGI WILLIAMSON
Notary Public, State of Texas
My Commission Expires
FEBRUARY 10, 2016

Notary Public, State of Texas

Print Name: Angi Williamson

My Commission Expires: 2/10/16

2

# EXHIBIT B-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

## DEFENDANT STEPHEN RIVERS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFFS

TO:     Plaintiffs Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor, by and through their attorney of record, B. Adam Terrell, WELLER, GREEN, TOUPS & TERRELL, LLP, Post Office Box 350, Beaumont, Texas 77704-0350

Pursuant to the terms and provisions of Rule 36 of the Federal Rules of Civil Procedure, Defendant Stephen Rivers requests that you serve the undersigned with written responses to the matters set forth below. Your responses should either admit or deny each request, or set forth in detail the reason you cannot either truthfully admit or deny a matter. Each of the matters will be admitted by you unless, within 30 days after service of this request or within a time designated by the Court, you make and serve a written response to these matters as provided in Rule 36.

## DEFINITIONS

1.     "You," "your," "yours," "Plaintiff," and "S.D.W." refer to S.D.W., together with representatives acting or purporting to act on behalf of said Plaintiff with respect to any matter inquired about in these Requests for Admissions, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnitors, insurers, or agents.

1

2.    "Your mother," and "Plaintiff's mother" refer to Plaintiff's mother, Subrinna Lynn Coleman, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

3.    "Your father," and "Plaintiff's father" refer to Plaintiff's father, Daron Jerome Willis, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

4.    "District," "BISD," and "Beaumont ISD" refer to Beaumont Independent School District, as well as the agents, employees, attorneys, investigators, and all other persons or entities acting for or on behalf of said party.

5.    "Occurrence" and "incident," unless otherwise defined, refer to the incidents made the basis of this suit and described in Plaintiff's Original Complaint and any amendments or supplements thereto.

6.    For purposes of interpreting or construing the scope of the request or requests made herein, the terms used shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in a particular request. This includes, without limitation, the following:

    (a)    construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the request more inclusive;

    (b)    construing the singular form of the word to any connection whatsoever, direct or indirect, with the requested information, unless otherwise specified in the request.

7.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

9.    When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date(s) of the document; and (iv) author(s), addressee(s), and recipients(s) of the document.

10.    The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

Def. Rivers Appx. p. 26

11.    The term "person" is defined as any natural person or any business or legal or governmental entity or association.

12.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

13.    The terms "all" and "each" shall be construed as "and," "each," and "and/or."

14.    The term "any" should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

15.    The use of the singular form of any word includes the plural and vice versa.

## FIRST REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit or deny that S.D.W. was involved in a physical altercation on or about March 7, 2014 with another student.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  Admit or deny that on or about March 7, 2014 Officer Stephen Rivers verbally told S.D.W. to stop during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**  Admit or deny that on or about March 7, 2014 Officer MeLisa Moore verbally told S.D.W. to stop during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**  Admit or deny that on or about March 7, 2014 Officer MeLisa Moore held S.D.W. around the waist to stop him from fighting during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**  Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer MeLisa Moore's efforts to stop him during the incident in question.

**RESPONSE:**

3

Def. Rivers Appx. p. 27

**REQUEST FOR ADMISSION NO. 6:** Admit or deny that on or about March 7, 2014 S.D.W. swung his fist at Officer Stephen Rivers during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit or deny that on or about March 7, 2014 S.D.W. resisted Officer Stephen Rivers' attempts to stop him during the incident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit or deny that there were multiple students nearby when S.D.W. engaged in a physical altercation with another student on or about March 7, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit or deny that on or about March 7, 2014 that S.D.W. struck Officer Moore while she held S.D.W. around the waist during the incident in question.

**RESPONSE:**

Respectfully Submitted,

WALSH, ANDERSON, GALLEGOS
GREEN & TREVIÑO, P.C.
10375 Richmond Avenue, Suite 750
Houston, Texas 77042
Telephone: (713) 789-6864
Facsimile: (713) 789-9318

BY:

JAMES E. BYROM
State Bar No. 03568100
E-mail: jbyrom@wabsa.com

KELLEY L. KALCHTHALER
State Bar No. 24074509
Email: kkalchthaler@wabsa.com

ATTORNEYS FOR DEFENDANT
STEPHEN RIVERS

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, a true and correct copy of the foregoing was served upon counsel of record as follows:

B. Adam Terrell                         *Via CMRRR # 7196 9008 9111 3057 4050*
Texas Bar No. 19790900
Weller, Green, Toups & Terrell, LLP
Post Office Box 350
Beaumont, TX 77704-0350
Phone: (409) 838-0101
Fax:   (409) 832-2940


Kevin Symons Laine                      *Via CMRRR # 7196 9008 9111 3057 4081*
Texas Bar No. 00798313
Attorney at Law
1104 Orleans Street
Beaumont, TX 77701-3611
Phone: (409) 838-4040
Fax:   (409) 832-7830
*Attorneys for Plaintiffs*

Frances R. Broussard                    *Via CMRRR # 7196 9008 9111 3057 4074*
Texas Bar No. 24055218
Christopher B. Gilbert
Texas Bar No. 00787535
Thompson & Horton, LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, TX 77027-7554
Phone: (713) 554-6788
Fax:   (713) 583-4335
*Attorneys for Defendant Beaumont ISD*

Kelley L. Kalchthaler

5

Def. Rivers Appx. p. 29

# EXHIBIT B-2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor,** | § | |
| **Plaintiffs** | § | **CIVIL ACTION NO. 1:14-cv-00314** |
| | § | |
| **VS.** | § | |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants** | § | |

**PLAINTIFFS' ANSWERS TO DEFENDANT STEPHEN RIVERS'**
**FIRST SET OF INTERROGATORIES**

TO:    Defendant Beaumont Independent School District, by and through its counsel of
record, Ms. Frances R. Broussard and Mr. Christopher G. Gilbert, THOMPSON
& HORTON LLP, Phoenix Tower, Suite 2000, 3200 Southwest Freeway,
Houston, TX 77027-7554, **VIA CERTIFIED MAIL NO. 7011 2970 0004 1653
3849.**

Defendant Stephen Rivers, by and through his counsel of record, Mr. James E.
Byrom and Ms. Kelley L. Kalchthaler, WALSH, ANDERSON GALLEGOS,
GLENN & TREVINO, PC, 10375 Richmond Avenue, Suite 750, Houston, TX
77042-4196, **VIA CERTIFIED MAIL NO. 7011 2970 0004 1653 3832**.

COMES NOW Plaintiffs, Daron Jerome Willis and Subrina Lynn Coleman,

Individually and as Next Friend of SDW, a Minor, and, pursuant to the Federal Rules of

Civil Procedure, provides the attached answers to Interrogatories propounded by

Defendant, Stephen Rivers.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**

By: /s/ *B. Adam Terrell*

     **B. ADAM TERRELL**
     **Texas Bar No. 19790900**
     **Post Office Box 350**
     **Beaumont, TX 77704-0350**
     **Phone: (409) 838-0101**
     **Fax:  (409) 832-2940**

     **ATTORNEY FOR PLAINTIFFS DARON JEROME WILLIS AND SUBRINNA LYNN COLEMAN, INDIVIDUALLY AND AS NEXT FRIEND OF SUDARIAN DEONTE WILLIS, A MINOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure, on this 12th day of December, 2014.

     /s/  *B. Adam Terrell*
     **B. Adam Terrell**





3.  Describe the basis for the incident between S.D.W. and another student that occurred on or about March 7, 2014 referenced in this lawsuit.

**ANSWER:**

**Earlier in the day S.D.W exchanged words with another student because the other student called S.D.W weak. When school was dismissed, Plaintiff was walking down the sidewalk to get on the bus and the student that he had exchanged words with earlier in the day was standing on the sidewalk by S.D.W.'s bus. As S.D.W. neared the student, in attempts to get on his bus, the other student made a derogatory comment to S.D.W. and the two students began to fight.**



5.    Identify the facts upon which you rely to support your contentions that Defendant Rivers acted with "negligent discretion."

**ANSWER:**

Defendant Rivers should have been familiar in the proper use of restraining techniques as well as the proper level of force to be used when applying said techniques in an effort to restrain and/or control an individual without causing injury. The incident required use of physical force to restrain or control Minor Plaintiff and the amount of said force was at the discretion of Defendant Rivers. At the time Defendant Rivers broke Minor Plaintiff's arm, Minor Plaintiff was laying face down on the ground with Defendant Rivers and Officer Moore laying on top of him therefore, Minor Plaintiff was already restrained. Defendant Rivers should have recognized there was no need for further physical force however, Defendant Rivers continued to force Minor Plaintiff's arm upward and outward until it broke. Defendant Rivers was negligent in his discretion to continue to apply physical force in a situation where it was unwarranted.

6.    If Plaintiffs claim that Defendant Rivers is not entitled to qualified immunity from any of Plaintiffs' claims, identify the facts upon which Plaintiffs rely to support their claim.

**ANSWER:**

Defendant Rivers is not immune from a Civil Rights case.



Def. Rivers Appx. p. 34

# EXHIBIT C

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor** | § | |
| **Plaintiffs** | § | **CIVIL ACTION NO. 1:14-** |
| | § | |
| **VS.** | § | |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendant** | § | |

## AFFIDAVIT OF MARGO L. FRASIER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared MARGO L. FRASIER, known to me to be the person whose signature appears below and, having been by me duly sworn, the said person stated on oath as follows:

1.    "My name is Margo Frasier. I am over 18 years of age. I have never been convicted of a felony or crime of moral turpitude, and I am personally competent to make this affidavit. I have personal knowledge of all facts stated in this affidavit, or have formed opinions related to the evidence in this case based upon sufficient facts and data reasonably relied upon by experts in my field, and they are true and correct.

2.    I am presently self-employed as a criminal justice consultant and expert. I have been retained as an expert witness for Stephen Rivers (Rivers) and Beaumont Independent School District (BISD) (collectively referred to as Defendants) in the matter of *Daron Jerome Willis and Subrinna Lynn Coleman, Individually and as Next Friend of SDW, a Minor v. Beaumont Independent School District, et al*, in the United States District Court, Eastern District, Beaumont Division, Civil Action No. 1:14-CV-00314.

3.    I have been asked to render opinions relating to the actions of Defendants in connection with an incident that occurred on May 7, 2014, when SDW, a minor was involved in an

1

Def. Rivers Appx. p. 36

incident while Rivers was working as an officer of the BISD outside of a BISD school. Specifically, SDW claims his rights were violated due to an alleged unlawful restraint and an alleged use of excessive force by Rivers.

4.   Specifically, I have been asked to review documentary material related to the actions of the employees of the BISD in connection with the incident, the pleadings of the parties, and relevant statutes and case law for the purpose of determining whether the employees of the BISD subjected SDW to a violation of his constitutional rights.

5.   I have significant experience in all facets of law enforcement and corrections. Presently, I am self-employed as a criminal justice consultant and expert.   Additionally, I am employed as the Police Monitor for the City of Austin.   My duties as Police Monitor include overseeing all of the internal affairs investigations of the Austin Police Department and providing recommendations on how to improve the Austin Police Department.   Prior to joining the City of Austin, I was a Senior Associate with MGT of America, Inc. (MGT), where I provided litigation support, expert witness services, and consulting in criminal justice issues. Prior to joining MGT, I was an Assistant Professor of Criminal Justice in the College of Criminal Justice at Sam Houston State University in Huntsville, Texas.   Prior to joining the faculty at Sam Houston State University, I was the duly elected Sheriff of Travis County (Austin), Texas.

6.   I assumed office as Sheriff of Travis County, Texas, on January 1, 1997, and served as the Chief Law Enforcement Officer and Chief Corrections Officer of Travis County, Texas, until December 31, 2004. I graduated from Sam Houston State University with a Bachelor of Science degree with honors in Criminology and Corrections in 1974. I received thirty hours of credit towards a Masters of Arts degree in Criminal Justice Management from Sam Houston State University.   I received my Juris Doctor with high honors from Florida State University College of Law in 1984.   I am certified both as a peace officer and jail officer by the Texas Commission on Law Enforcement.

7.   During my 38 years of experience, I have worked at a state prison in Texas; worked in a number of different capacities within the Travis County Sheriff's Office; worked at and managed a county jail system; worked for the legislative committee which provided oversight of the jail and prison systems of the State of Florida; represented, as an attorney, numerous cities, counties, city officials and county officials in litigation related to law enforcement, corrections, and employment law; served as Sheriff, Chief Law Enforcement Officer and Chief Corrections Officer, of Travis County, Texas; provided criminal justice consultation; and served as Police Monitor of the City of Austin.

8.   In addition, from 1997 to 2004, I was on the faculty at Saint Edward's University in Austin, Texas. At Saint Edward's University, I taught criminal justice courses including courses on American Policing, Corrections, and Juvenile Justice.   While on the faculty at Sam Houston State University from 2005 to 2008, I taught criminal justice courses including Criminal Law, Criminal Investigation, Professionalism and Ethics in Criminal

2

Def. Rivers Appx. p. 37

Justice, Legal Aspects of Corrections, Seminar on Administration and Organization, and Legal Aspects of Criminal Justice Management. Specifically, as part of the courses on Legal Aspects of Criminal Justice Management and Legal Aspects of Corrections, I taught the legal principles related to the liability of criminal justice agencies for the actions of their employees and liability of employees; specifically, those related to issues of training, supervision, use of force, and arrest.

9.    I have extensive experience and have provided consulting, instructional, and legal services in such areas as training, classification, security, use of force, arrest, search and seizure, supervision of staff, inmate rights, mental health laws, employment matters, and employee discipline. My experience includes instructing at the National Sheriffs' Institute. I have developed and implemented policies and procedures which relate to almost every aspect of the operation of a law enforcement agency and a correctional agency; particularly those required by the Texas Commission on Law Enforcement (TCOLE). I am extremely familiar with the statutes and case law of the United States which relate to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the American with Disabilities Act. I am particularly familiar with the duties imposed on a Sheriff or Chief and/or his/her deputies or officers. I have extensive experience in analyzing a particular incident that has allegedly occurred in an employment setting, law enforcement setting, or jail setting to determine whether public officials acted in accordance with accepted procedures consistent with competent law enforcement training and within the laws and Constitutions of the United States and the State of Texas, whether a law enforcement administrator failed to enact any policy or procedure that he/she is required to adopt, whether a law enforcement administrator failed to properly train officers, and whether law enforcement officials have acted outside the range of acceptable law enforcement discretionary acts.

10.    As the Sheriff of Travis County, Texas, I was the head of an agency which employed over 1300 employees and had a budget for 2004-2005 of over $90 million dollars. As the Chief Law Enforcement Officer and Chief Corrections Officer, I was directly responsible for the supervision of the jail and supervision of law enforcement officers patrolling, investigating, and enforcing criminal laws within Travis County. The law enforcement officers included deputies assigned as school resource officers.    Additionally, I was directly responsible for the oversight of the employment and training practices of the Sheriff's Office to insure compliance with state and federal statutes and the United States Constitution. As the Police Monitor of the City of Austin, former Sheriff, and Assistant Professor of Criminal Justice, I am extremely familiar with the statutes which relate to employees of police departments and sheriff's offices and the liability of criminal justice agencies for the actions of their employees; specifically, those related to issues of training, supervision, arrest, search and seizure, and the use of force.

11.    During my time as Sheriff, I was a member of the Sheriffs' Association of Texas, National Sheriffs' Association, the Major County Sheriffs' Association, and the National Executive Institute Associates. I was elected to the Board of Directors of the National

3

Sheriffs' Association by a vote of the membership in 2002 and served through 2004. I was elected to be the Treasurer of the Major County Sheriffs' Association by a vote of the membership in 1999 and served as treasurer through 2001. I was elected to be the Vice-President of the Major County Sheriffs' Association by a vote of the membership in 2002 and served as Vice-President through 2003. I was elected to be the President of the Major County Sheriffs' Association by a vote of the membership and served as President during 2004. I was twice selected by the Combined Law Enforcement Associations of Texas as the Administrator of the Year for the State of Texas.

12.    In arriving at my opinions, I have examined the following items:

- Plaintiff's Original Complaint;
- Original Answer of Defendant Beaumont Independent School District;
- Defendant Stephen Rivers' Original Answer to Plaintiff's Original Complaint;
- Joint Conference Report;
- Scheduling Order;
- Order Governing Proceedings;
- Defendant Stephen Rivers' Initial Disclosures;
- Plaintiff's Opposition to Rivers' Motion to Dismiss and Alternatively Motion for Summary Judgment and Exhibits;
- Plaintiff's First Supplemental Disclosures;
- Plaintiff's Expert Disclosure;
- Video of Incident;
- Plaintiff's Second Supplemental Disclosures;
- Preliminary Report of Plaintiff's Expert, Ken Whitley;
- Purported Interview of Clydell Duncan;
- Plaintiff's Answers to Defendant Rivers' First Set of Interrogatories;
- Plaintiff's Responses to Defendant Rivers' First Request for Production;
- Plaintiff's Responses to Defendant Rivers' Request for Admissions;
- Offense Report and Statements;
- Internal Investigation Report;
- Medical Records of SDW;
- Relevant statutes, regulations, and codes including Chapters 9, 22, 38 of the Texas Penal Code, Chapter 14 of the Texas Code of Criminal Procedure; and
- Relevant case law including *Plumhoff v. Rickard* (U.S. 2014), *Scott v. Harris,* (U.S. 2007), *Atwater v. Lago Vista,* (U.S. 2001), *Graham v. Connor,* (U.S. 1989), *Tennessee v. Garner,* (U.S. 1985), *Lytle v. Bexar County,* (5th Cir. 2009), and *Hare v. City of Corinth,* (5th Cir. 1998).

13.    Additionally, I have examined the conduct of Defendants in light of my experience as a law enforcement officer, administrator, and educator. The opinions set forth herein are based upon analysis of these facts by applying my law enforcement, corrections, administrative and teaching experience; legal education; training; personal knowledge of the applicable amendments to the United States Constitution and the applicable provisions of the law of the United States; knowledge of the applicable provisions of the

4

Texas statutes and codes and knowledge of training customarily provided to law enforcement officers in Texas through the TCOLE. My opinions are also based on my understanding of the facts and circumstances concerning the roles of the various employees and officials of the BISD, evidenced by the materials I have examined and my personal training and experience, particularly in law enforcement training, in the events of which the Jones complain. In particular, my opinions are based on:

- Melisa Moore (Moore) and Rivers being employed by BISD as police officers;
- Moore and Rivers being assigned, among other duties, to provide security at West Brook High School on March 7, 2014;
- Moore and Rivers wearing distinctive police officer uniforms and badges;
- SDW having been involved in a physical altercation with another student;
- Moore having attempted to break up the fight by giving verbal orders and pulling SDW away from the fight;
- SDW having violently resisted Moore's efforts to restrain him from striking the other student;
- SDW having swung his elbows in a manner which resulted in Moore being struck and suffering pain;
- Rivers having attempted to assist Moore in detaining SDW;
- SDW having continued to resist the efforts of Moore and Rivers to restrain him;
- SDW having been taken to the ground by Moore and Rivers;
- Rivers having attempted to place SDW's left arm behind his back so as to gain control over him;
- SDW having continued to resist Rivers' efforts to restrain him;
- SDW's arm having been broken during the attempt to restrain him;
- Rivers having summoned medical assistance for SDW.

14.    My opinions are also based on my review and study of the materials listed and an ongoing review of professional and scholarly literature regarding the duties and responsibilities of Sheriffs, Chiefs, law enforcement officers, and legal requirements including the National Criminal Justice Reference Service, the Justice Quarterly, the Police Quarterly, the studies that are conducted by the Police Executive Research Forum (PERF), the Federal Civil Practice Bulletin, and the magazine publications of the National Sheriff's Association and the International Association of Chiefs of Police.

15.    I have analyzed the actions of the Defendants in light of the Constitutions of the United States and the State of Texas, the statutes and codes of the United States and the State of Texas, and TCOLE regulations and Texas training regarding licensing and training of law enforcement officers.

16.    My professional opinions related to this matter can be summarized as follows:

Def. Rivers Appx. p. 40

- There is no information in the record I have analyzed indicating that the SDW's rights under the Fourth or Fourteenth Amendments to the United States Constitution were violated by the Defendants in that there is no indication that excessive force was used or an unlawful restraint was made.

- At the time of the incident in question, Moore and Rivers were wearing distinctive uniforms and badges indicating that they were employed as public servants; to wit, as public safety/police officers for BISD.

- At the time of the incident in question, Moore would have had, based on her observations and training, a rational basis for her belief that SDW was assaulting another student and should be approached and restrained immediately.

- At the time of the incident in question, Rivers would have had, based on his observations and training, a rational basis for his belief that SDW was resisting the efforts of Moore to restrain him and that Rivers should assist Moore in restraining SDW.

- At the time of the incident in question, Rivers would have had, based on his observations and training, a rational basis for his belief that, once SDW continued to resist the efforts to restrain him that he should be taken to the ground and his arms placed behind his back so that he could be completely restrained, and, most likely, handcuffed.

- SDW struck Moore with his elbows while Moore was performing her official duties.

- The force at which SDW struck Moore was sufficient to cause pain.

- The striking of Moore by SDW constituted an assault on a public servant.

- SDW's attempts to resist the efforts of Moore and Rivers to restrain him constituted resisting arrest.

- Once SDW was observed assaulting another student, Moore would have had, based on her observations and training, a rational basis for immediately attempting to restrain SDW.

- Once SDW resisted Moore's efforts to restrain him, Rivers would have had, based on his observations and training, a rational basis for detaining SDW to prevent him from further assaulting others.

- Once SDW resisted Moore's and Rivers' efforts to restrain him, Rivers would have had, based on his observations and training, a rational basis for taking SDW to the ground and placing SDW's arms placed behind his back so that he could be completely restrained, and, most likely, handcuffed.

- The decision to restrain SDW and detain SDW would have been in the course and scope of Moore's and Rivers' duties with the BISD and would require the exercise of discretion.

- Given the reasonable observations and perceptions of Moore and Rivers, Moore and Rivers would have had, based on their training, a rational basis for their belief that the

6

SDW should be restrained and detained for the safety of the BISD officers and other persons in the area.

- Given, at the time of the incident in question, the training and reported perceptions of the officers, the steps they took to deal with SDW and the steps taken to detain and secure the SDW were consistent with law enforcement training and procedures including the placing of SDW's arm behind his back.

- The BISD officers, including Rivers, used no greater force against the SDW than was necessary to detain him.

- In the exercise of their discretion, and based upon fairly standardized training on the basic tactical and legal considerations related to scene recognition, an officer from another jurisdiction who had no involvement in this case, like the involved officers, could have reasonably and appropriately reached the same conclusion that the officers did that SDW had committed the offense of assault on the other student and should be restrained and detained.

- In the exercise of their discretion, and based upon fairly standardized training on the basic tactical and legal considerations related to scene recognition, an officer from another jurisdiction who had no involvement in this case, like the involved officers, could have reasonably and appropriately reached the same conclusion that the officers did that SDW was a threat to the safety of the BISD officers and others in the area and thus the circumstances required that the officers restrain and detain SDW.

- The actions taken by the BISD officers, including Rivers, were those of discretion requiring personal deliberation, decision and judgment.

- There is no evidence to indicate that the employees of the BISD were inadequately trained. Particularly, there is no evidence that any failure to train the employees, if any failure did exist, amounted to deliberate indifference on the part of any policymaker for BISD. In fact, the evidence is to the contrary. All of the employees met the requirements for training for the State of Texas as outlined by TCOLE standards.

- At the time of the incident in question, there was nothing to put BISD on notice that its employees were inadequately trained; much less plainly incompetent. To the contrary, the employees of the BISD met all of the requirements for training as mandated by TCOLE.

- There is no evidence that BISD had or has a policy, custom, or practice of empowering its officers with unfetter discretion to unlawfully detain anyone or use excessive force.

- There is no evidence that BISD has a policy, custom, or practice of failing to adequately supervise or train its deputies.

7

- At the time of the incident in question, BISD did not have a custom, practice, and/or policy of failing to adequately train or supervise its employees to comply with BISD's policies or state statutes or regulations.

- There is no objective evidence that indicates any policymaker of BISD acted with deliberate indifference in regard to any training and/or supervision that the employees of the BISD may have required in that there is nothing that would suggest a pattern of conduct which would have put a policymaker on notice that additional training and/or supervision was needed.

- There is no objective evidence that Rivers intentionally injured SDW. Rivers' attempt to place SDW's arm behind his back was consistent with force allowed under the Texas Penal Code and TCOLE training.

17. It is my professional opinion that the actions taken by Spikes and the other BISD officers were objectively reasonable and in line with the training of Texas police officers.

18. I reserve the right to modify or expand my opinions should additional facts or evidence be provided."

8

Def. Rivers Appx. p. 43

FURTHER AFFIANT SAYETH NOT.

MARGO L. FRASIER

SUBSCRIBED AND SWORN TO before me on this 16th day of January, 2015.

Notary Public, State of Texas

Print Name: Angi Williamson

My Commission Expires: 2/10/16

ANGI WILLIAMSON
Notary Public, State of Texas
My Commission Expires
FEBRUARY 10, 2016

9

# EXHIBIT D

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS BEAUMONT DIVISION

DARON JEROME WILLIS AND          §
SUBRINNA LYNN COLEMAN,           §
Individually and as Next Friend of §
SDW, a Minor                     §
Plaintiffs                       §          CIVIL ACTION NO. 1:14-cv-00314
                                 §
VS.                              §
                                 §
BEAUMONT INDEPENDENT             §
SCHOOL DISTRICT, ET AL,          §
Defendant                        §

## DECLARATION OF STEPHEN RIVERS

I, Stephen Rivers, declare that I have personal knowledge of the facts contained in this Declaration, and that such statements are true and correct. If called and sworn as a witness, I would testify competently to those facts. I make this Declaration entirely of my own free will and choice. I have not been promised any benefit nor have I been threatened with any detriment in connection with giving this declaration.

1.      My name is Stephen Rivers. I am a commissioned law enforcement officer and am currently employed with the Beaumont Independent School District Police Department ("BISD").

2.      Attached as Exhibit 1 to this Declaration is a true and correct copy of my Texas Commission on Law Enforcement ("TCOLE") report. The report accurately lists the training that I have received since I first became licensed.

3.      Prior to the incident that forms the basis of this lawsuit, I was given a copy of the Beaumont ISD Police Department's Policy and Procedures Manual.

I DECLARE UPON PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JANUARY 20, 2015.

STEPHEN RIVERS

Def. Rivers Appx. p. 46

# Exhibit 1

# Texas Commission On Law Enforcement
## Personal Information

**Name**
STEPHEN R. RIVERS

**TCOLE ID (P ID)**
17868

**STATUS**

| Citizen | Race | Gender | Federal ID | State ID |
|---------|------|--------|-----------|----------|
| Yes | White | Male | | 09702599 |

## Education Information

| Institution | Hours | Education |
|-------------|-------|-----------|
| | 0 | High School |
| | 0 | Associate |
| | 227 | Master |
| **Total Hours** | 227 | |
| **Total Training Hours** | 4540 | |

## Service History

| Appointed As | Department | Award | Service Start Date | Service End Date | Service Time |
|--------------|-----------|-------|--------------------|------------------|--------------|
| Peace Officer (Other) | BEAUMONT I.S.D. POLICE DEPT. | Peace Officer License | 1/8/2013 | | 1 years, 4 months |
| Reserve Officer | JEFFERSON CO. SHERIFF'S OFFICE | Peace Officer License | 6/25/1992 | 3/19/2003 | 10 years, 9 months |

## Total Service Time

| Description | Service Time |
|-------------|--------------|
| Peace Officer | 1 years, 4 months |
| Reserve Officer | 10 years, 9 months |
| Total officer time | 12 years, 1 months |

Print Date: 5/20/2014

Page Number: 1

BISD000382
Def. Rivers Appx. p. 48

## Award Information

| Award | Type | Action | Action Date |
|---|---|---|---|
| Conditional Reserve | License | Granted | 10/22/1992 |
| | | End date in old system | 12/1/1992 |
| Peace Officer License | License | Granted | 12/1/1992 |
| Basic Peace Officer | Certificate | Certification Issued | 12/1/1992 |
| Intermediate Peace Officer | Certificate | Certification Issued | 8/3/1998 |
| Advanced Peace Officer | Certificate | Certification Issued | 10/3/1998 |
| Master Peace Officer | Certificate | Certification Issued | 1/17/2013 |

## Courses Completed

**09/01/2011 - 08/31/2013**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3910 | Sexual Harassment Recognition | 8/21/2013 | 4 | BEAUMONT I.S.D. POLICE DEPT. (Training Rosters) | |
| 3214 | Family Violence Web w/ Exercises | 4/26/2012 | 8 | TCLEOSE POSEIT | Part 1 of 4 (POSEIT) Special Investigative Topics |
| 3244 | Sexual Assault Web with Exercises | 4/26/2012 | 8 | TCLEOSE POSEIT | Part 3 of 4 (POSEIT) Special Investigative Topics |
| 3255 | Asset Forfeiture | 4/26/2012 | 4 | TCLEOSE POSEIT | Asset Forfeiture (Intermediate) |
| 3841 | Crisis Intervention Training | 4/4/2012 | 16 | Lamar Institute of Technology Reg. Police Academy | Crisis Intervention Training; Crisis Intervention Training (AdvPOC) For IntPOC issued before 9/1/2005); Peace Officer Intermediate Options; Peace Officer Intermediate Options 1987-01; Peace Officer Intermediate Options 2005-01; Peace Officer Intermediate Options 2006-01; Peace Officer Intermediate Options 2009-09 |
| 3182 | 82nd Legislative Session Legal Update | 2/23/2012 | 4 | Lamar Institute of Technology Reg. Police Academy | 82nd Session State and Federal Law Update |
| | **Unit Hours** | | 44 | | |

# Courses Completed

## 09/01/2001 - 08/31/2003

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3930 | Ethics - General In-Service Training | 2/21/2002 | 2 | Jefferson Co. Sheriff's Academy | |
| 3214 | Family Violence Web w/ Exercises | 12/26/2001 | 8 | TCLEOSE/UT DISTANCE EDUCATION | Part 1 of 4 (POSEIT) Special Investigative Topics |
| 3400 | Traffic | 9/20/2001 | 2 | Jefferson Co. Sheriff's Academy | |
| | | **Unit Hours** | 12 | | |

## 09/01/1999 - 08/31/2001

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 2105 | Child Abuse Prevention and Investigation (Interm.) | 8/2/2001 | 24 | Jefferson Co. Sheriff's Academy | Child Abuse Prevention and Investigation (Intermediate) |
| 394 | Cultural Diversity Web with Exercises | 6/22/2001 | 8 | TCLEOSE/UT DISTANCE EDUCATION | Cultural Diversity (Intermediate) |
| 3300 | Patrol/Tactical | 6/21/2001 | 2 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 2/15/2001 | 2 | Jefferson Co. Sheriff's Academy | |
| 3200 | Investigations | 9/21/2000 | 2 | Jefferson Co. Sheriff's Academy | |
| 3232 | Special Investigative Topics | 8/17/2000 | 4 | Jefferson Co. Sheriff's Academy | Special Investigative Topics (Intermediate) |
| 3300 | Patrol/Tactical | 5/18/2000 | 2 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 4/20/2000 | 3 | Jefferson Co. Sheriff's Academy | |
| 3100 | LAW | 3/16/2000 | 2 | Jefferson Co. Sheriff's Academy | |
| 3700 | Management/Supervision | 2/18/2000 | 16 | Jefferson Co. Sheriff's Academy | |
| 3200 | Investigations | 1/20/2000 | 3 | Jefferson Co. Sheriff's Academy | |
| 3200 | Investigations | 9/16/1999 | 2 | Jefferson Co. Sheriff's Academy | |
| | | **Unit Hours** | 70 | | |

## 09/01/1997 - 08/31/1999

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3300 | Patrol/Tactical | 6/17/1999 | 2 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 5/20/1999 | 2 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 4/15/1999 | 2 | Jefferson Co. Sheriff's Academy | |

*Print Date:* 5/20/2014

Def's Dep. Appx. p. 50

BPSD000384

## Courses Completed

**09/01/1997 - 08/31/1999**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3300 | Patrol/Tactical | 2/18/1999 | 3 | Jefferson Co. Sheriff's Academy | |
| 3930 | Ethics - General In-Service Training | 1/20/1999 | 8 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 12/17/1998 | 4 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 6/17/1998 | 6 | Jefferson Co. Sheriff's Academy | |
| 2108 | Arrest, Search, and Seizure (Intermediate) | 6/5/1998 | 16 | Jefferson Co. Sheriff's Academy | Arrest, Search, and Seizure (Intermediate) |
| 2105 | Child Abuse Prevention and Investigation (Interm.) | 5/14/1998 | 24 | Jefferson Co. Sheriff's Academy | Child Abuse Prevention and Investigation (Intermediate) |
| 2106 | Crime Scene Investigation (Intermediate) | 4/16/1998 | 24 | Jefferson Co. Sheriff's Academy | Crime Scene Investigation (Intermediate) |
| 3200 | Investigations | 4/16/1998 | 4 | Jefferson Co. Sheriff's Academy | |
| 3232 | Special Investigative Topics | 3/18/1998 | 8 | Jefferson Co. Sheriff's Academy | Special Investigative Topics (Intermediate) |
| 3939 | Cultural Diversity | 2/19/1998 | 8 | Jefferson Co. Sheriff's Academy | Cultural Diversity (Intermediate) |
| 3801 | TCIC/NCIC for Peace Officers | 9/17/1997 | 4 | Jefferson Co. Sheriff's Academy | |

**Unit Hours** 115

**09/01/1995 - 08/31/1997**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3232 | Special Investigative Topics | 4/17/1997 | 8 | Jefferson Co. Sheriff's Academy | Special Investigative Topics (Intermediate) |
| 3939 | Cultural Diversity | 3/20/1997 | 8 | Jefferson Co. Sheriff's Academy | Cultural Diversity (Intermediate) |
| 3300 | Patrol/Tactical | 2/20/1997 | 2 | Jefferson Co. Sheriff's Academy | |
| 3200 | Investigations | 11/21/1996 | 4 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 5/16/1996 | 2 | Jefferson Co. Sheriff's Academy | |
| 3903 | Family Violence_1 | 12/21/1995 | 8 | Jefferson Co. Sheriff's Academy | |
| 3904 | Cultural Awareness | 12/21/1995 | 4 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 12/21/1995 | 6 | Jefferson Co. Sheriff's Academy | |
| 3601 | Recognition of Child Abuse or Neglect | 12/21/1995 | 4 | Jefferson Co. Sheriff's Academy | |

# Courses Completed

**09/01/1995 - 08/31/1997**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3100 | LAW | 12/21/1995 | 4 | Jefferson Co. Sheriff's Academy | |
| | | Unit Hours | 50 | | |

**09/01/1993 - 08/31/1995**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 3300 | Patrol/Tactical | 8/18/1994 | 8 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 8/16/1994 | 4 | Jefferson Co. Sheriff's Academy | |
| 3100 | LAW | 8/11/1994 | 8 | Jefferson Co. Sheriff's Academy | |
| 3100 | LAW | 8/10/1994 | 2 | Jefferson Co. Sheriff's Academy | |
| 3200 | Investigations | 8/10/1994 | 2 | Jefferson Co. Sheriff's Academy | |
| 3300 | Patrol/Tactical | 8/9/1994 | 2 | Jefferson Co. Sheriff's Academy | |
| 3800 | Technical/Specialized | 8/9/1994 | 2 | Jefferson Co. Sheriff's Academy | |
| | | Unit Hours | 28 | | |

**09/01/1991 - 08/31/1993**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 1004 | Advanced Reserve Officer | 12/22/1992 | 124 | Jefferson Co. Sheriff's Academy | |
| 1003 | Intermediate Reserve Officer | 10/1/1992 | 132 | Jefferson Co. Sheriff's Academy | |
| 1002 | Basic Reserve Officer | 6/24/1992 | 150 | Jefferson Co. Sheriff's Academy | |
| | | Unit Hours | 406 | | |

## Courses Completed

**01/01/1900 - 08/31/1987**

| Course No. | Course Title | Course Date | Course Hours | Institution | Training Mandates |
|---|---|---|---|---|---|
| 2107 | Use of Force (Intermediate) | 1/1/1900 | 12 | Jefferson Co. Sheriff's Academy | Use of Force (Intermediate) |
| | | **Unit Hours** | 12 | | |
| | | **Total Hours** | 737 | | |

## Total Hours

| | |
|---|---|
| TotalTraining Hours From Education | 4540 |
| Total Training Hours | 737 |
| Total Hours | 5277 |

---

*Print Date:* 5/20/2014

*Page Number:* 6

Def. Rivers Appx. p. 53

BISD000387