IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS, ET AL | § § | |
| VS. | § | CIVIL ACTION NO. 1:14-CV-314(RC) |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, ET AL | § § | |

### PLAINTIFFS' RESPONSE TO DEFENDANT RIVERS' MOTION FOR SUMMARY JUDGMENT AND IN THE ALTERNATIVE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(C)

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Plaintiffs, Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, and file this Response to Defendant Rivers Motion for Summary Judgment and in the alternative Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) and asks this Court to deny Defendant's motion.

### I. INTRODUCTION

Plaintiffs sued the Beaumont Independent School District and one of its police officers, Steven Rivers ("Rivers"), for a broken arm suffered by minor Plaintiff on March 7, 2014. Rivers seeks dismissal of Plaintiffs' claims pursuant to Fed R. of Civ. Proc. 56, and in the alternative a motion to dismiss pursuant to Fed R. of Civ. Proc. 12(c). The Court should deny Defendant's motion for summary judgment and motion to dismiss because the Complaint satisfies the pleading requirements demonstrating individual claims against Rivers for excessive force in violation of the Fourth Amendment. Additionally, the evidence raises fact issues as to the excessive force claim raised against Rivers and clearly establish that Rivers is not entitled to qualified immunity.

## II. RESPONSE TO STATEMENT OF THE ISSUES

A.  Plaintiffs' claims against Rivers are individual claims and not in his official capacity.

B. Officer Rivers is not entitled to qualified immunity.  Rivers actions violated established Constitutional rights of which a reasonable person in his situation would have known.  Rivers' actions were objectively unreasonable in light of clearly established law at the time of the incident.

C.  Plaintiffs complaint has alleged sufficient facts, and the summary judgment evidence demonstrates, a violation of minor Plaintiffs' Fourth Amendment rights to be free from excessive force.

D.  Plaintiffs are not asserting a claim for unlawful arrest or seizure, which is separate and distinct from excessive force claims.

## III. FACTUAL BACKGROUND

### A. Chaotic Scene - Spring Break 2014

On the day of the incident, Public Safety Officer ("PSO") Moore was on the scene and characterizes her role as basically a security officer who carries no weapons. (Ex. A, Moore depo., p 9-10, ll 3-5). The incident occurred after school on the Friday before Spring Break. (Ex. A, Moore depo, p 28, ll 9-15). Once school lets out for the day, the officers have 2600 students exiting the school all at once and congregating in the same vicinity that must be managed. (Ex. A, Moore depo, p 41, ll 4-17). PSO Moore knew there was aware there was going to be a big fight that day after school. (Ex .A, Moore depo, p 41, ll 4-5).

On the day of the incident, there were only two officers on staff performing duties outside and the two officers were overwhelmed. (Ex. A, Moore depo, pp 21-23, ll 13-14). The incident was chaotic, comparable to that of a riot with a large crowd of people cheering and egging on the fight making it difficult to get through to the incident. (Ex. A, Moore depo, pp 30-31, ll 24-8; pp 79-80, ll 24-21). If there would have been more officers on duty to address the situation, the riot would have been better managed. (Ex. A, Moore depo, p 24, ll 13-22; p 37, ll 3-19). BISD admits there were hundreds of spectators and Officer Rivers had no way of knowing how many participants were involved or who else might be a potential threat. (Doc. # 28, BISD Motion for Summary Judgment, p 8; see also Ex. B, youtube video).[1]

---

[1] The youtube video was produced to Plaintiffs by Defendant BISD for which they used to base their investigation and expert report.

## B. Excessive Force was used by Officer Rivers

At the time of the incident, which occurred on March 7, 2014, Officer Rivers had only been employed on a part-time basis by BISD since January 2013, and prior to that time he had not been employed as a peace officer, but had worked as a salesman for an electric company for the past 27 years. (Doc. #28-2, p 2 Declaration of Rivers; Ex. C, Rivers depo, p 53, ll 10-21).[2] In fact, it was his first week to ever be assigned to the West Brook campus. (Ex. C, Rivers depo, p 9, ll 8-10). His police work experience never occurred in a high school setting and he never received training in school-based law enforcement. (Defendant's summary judgment exhibits - Doc. #28-2, p 2 Declaration of Rivers; & Doc. #28-4, p 3-7).

In his deposition, Mr. Hall testified that Chief Duncan believed that Rivers used improper technique on minor Plaintiff and should not have broken the child's arm. (Ex. D, Hall dep, p 32-34, ll 10-19). Thirteen seconds into the youvideo, Chief Hall testified at the point when minor Plaintiff was face first on the ground with both officers are on top of him, he was no longer a threat to anyone around him. (Ex. D, Hall dep, p 66-67, ll 1-22; Ex. B, youtube video at 13). "They had him", he was subdued. (Ex. D, Hall dep, p 67-68, ll 15-11; Ex. B, youtube video at 14-24). Ten seconds later is when Officer Rivers snapped his arm. (Ex. B, youtube video at 24). With the maneuver used by Rivers, Minor Plaintiff's arm "wound up over the top of his head." (Ex. C, Rivers depo, p 28, ll 21-22). This maneuver was excessive to the need. (Ex. D, Hall dep, p 78, ll 3-8). PSO Moore agrees that too much force was used by Officer Rivers and that the incident occurred because the police department was understaff to deal with the riot-

---

[2] He worked as a reserve officer for the sheriff's department, which is a volunteer position to assist the county. (Ex.C, Rivers depo, p 53, ll 10-21).

4

type situation effectively. (Ex. A, Moore depo, p 67, ll 16-23). As a result of his actions that day, Officer Rivers was disciplined and placed on nonpaid leave. (Ex. D, Hall dep, p 40, ll 5-25).

## VI. ARGUMENTS AND AUTHORITIES

### A. SUMMARY JUDGMENT STANDARD

Although summary judgment is proper if there remains no genuine dispute of material fact, this is not a case in which the Court should grant summary judgment. Fed. R. Civ. P. 56(a). A defendant moving for summary judgment on plaintiff's claim must demonstrate the absence of a genuine dispute of material fact by either submitting evidence that negates the existence of a material element of plaintiff's claim, or showing there is no evidence to support an essential element of the plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether there is a genuine dispute of material fact that prevents summary judgment, a court must consider all evidence in light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th cir. 2002). The court must also resolve all reasonable doubts about the facts in favor of plaintiff as the nonmovant. *Cooper Tire & Rubber co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005).

### B. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(C) STANDARD

As noted in Defendant's motion, a rule 12(c) motion is governed by the same standards that apply to Federal Civil Rule 12(b)(6). *St. Paul Ins. Co v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991). Dismissal for failure to state a claim is highly disfavored. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir.2011). When considering a defendant's motion to dismiss, a court must construe the factual allegations in the

complaint in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny defendant's motion. *Twombly,* 550 U.S. at 555-56.

## C. OFFICER RIVERS IS NOT ENTITLED TO IMMUNITY

### 1. Plaintiffs' claims against Rivers are properly pled individual Claims

In the Complaint, Plaintiffs claim under 42 U.S.C. Sec. 1983 for the excessive force used by Defendant Rivers against minor Plaintiff. (Dkt. 1, Plaintiffs' Complaint, Sec.5). When pleading a Section 1983 claim against a Defendant in their individual capacity, Plaintiffs are required to allege facts demonstrating that the defendant violated a Constitutional or federal law, and the defendant was acting under color of state law while doing so. *Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 252-53 (5th Cir. 2005).

As the Court can see, the complaint provides Rivers with the requisite notice of the excessive force claims against him. The Complaint provides more than labels and conclusions with the facts indicating that the minor Plaintiff was restrained with both officers holding him down, while Officer Rivers took the time to position his hands for leverage and intentionally broke minor Plaintiff's arm. (Dkt. 1, Plaintiffs' Complaint, Sec.8). The Complaint also states that Rivers was serving as an officer with BISD with the incident occurred. (Dkt. 1, Plaintiffs' Complaint, Sec.8). These factual allegations demonstrate a right to relief that is plausible. That is, when the factual allegations are assumed to be true, they show a right to relief pursuant to 42 U.S.C. Sec. 1983 for excessive force that is more than mere speculation. *Twombly,* 550 U.S. at 555-56.

In sum, the factual allegations demonstrate that Rivers violated minor Plaintiff's Constitutional right to be free from excessive force, and that Rivers was acting under color of state law while doing so. *Atteberry*, 430 F.3d at 252-53. As such, Plaintiffs' claims against Rivers are individual claims. In the Original Complaint, Plaintiffs unambiguously alleged excessive force facts against Rivers in violation of minor Plaintiff's constitutional rights. No claims are made against Rivers in his official capacity other than those brought against the other Defendant, BISD. There are no "official capacity" claims to dismiss unless claims against BISD are dismissed. Because Plaintiffs stated individual claims against Defendant Rivers on which relief can be granted, the Court should deny defendant's motion.

### 2. The summary judgment evidence demonstrates that Defendant Rivers is not entitled to qualified immunity:

#### i. Qualified immunity defense

When determining whether a government official is entitled to qualified immunity, a two-step analysis is followed. *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004). First, the court assesses whether a statutory or constitutional right would have been violated on the alleged facts. *Id. citing Saucier v. Katz,* 533 U.S. 194, 200 (2001). If the court finds a violation is properly alleged, it proceeds to the second step where it determines whether the defendant's action violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Atteberry*, 430 F.3d at 253. Qualified immunity should protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### First Step

Analyzing the first prong, minor Plaintiff had Constitutional rights protecting him from having his liberty restrained by excessive force. To prevail on an excessive force claim in violation of the Fourth Amendment, Plaintiff must establish "1) injury, 2) which resulted directly and only from a use of force that was clearly excessive, and 3) the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Whether the force was reasonable requires careful attention to the facts and circumstances of the case, including whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386 at 396; *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985) (the question is "whether the totality of the circumstances justifie[s] a particular sort of…seizure").

The reasonableness of the force used in a particular instance is an objective standard and is judged from the perspective of a reasonable officer on the scene, without regard to hindsight or the officer's claimed interpretation of the situation. *Graham*, 490 U.S. at 396; *Stroik v. Ponseti*, 35 F.3d 155, 158 (5th Cir. 1994). To gauge the objective reasonableness of the force used by the officer, the amount of force used must be balanced against the need for force. *Flores*, 381 F.3d at 399. Also, the excessive force inquiry is confined to whether the officer was in danger *at the moment of the threat* that resulted in the officer injuring the Plaintiff. *see Bazan v. Hidalgo County*, 246 F.3d 481, 493 (5th Cir. 2001); *citing Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir.1992)("Regardless of what had transpired up until the shooting itself, [the suspect's] movements gave the officer reason to believe, at that moment,

that there was a threat of physical harm."). In light of the clearly established *Graham* factors, no reasonable officer would believe the force used against minor Plaintiff was reasonable under the circumstances.

### ii. Analysis of Excessive Force claims which demonstrate the force used by Rivers was excessive to the need

The totality of the circumstances demonstrate the epitome of an unreasonable use of excessive force in violation of minor Plaintiff's constitutional rights.[3] First, assessing the severity of the crime, it is undisputed that minor Plaintiff was on the BISD school campus and was attempting to engage in a fight with another student. (Ex. B, youtube video; see Doc. #28-1, pp 2-3 Declaration of Moore; Ex. A, Moore depo, pp 89-90, ll 23-6). PSO Moore testified that she did not believe the minor Plaintiff was intentionally trying to strike or injure her, but rather he was trying to get away from her to fight with another student. (Ex. A, Moore depo, pp 46-48, ll 12-9: pp 92-93, ll 22-10). She admittedly approached him from behind grabbing him by the waist, never identifying herself as an officer. (Ex. A, Moore depo, p 46, ll 12-18). Minor plaintiff then began throwing elbows so that he could continue his pursuit to get the other student. (Ex.A, Moore depo, p 47, ll 14-25). PSO Moore believes at the time, minor Plaintiff did not know who was holding him and he may have thought it was another student getting involved in the fight. (Ex. A, Moore depo, p 76, ll 16-24).

Secondly, the evidence demonstrates at the time Officer Rivers used force, Minor Plaintiff did not pose a *significant* threat of death or *serious* injury to PSO Moore, Officer Rivers, or anyone else in the vicinity. Confining this inquiring to the moment when minor Plaintiff was injured by Officer Rivers, regardless of the struggle that

---

[3] It is undisputed by the parties that minor Plaintiff was severely injured by Officer Rivers' use of force.

9

transpired up to this time, there was no serious threat presented by minor Plaintiff. *Bazan*, 246 F.3d at 492; *citing Fraire*, 957 F.2d at 1276. Considering minor Plaintiff was laying unarmed, face first on the ground, at a time when both officers were laying on top of him, a reasonable officer would conclude that the situation was under control and nobody at the scene was in danger. Indeed, it appears as though Officer Rivers is in complete control of the situation as he takes the time to adjust his grip on minor Plaintiff's arm and thrusts it forward with his weight. (Ex.B, youtube video).

The time for split-second judgment ended when both Moore and Rivers were on top of minor Plaintiff and Officer Rivers took several seconds to adjust his grip (and his weight) in an effort to forcefully break minor Plaintiff's arm as seen on the video. (Ex.B, youtube video). Thirteen seconds into the youtube video, Chief Hall testified at the point when minor Plaintiff was face first on the ground with both officers are on top of him, he was no longer a threat to anyone around him. (Ex.D, Hall dep, p 66-67, ll 1-22; Ex. B, youtube video at 13). "They had him", he was subdued. (Ex. D, Hall dep, p 67-68, ll 15-11; Ex .B, youtube video at 14-24). Ten seconds later is when Officer Rivers snapped his arm. (Ex. B, youtube video at 24). PSO Moore agrees that too much force was used by Officer Rivers and that the incident occurred because the police department was understaff to deal with the riot-type situation effectively. (Ex. A, Moore depo, p 67, ll 16-23).

What is clear from the video, at the moment minor Plaintiff's arm was broken and several seconds prior, without a doubt, Officer Rivers was not trying to prevent serious injury or death when he snapped minor Plaintiff's arm because he was already subdued and under Rivers' control. With both officers on top of him, he was no longer able to

10

resist or evade arrest. At that point, balancing the amount of force used by Rivers against the need for force, it becomes clear that the maneuver used by Rivers to effectuate the arrest of minor Plaintiff was clearly excessive to the need and objectively unreasonable. *Flores*, 381 F.3d at 399.

### Second Step

The second step addresses whether Rivers actions violated a clearly established constitutional right which a reasonable person would have known. The objective reasonableness analysis focuses on whether the alleged constitutional deprivation was objectively reasonable under clearly established law. This is a two inquiry: 1) whether the allegedly violated constitutional rights were clearly established at the time of the incident; and if so, 2) whether the defendant's conduct was objectively reasonable in light of that then clearly established law. *Tolan v. Cotton*, 713 F.3d 299, 305 (5th Cir. 2013).

A right is clearly established when every reasonable officer would have understood that what he is doing violates that right. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011). "Existing precedent must place the statutory or constitutional question beyond debate." *Tolan*, 713 at 306. Minor Plaintiff's clearly established right have been discussed at length above. Existing precedent clearly establishes that minor Plaintiff has the right not to have his liberty restrained by the use of excessive force. *Collier v. Montgomery*, 569 F.3d 241, 218 (5th Cir.2009); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir.2001); *Graham*, 490 U.S. at 396. In light of this clearly established constitutional right to be free from excessive force, Rivers' conduct was not objectively reasonable. As noted above, considering minor Plaintiff was laying unarmed, face first

11

on the ground, at a time when both officers were laying on top of him, a reasonable officer would conclude that the situation was under control at that time and breaking minor Plaintiff's arm to effectuate the arrest was excessive to the need. *Flores*, 381 F.3d at 399.

Based on the foregoing, a constitutional right would have been violated based on the facts alleged by Plaintiffs. Rivers' actions violated a clearly established constitutional right of which a reasonable person would have known. Rivers' actions were objectively unreasonable in light of clearly established law at the time of the incident. Rivers is not entitled to the defense of qualified immunity. Therefore, the Court should deny Rivers' summary judgment and motion to dismiss.

## D. PLAINTIFF ALLEGES SUFFICIENT FACTS & RAISE FACT ISSUES FOR A CLAIM OF 4TH AMENDMENT EXCESSIVE FORCE

Defendant claims plaintiffs cannot preserve a claim for excessive force for failure to properly plead and in the alternative, raise fact issues. (Dkt 27, p 20 at ¶3). Defendant bases his argument on *Graham v. Connor*, 490 U.S. 386 and *Flores v. City of Palcios*, 381 F.3d 391. In the qualified immunity argument detailed above, sufficient evidence exist to raise fact issues and support a Fourth Amendment claim of excessive force. (See above at III(C)(2)(ii)). The evidence clearly shows minor Plaintiff suffered injuries directly from Rivers use of force that was clearly excessive to the need.

Additionally, the pleadings are sufficient to assert an excessive force violation under the 4th Amendment as argued above (See above at III(C)(1)). Citing 42 U.S.C. Sec. 1983 and noting that the cause arises under the Fourth Amendment, Plaintiffs state a claim for excessive force by Defendant Rivers against minor Plaintiff. (Dkt. 1, Sec.5). The complaint provides Rivers with the requisite notice of the excessive force

claims against him. The Complaint provides more than labels and conclusions with the facts indicating that the minor Plaintiff was restrained with both officers holding him down, while Officer Rivers took the time to position his hands for leverage and intentionally broke his arm. Therefore, the Court should deny Defendant's motion for summary judgment and motion to dismiss regarding Plaintiffs' Fourth Amendment excessive force claims.

## C. PLAINTIFFS ARE NOT ASSERTING UNLAWFUL ARREST CLAIM:

Plaintiffs agree with Defendant that excessive force claims should be analyzed under the Fourth Amendment. Plaintiffs are not alleging unreasonable detention or seizure. Excessive force claims are separate and distinct from an unlawful arrest claim with both being analyzed under the same Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. at 395. *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007)(although the arrest of Freeman was unlawful as alleged, this does not mean that any force used by the officers to effectuate the arrest was necessarily excessive).

## V. CONCLUSION

Plaintiffs have set forth a claim upon which relief could be granted and gives Rivers' fair notice of the grounds upon which the claims rest. Plaintiffs' claims against Rivers are individual claims. Additionally, the evidence shows Rivers is not entitled to qualified immunity because his actions violated a clearly established constitutional right of which a reasonable person would have known and the actions were objectively unreasonable in light of the clearly established law at the time of the incident. Moreover, Plaintiffs have provided sufficient facts and evidence to support a claim for excessive force under the Fourth Amendment. In responding to issues, Plaintiffs have

provided ample evidence to overcome Rivers motion for summary judgment and motion to dismiss.

WHEREFORE, for these reasons aforestated, Plaintiffs ask the Court to deny Defendant Rivers Motion for Summary Judgment and in the alternative Defendant Rivers' Motion to Dismiss.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**

By: /s/ *B. Adam Terrell*

**B. ADAM TERRELL**
**Texas Bar No. 19790900**
**Post Office Box 350**
**Beaumont, TX 77704-0350**
**Phone: (409) 838-0101**
**Fax:    (409) 832-2940**

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via CM/ECF efile system on this 6th day of February, 2015.

/s/ B. Adam Terrell

**B. Adam Terrell**