# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **DARON JEROME WILLIS, ET AL** | ' |
| | ' |
| VS. | '   CIVIL ACTION NO.  1:14-CV-314(RC) |
| | ' |
| **BEAUMONT INDEPENDENT SCHOOL DISTRICT, ET AL** | ' |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Daron Jerome Willis and Subrina Lynn Coleman, Individually and as Next Friend of SDW, a Minor, request leave of court to file an amended complaint.

I.

Plaintiffs filed suit on June 13, 2014, to assert a Section 1983 claim against Defendants arising from an incident involving the use of excessive force on a minor by Defendant Stephen Rivers, a BISD Police Department police officer.  Plaintiffs have filed an amended complaint to more fully expound upon their claims against Defendant Stephen River for his use of excessive force, BISD's failure to comply with its own policies, failure to implement state regulations and recommendations that were crucial to ensuring an ample and effective police presence for the subject campus, in its inadequate supervision and oversight of the BISD Police Department, in its failure to adequately train officers in dealing with altercations in crisis sitations, in its failure to adequately train officers to maintain self-control, in its failure to adequately train officers to prepare for and/or take action to prevent anticipated incidents of violence and riots between students on campus, in its failure to adequately train officers in proper restraint and/or cuffing and/or arrest procedures without utilizing excessive force, in its custom of

deliberate indifference to citizens= civil rights and to following the law in general, and in its custom of failing to document and disclose violations of civil rights and BISD policy. Plaintiffs seek leave to amend their complaint because the time within which to amend without leave has passed pursuant to the Scheduling Order of this Court and Defendants will not consent to Plaintiffs amending their Complaint.

II.

This motion is filed one week following the depositions of (1) Defendant Stephen Rivers, the officer accused of using excessive force, (2) Melisa Moore, an officer who was present at and participated in restraining the minor Plaintiff, and (3) David Hall, the current acting interim police chief, who was not serving in that capacity at the time of the incident.  Plaintiffs= counsel is informed by defense counsel=s office that former Chief Clydell Duncan has relocated to Alabama and his deposition is necessary to fully determine the policies and customs of BISD.

III.

Defendants filed a motion for summary judgment before Plaintiffs were provided an opportunity to depose Defendants and BISD employees with knowledge of the facts of this case.  Although discovery is far from complete, with these three depositions and the allegations contained in Defendant=s motion for summary judgment, Plaintiff now has a better understanding of Defendants= defense positions.  Plaintiffs desire to amend their complaint to more specifically set forth their claims and eliminate the pleading deficiencies and ambiguities complained of by Defendants, and thereby pare down the summary judgment issues before the Court.

1                                                                                                                                            .

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. **Foman v. Davis**, 371 U.S. 178, 182 (1962).

    (A)    Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); **Foman**, 371 U.S. at 182; **C.F. v. Capistrano Unified Sch. Dist.**, 654 F.3d 975, 985 (9th Cir. 2011); **Bylin v. Billings**, 568 F.3d 1224, 1229 (10th Cir. 2009).

    (B)    Although the amendment is sought after the scheduling-order deadline, leave to amend should be freely given when there is good cause. **United States v. Dang**, 488 F.3d 1135, 1142-43 (9th Cir. 2007); see Fed. R. Civ. P. 16(b)(3)(A), (b)(4); **O'Connell v. Hyatt Hotels of P.R.**, 357 F.3d 152, 154-55 (1st Cir. 2004).

2   .

The Court should allow the filing of Plaintiffs= amended pleading because it is appropriate and necessary. See **Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.**, 32 F.3d 1244, 1255-56 (8th Cir. 1994).

3   .

The Court should allow the filing of Plaintiffs= amended pleading because Defendants will not be prejudiced by the amended pleading. **Scott v. Family Dollar Stores, Inc.**, 733 F.3d 105, 117-19 (4th Cir. 2013), cert. filed, ___ S. Ct. ___ (2014) (No. 13-899; 1-24-14); **Bylin v. Billings**, 568 F.3d 1224, 1229-30 (10th Cir. 2009).

4   .

The Court should allow the filing of Plaintiffs= amended pleading because Plaintiffs is not guilty of undue delay. **Scott v. Family Dollar Stores, Inc.**, 733 F.3d 105, 117-18

(4th Cir. 2013), cert. filed, ___ S. Ct. ___ (2014) (No. 13-899; 1-24-14); see **Foman v. Davis**, 371 U.S. 178, 182 (1962). Plaintiffs diligently moved to amend as soon as it became apparent that the amendment was necessary. See **Arreola v. Godinez**, 546 F.3d 788, 795-96 (7th Cir. 2008); **Auster Oil & Gas, Inc. v. Stream**, 764 F.2d 381, 391 (5th Cir. 1985).

5 .

The Court should allow the filing of Plaintiffs= amended pleading because {adverse party} will not be prejudiced by any delay that Plaintiffs= amended pleading may cause. See **Auster Oil & Gas, Inc. v. Stream**, 764 F.2d 381, 391 (5th Cir. 1985).

6 .

The Court should allow the filing of Plaintiffs= amended pleading because the Court will not be substantially burdened by any delay that Plaintiffs= amended pleading may cause. See **Mayeaux v. La. Health Serv. & Indem. Co.**, 376 F.3d 420, 427 (5th Cir. 2004).

7 .

The Court should allow the filing of Plaintiffs= amended pleading because Plaintiffs is not guilty of bad faith. See **Foman v. Davis**, 371 U.S. 178, 182 (1962).

8 .

The Court should allow the filing of Plaintiffs= amended pleading because the amendment is not futile. See **Foman v. Davis**, 371 U.S. 178, 182 (1962).

III.

Plaintiffs are filing their amended pleading the same day as this motion per local rules.

WHEREFORE, for these reasons aforestated, Plaintiffs ask the Court to grant leave to

file their First Amended Complaint.

        Respectfully submitted,

        **WELLER, GREEN, TOUPS & TERRELL, L.L.P.**

By: /s/ *B. Adam Terrell*
        B. ADAM TERRELL
        Texas Bar No. 19790900
        Post Office Box 350
        Beaumont, TX 77704-0350
        Phone: (409) 838-0101
        Fax:   (409) 832-2940

        **ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

    B. Adam Terrell, as counsel for Plaintiffs, James Byrom, as counsel for Defendant Stephen Rivers, and Christopher B. Gilbert as counsel for Defendant BISD, have complied with the meet and confer requirement in Local Rule CV-7(h) with regard to the content of this motion on February 5, 2015. Counsel for Defendants have indicated Defendants are opposed to the relief requested herein. Plaintiffs= counsel now submits this motion to the Court for its consideration.

/s/ *B. Adam Terrell*
B. Adam Terrell

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via CM/ECF efile system on this 9th day of February, 2015.

/s/ *B. Adam Terrell*
B. Adam Terrell