IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DARON JEROME WILLIS AND SUBRINNA LYNN COLEMAN, Individually and as Next Friend of SDW, a Minor,<br>Plaintiffs<br><br>VS.<br><br>BEAUMONT INDEPENDENT SCHOOL DISTRICT, ET AL,<br>Defendants | CIVIL ACTION NO. 1:14-cv-00314 |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**COMES NOW** Daron Jerome Willis and Subrinna Lynn Coleman, individually and as next friend of SDW, a minor, referred to hereinafter as Plaintiff, file this Complaint against the Beaumont Independent School District and Stephen Rivers, Defendants, and allege as follows:

NATURE OF THE ACTION

1. This is a claim under Sec. 42 U.S.C., Sec. 1983, for the use of excessive force in the course of an unlawful detention and seizure of SDW, in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution by Officer Stephen Rivers, of the Beaumont Independent School District Police Department.

PARTIES

2. Plaintiffs Daron Jerome Willis, Subrinna Lynn Coleman and SDW are individuals residing in Beaumont, Texas. Daron Jerome Willis and Subrinna Lynn Coleman are the parents and next friends of SDW, a minor.

3. Defendant Beaumont Independent School District ("BISD") is a public school district based in Beaumont, Texas, and may be served with citation through its superintendent, Timothy B. Chargois, Beaumont Independent School District, 3395 Harrison Avenue, Beaumont, Texas, 77706.

4. Defendant Stephen Rivers ("Defendant Rivers"), upon information and belief, is a resident of Jefferson County, Texas, and at all times material herein was a police officer acting in the course and scope of his employment for BISD. Defendant Rivers may be served with process at 10378 Peck Road, Lumberton, Texas, 77657.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this case in that this is an action for violation of Plaintiff=s civil rights pursuant to 42 U.S.C., Sec. 1983. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

6. Venue is proper in this Court in that all parties reside in the Beaumont Division of the Eastern District of Texas and the occurrence made the basis of this suit occurred in the Beaumont Division of the Eastern District of Texas.

## FACTUAL BACKGROUND

7. Compensatory and punitive damages are sought against the police officer involved in the brutality, and compensatory damages are sought against the Beaumont Independent School District.

8. On March 7, 2014, while waiting for the bus on the West Brook High School campus where then 16 year old Plaintiff SDW attended public school, two officers of BISD forced Sudarian Willis to the ground in attempt to restrain him following a purported altercation between Plaintiff and another student. Despite the fact that Plaintiff was restrained face down on the concrete with both officers holding him down, Officer Rivers took time to position his hands for leverage and intentionally broke the minor Plaintiff's left arm between the shoulder and elbow. Defendant Rivers' actions were reckless and callously indifferent to the minor Plaintiff's federally protected rights, were under the color of law, and constituted police brutality and an abuse of authority.

## LIABILITY OF DEFENDANTS UNDER SECTION 1983

9. The above described acts and conduct of Defendant Rivers were the result of policies, customs, and practices of the Beaumont Independent School District Police Department through which policies, customs, and practices the Defendant BISD violated Plaintiff=s civil rights.  These policies, practices, and customs include the failure of the BISD to implement state regulations pursuant to Chapter 37 of the Texas Education Code, and recommendations found in the 2013 Texas Legislative Budget Board Review of BISD.  As a result of BISD's failure to implement state regulations and guidelines, BISD failed to provide an adequate number of police staff to the Westbrook campus, failed to implement, utilize, adequately train and supervise its officers in a Multihazard Emergency Operations Plan for the Westbrook (or any of the BISD) campus, failed to provide any or adequate school-based crisis intervention (ACIT@) practices or training, all of which were a proximate cause of the damages suffered by SDW.  Prior to this occurrence, BISD was fully aware that in the 2011-12 school year, BISD "incurred over 6,000 more student disciplinary incidents than its closest peer."

BISD law enforcement officers engaged in multiple acts of improper and extensive use of force similar to the circumstances of this case, in violation of standard law enforcement rules. The police chief and others delegated by the BISD with responsibility for operating the police department were aware of these occurrences, which were of sufficient frequency to alert the Department of the need for additional training and supervision. The use of excessive force against the Plaintiff was the result of BISD's noncompliance with state regulations pursuant to Chapter 37 of the Texas Education Code and state recommendations, as well as Defendant Rivers' negligent discretion in carrying out the policy, practice and custom of the Beaumont Independent School District in dealing with physical conflicts at BISD high schools.  Furthermore, Defendant BISD failed to provide adequate oversight to the police department resulting in inadequate supervision and disciplining of law enforcement officers who use excessive force, and instead to conduct a minimal investigation designed to exonerate

the officer involved rather than discover the true facts of the incident and has resulted in a culture of violence in which the use of excessive force is an accepted and customary part of police work in the Beaumont Independent School District. Defendant BISD failed to provide such training and supervision knowingly and with deliberate indifference to the constitutional rights of the Plaintiff D. Such failure was a moving force of the violation of such rights.

## DAMAGES

11. As a result of the foregoing acts and conduct of the Defendants, Plaintiff is entitled to recover damages as hereinafter set forth:

   a. That Plaintiff is entitled to recover for the past and future physical pain, mental anguish, reasonable and necessary medical and hospital expenses, physical impairment, and for all further reasonable expenses, injuries and damages suffered.
   b. Reasonable and necessary attorney fees.

## ALTERNATIVE PLEADINGS

11. To the extent facts and/or causes of action pled in this complaint are in conflict, they are pled in the alternative.

## PRAYER

**WHEREFORE**, Plaintiff prays upon final trial of this cause he recover judgment against Defendants for damages as set forth above for:

a. Compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court;
b. Pre- and post-judgment interest at the maximum rate allowed by law;
c. Reasonable and necessary attorney=s fees;
d. All costs of Court; and
e. Such other and further relief, both general and special, at law and in equity, to

which Plaintiffs may show themselves justly entitled.

                Respectfully submitted,

                **WELLER, GREEN, TOUPS & TERRELL, LLP**

By: **/s/ B. Adam Terrell**
     B. ADAM TERRELL
     Texas Bar No. 19790900
     Post Office Box 350
     Beaumont, TX 77704-0350
     Phone: (409) 838-0101
     Fax:   (409) 832-2940

 /s/ Kevin Symons Laine
     KEVIN SYMONS LAINE
     Attorney at Law
     Texas Bar No. 00798313
     1104 Orleans St
     Beaumont, TX 77701-3611
     Phone: (409) 838-4040
     Fax:   (409) 832-7830

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record in this cause and all other parties entitled to same via CM/ECF efile system on this 9th day of February, 2015.

                /s/ B. Adam Terrell
                B. Adam Terrell