## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **DARON JEROME WILLIS AND** | § | |
| **SUBRINNA LYNN COLEMAN,** | § | |
| **Individually and as Next Friend of** | § | |
| **SDW, a Minor,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:14-CV-00314** |
| | § | |
| **BEAUMONT INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ET AL,** | § | |
| **Defendants** | § | |

### DEFENDANT STEVEN RIVERS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant Steven Rivers, files this Response to Plaintiff's Opposed Motion for Leave to File Amended Complaint (Dkt. 35), and would show the Court, as follows:

### I. FACTUAL BACKGROUND

1. The incident made the basis of this suit occurred on or about March 7, 2014, and this suit was filed on or about June 13, 2014. (Dkt. 3).

2. On September 10, 2014, this Court entered a Scheduling Order (Dkt. 15), which included, among other deadlines, a December 23, 2014 date for Plaintiff to file (without leave of court) any amended pleadings.[1] The dispositive motion deadline for Defendants was January 20, 2015. Trial is set for June 1, 2015.

3. Now, Plaintiff seeks to file a First Amended Complaint alleging a new factual basis to attempt to support their legal claims. Defendant Rivers opposes said Motion under Federal Rule of Civil Procedure 16 on the grounds of undue delay, prejudice, and futility.

---

[1] Defendants' expert disclosures were due on January 6, 2015, which included the exchange of expert reports by this date and with which both defendants complied.

## II.  ARGUMENTS & AUTHORIES

4. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *Todd v. Grayson Cnty., Texas*, No. 4:13-CV-574, 2014 WL 3385188, at *1 (E.D. Tex. July 10, 2014) (citing *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003)). Federal Rule of Civil Procedure 16(b), states that a schedule may be modified for "good cause." *Id*. The Fifth Circuit has establish four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Id*. (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003)). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *Id.* (citing *S & W Enters.*, 315 F.3d at 536-38).

5. Here, Plaintiffs filed their complaint on June 13, 2013, and had until December 23, 2014 to amend their complaint without leave of Court.  Plaintiffs knew that by filing this suit they would need to take the depositions of various individuals, and they certainly knew by September 10, 2014 (when this Court entered a Scheduling Order) that they had until almost the end of the year to amend pleadings as needed. Indeed, to this date, Plaintiffs never propounded any requests for admissions, interrogatories, or requests for production on either Defendant Rivers or Defendant Beaumont ISD.[2] Plaintiffs offer no explanation other than their own lack of diligence in seeking depositions earlier for the basis for this motion. When a party does nothing to show

---

[2] In fact, only Defendant Rivers conducted written discovery during the pendency of this suit in the form of interrogatories, requests for production, and requests for admissions to Plaintiff, to which Plaintiff failed to timely respond.  (*See* Dkt. 19 (Plaintiff's Motion for Leave to File Late Discovery Responses) and Dkt. 20 (Defendant Rivers' Response to Plaintiff's Motion for Leave)).

that despite its diligence it could not have met the deadline, good cause does not exist. *Id.* at *1 (citing *Drummond Am. Corp. v. Share Corp.*, No. 4:08–cv–393, 2009 WL 3677167, at *2 (E.D. Tex. Oct. 30, 2009); *see also EEOC v. Svc. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)). As such, Plaintiffs' proffered reason for their failure to timely move for leave does not show "good cause."

6. Next, beyond providing a citation to the Eighth Circuit Court of Appeals that "the Court should allow the filing of Plaintiffs= (sic.) amended pleadings because it is appropriate and necessary, Plaintiffs do not provide the Court or counsel with facts supporting this to show why the amendment is important. Giving a broad reading of their motion, Plaintiffs may be arguing that the amendment is important because it will "pare down the summary judgment issues before the Court." (Dkt. 35, p. 2). However, this is incorrect. If anything, this amendment would require all parties to amend or supplement their summary judgment motions in order to address all the newly added allegations. While these new facts may be "important" to Plaintiffs, they will cause undue delay and prejudice to the other parties as further explained below.

7. If granted, this request could have the effect of delaying rulings on Defendant's Motions to Dismiss and in the alternative, Motions for Summary Judgment (Dkt. 29), and further, may require Defendants to file a Supplemental or Amended Motion for Summary Judgment. As previously noted, under the Scheduling Order entered by this Court in September of 2014, all parties had a deadline to file dispositive motions on or before January 21, 2015. Defendant Rivers timely filed his dispositive motions. (Dkt 29). Plaintiff has filed his Response to the Motion for Summary Judgment (Dkt. 32). The motions are ripe for ruling.

8. Plaintiff's attempt to add new factual allegations could require Defendant to file further dispositive motions regarding the new claim. This could also cause a delay in the Court's

ruling on the timely filed dispositive motions. Further, Plaintiff would then have the ability to file a further response to the dispositive motions filed by Defendants. This would have the effect of reopening discovery and allowing Plaintiff to attempt to provide a further, untimely, attempt to defeat Defendant's dispositive motions. Further, allowing this amendment could have the effect of continuing the trial date from its current setting, which would cause unnecessary delay and additional expense to Defendants.[3] Other courts have found that prejudice is significant when a defendant has filed a summary judgment motion before a motion for leave to amend is filed. *Conklin v. Novartis Pharmas. Corp.*, No. 9:11cv–178, 2012 WL 4127295, at *6 (E.D. Tex. Sept. 18, 2012); *Miller v. Team Go Figure, LLP*, No. 3:13–cv–1509–O, 2014 WL 1909354, at *21 (N.D. Tex. May 13, 2014) (citing *Overseas Inns S.A. P.A. v. U.S.*, 911 F.2d 1146, 1151 (5th Cir.1990) ("To grant ... leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.")). Accordingly, there will clear undue delay in this matter and therefore, Plaintiffs' motion should be denied.

9. Finally, as to the fourth factor, a continuance would not cure the prejudice to Defendant Rivers at this late juncture. Defendant Rivers (and Defendant Beaumont ISD) have already extended time and resources on briefing their summary judgment motion. Continuing the case would require scheduling order deadlines be reopened, most of which have already expired, and

---

[3] Eastern District of Texas Magistrate Judge Amos Mazzant has previously noted that "[t]his Court has a heavy case load, and continuances are generally not available so that the Court has adequate time to rule on motions before its cases proceed to trial." *Todd v. Grayson Cnty., Texas*, No. 4:13-CV-574, 2014 WL 3385188, at *2 (E.D. Tex. July 10, 2014)

force Defendants to engage in further discovery. Plaintiffs' counsel had ample opportunity to investigate this matter and should have been able to determine which claims he intended to pursue on behalf of his client. Plaintiffs' deadline to file amended pleadings, without leave of court, was December 23, 2014. (Dkt. 15). At no time prior to this deadline was there ever any discussion regarding the need for an amended complaint or any additional claims. Defendant asserts that no new, or previously unknown, information has been discovered which would give rise to new causes of action. Therefore, Plaintiffs' requested amendment adds nothing new to the case, other than Plaintiffs' attempt to reopen the evidence after his dispositive motion deadline has long passed. Said request prejudices Defendant Rivers in that the original Scheduling Order included a deadline of December 23, 2014 for Plaintiff to file amendments to pleadings. Adding new allegations at this time is clearly prejudicial to Defendant.

10. Based on the above, maintaining the deadlines as found in the original Scheduling Order (Dkt. 18) and denying Plaintiff's request to add a new cause of action avoids undue delay, prejudice and does not allow a claim to be file that is futile in this matter.

### III. PRAYER

Defendant Rivers requests the Court deny Plaintiff's Motion for Leave to File First Amended Original Complaint, and for such other relief, general or special, at law or in equity, to which she may show himself to be entitled.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
  GREEN & TREVINO P.C.

*/s/ James E. Byrom*
James E. Byrom
State Bar No. 03568100
Email: jbyrom@wabsa.com
Kelley L. Kalchthaler
State Bar No. 24074509
Email: kkalchthaler@wabsa.com
10375 Richmond Ave. Suite 750
Houston, Texas 77042-4196
(713) 789-6864 (phone)
(713) 789-9318 (facsimile)

ATTORNEYS FOR DEFENDANT
STEVEN RIVERS

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via Electronic Case Filing* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>**Attorneys for Plaintiffs** | *Via Electronic Case Filing* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>**Attorneys for Defendant Beaumont ISD** | *Via Electronic Case Filing* |

/s/ *Kelley L. Kalchthaler*
Kelley L. Kalchthaler