UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND<br>SUBRINNA LYNN COLEMAN,<br>Individually and as Next Friend of<br>SDW, a Minor,<br>Plaintiffs<br><br>v.<br><br>BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT, ET AL,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>CIVIL ACTION NO. 1:14-CV-00314 |

**DEFENDANT RIVERS' OBJECTIONS TO AND MOTION TO STRIKE
PLAINTIFFS' PROFFERED EVIDENCE IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Stephen Rivers and files his Objections to and Motion to Strike Plaintiffs' Proffered Evidence in Support of Plaintiffs' Response to Defendant Rivers' Motion for Summary Judgment and in the Alternative Motion to Dismiss Pursuant to FED. R. CIV. P. 12(c). In support thereof, Defendant respectfully shows the following:

**I.  OBJECTIONS AND MOTION TO STRIKE**

1.  In the four exhibits attached to Plaintiffs' Response to Defendant Rivers' Motion for Summary Judgment and in the Alternative Motion to Dismiss Pursuant to FED. R. CIV. P. 12(c) (DE 32-1, 32-2, 32-3, & 32-4), Plaintiffs' proffered evidence is inadmissible. Plaintiffs may not rely on inadmissible evidence to avoid summary judgment. *See* FED. R. CIV. P. 56(c)(2); *Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 202 (5th Cir. 1997) (hearsay evidence in an affidavit may not properly be considered by the court); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976) (holding that evidence inadmissible at trial may not be used to avoid summary judgment). Although the evidence will be reviewed by the Court, which is skilled in recognizing

and disregarding inadmissible evidence, Defendant Rivers provide these objections to Plaintiffs' evidence as follows:

**A.   Defendant objects to the following portions of Plaintiffs' proffered summary judgment evidence as inadmissible and move to strike the following evidence as inadmissible.**

*1.   Objections to Exhibit A – Transcript of Oral and Video Deposition of MeLisa Moore*

2.   Exhibit A purports to be the transcript of the oral and video deposition of MeLisa Moore. First, as a technical matter, Plaintiffs' purported deposition transcript lacks any authentication, and, as such, is inadmissible. (DE 32-1). FED. R. EVID. 901. Additionally, Defendant objects to this testimony as in complete to the extent that the deponent has not had sufficient time to review and complete any errata sheet.

3.   Even if the transcript had been authenticated, however, it is objectionable for many reasons. Most notably, the overwhelming majority of Plaintiffs' referenced evidence in her testimony would not be admissible because it relies on evidence consisting of hearsay, improper lay witness testimony, and testimony for which the deponent lacks personal knowledge. Although Plaintiffs attached what purports to be the full deposition transcript, Plaintiffs offer only portions of the transcript for the Court by highlighting various sections, and, accordingly, Defendant's objections will address those highlighted portions. Defendant Rivers asserts his objections to portions of the transcript as speculative, opinion-based, conclusory, and/or inadmissible expert testimony by a lay witness and specifically moves to strike the following:

- DE 32-1, p. 4:  Transcript pp. 14-15
- DE 32-1, p. 5: Transcript pp. 17 & 20
- DE 32-1, p. 6: Transcript pp. 21-24
- DE 32-1, p. 7: Transcript pp. 26-28
- DE 32-1, p. 8: Transcript pp. 31-32
- DE 32-1, p. 9, Transcript pp. 33-36
- DE 32-1, p. 10: Transcript p. 37

- DE 32-1, p. 11: Transcript pp. 42-43
- DE 32-1, p. 12: Transcript pp. 46-48
- DE 32-1, p. 13: Transcript pp. 49
- DE 32-1, p. 14: Transcript pp. 53-55
- DE 32-1, p. 17: Transcript p. 67
- DE 32-1, p. 23: Transcript pp. 89-90
- DE 32-1, p. 24: Transcript p. 93

4. In these portions of the transcript, Ms. Moore opines on matter related to "riots," officer presence and sufficiency thereof on BISD campuses, school funding, and a variety of speculative "causes" related to the incident at issue. Based on Ms. Moore's testimony, she is not qualified to give such expert testimony. *See* DE 32-1, p. 18 (Transcript pp. 69 (use of force), 71-72 (funding)); DE 32-1, p. 20 (Transcript pp. 79-80 (riot)[1]); DE 32-1, p. 21 (Transcript pp. 82-83 (police force; DE 32-1, p. 23 (Transcript pp. 90-91 (S.D.W. state of mind)). FED. R. EVID. 701, 702. Defendant further objects to any attempt to elicit expert testimony from persons not properly designated as experts.[2] Defendant also objects to the extent that Moore's testimony contains opinions on the ultimate issue to be decided by the trier of fact. FED. R. EVID. 704. Accordingly, Defendant Rivers asks the Court to strike this proffered evidence.

### 2. Objections to Exhibit B – "YouTube Video of Incident" & Various Emails

5. Exhibit B purports to contain a CD with the "YouTube Video of Incident. (DE 32-2). Plaintiffs' purported video lacks any authentication, and, as such, is inadmissible. FED. R. EVID. 901. Even the identity of the person who allegedly recorded the video (which was not recorded with the District's knowledge or permission) is unknown and is not identified by Plaintiffs.

---

[1] *See* Tex. Pen. Code §42.02: "For the purpose of this section, 'riot' means the assemblage of seven or more persons resulting in conduct which: (1) creates an immediate danger of damage to property or injury to persons; (2) substantially obstructs law enforcement or other governmental functions or services; or (3) by force, threat of force, or physical action deprives any person of a legal right or disturbs any person in the enjoyment of a legal right."

[2] *See* Dkt. 18 (Defendant Rivers' Objections to Plaintiffs' Expert Designation), which Defendant incorporates by reference in relevant part herein.

Moreover, the type of recording device used, the identity and competency of its operator, and whether the alleged recording has been altered are all unknown. *See* FED. R. EVID. 801, 802, 803, 805, 901. For this reason, Defendants move that it be stricken in its entirety.

6.  Even if the video had been authenticated, however, it is objectionable for many reasons. The undersigned counsel attended the depositions of MeLisa Moore, Stephen Rivers, and David Hall. During these depositions, Plaintiffs' counsel showed various unidentified and unauthenticated videos from the website *www.youtube.com* to the witnesses. At no time did Plaintiff indicate on the record which specific video he was showing the witnesses, and indeed, the video he showed them appeared to have been modified (graphics added, video speed slowed down, added sounds, etc.). The video used during the depositions is not the same video as the one Plaintiffs' offered as summary judgment evidence. As such, Defendant objects to any testimony in the deposition transcripts submitted by Plaintiff as it relates to any purported video of the incident as inadmissible hearsay and multiple levels thereof. *See* FED. R. EVID. 801, 802, 803, 805, & 901. (*See* DE 32-4, p. 17-20 (Hall testimony regarding video)). Accordingly, Defendant Rivers asks the Court to strike this proffered evidence.

   **3.   *Objections to Exhibit C – Transcript of Oral and Video Deposition of Stephen Rivers***

7.  Exhibit C purports to be the transcript of the oral and video deposition of Stephen Rivers. (DE 32-3). First, as a technical matter, Plaintiffs' proffered deposition transcript lacks any authentication, and, as such, is inadmissible.[3] FED. R. EVID. 901. Additionally, Defendant Rivers objects to this testimony as in complete to the extent that he has not had sufficient time to review and complete any errata sheet.

---

[3] As of the date of this filing, Defendant Rivers has also not had the opportunity to complete his review of any deposition transcript nor make any clarifications or revisions.

8.      Even if the transcript had been authenticated, however, it is objectionable for many reasons. Although Plaintiffs attached what purports to be the full deposition transcript, Plaintiffs highlight only a small portion of the transcript for the Court, but they cite to even less of the transcript. Defendant notes that the Court is not required to sift through the record to find evidence in support of Plaintiffs' Response. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455,458 (5th Cir. 1998); *Skotakv. Tenneco Resins, Inc.*, 953 F.2d 909,915-16 & n. 7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992). Accordingly, Defendant's objections will address the portions cited in Plaintiffs' Response.[4] Defendant Rivers asserts that the evidence offered in Exhibit C is inadmissible. Plaintiffs' citations to the transcript mischaracterize his testimony regarding S.D.W.'s injury.  (DE 32, p. 4). Rivers explains that he was not trying to pull S.D.W.'s arm over his head but rather the release of pressure when the arm broke moved the arm further than intended.  (*See* Dkt. 32-3, p. 8 (Transcript p. 29), p. 11 (Transcript pp. 41-43).  Accordingly, Defendant Rivers asks the Court to strike this proffered evidence.

### 4.      *Objections to Exhibit D – Transcript of Oral and Video Deposition of David Hall*

9.      Exhibit D purports to be the transcript of the oral and video deposition of David Hall. (DE 32-4).  First, as a technical matter, Plaintiffs' proffered deposition transcript lacks any authentication, and, as such, is inadmissible. FED. R. EVID. 901. Additionally, Defendant objects to this testimony as in complete to the extent that the deponent has not had sufficient time to review and complete any errata sheet.

10.     Even if the transcript had been authenticated, however, it is objectionable for many reasons.  Most notably, the overwhelming majority of Plaintiffs' referenced evidence would not be admissible because it relies on evidence consisting of hearsay, and, in fact, often multiple

---

[4] Defendant reserves it right to object to other portions of the transcript.

levels thereof. Accordingly, Defendants move to strike the evidence. Plaintiffs' counsel asks a serious of questions of Hall related to what he describes as the "Legislative Board Budget" (DE-32-4, p. 4 (Transcript p. 15, lines 2-5). Hall states that he is unfamiliar with the document. Defendant Rivers objects to testimony related to the Legislative Board Budget as hearsay and on the basis of lack of personal knowledge, and relevancy. FED. R. EVID. 401, 402, 403, 801, 802, 803, 701. Defendant Rivers objects to testimony related to alleged statements by the prior Chief Duncan as hearsay. (DE 32-4, p. 9).

11. Defendant Rivers asserts his objections to portions of the transcript as speculative, opinion-based, conclusory, and/or inadmissible expert testimony by a lay witness and specifically moves to strike the highlighted portions indicated by Plaintiffs on the following pages: DE 32-4, p. 5-7, p. 9-10. (*See* DE-32-4, p. 4 (Transcript p. 15, lines 2-5) (deponent claims no knowledge of Legislative Budget Board process), p. 13 (Transcript p. 51, lines 12-19); DE 32-4, p. 10 (Transcript p. 39) (lack of foundation to establish deponent as expert witness).

12. Defendant Rivers also objects to any questions related to the alleged video as set out above. *See supra,* Section I.A.II. (related to video evidence).

13. In addition, Defendant Rivers further objects to Plaintiffs' references to Exhibit D that fail to support the statements for which they are cited in Plaintiffs' Response.[5] Specifically, Defendants object to the following unsupported citations in Exhibit D:

- Plaintiffs' citations to Hall's testimony to support their position that S.D.W. no longer posed a threat or was subdued are misleading. (DE 32, pp. 4, 10). Hall testified that S.D.W. still posed a threat even when he was on the ground because

---

[5] Although Plaintiffs attached what purports to be the full deposition transcript, Plaintiffs highlight only a small portion of the transcript for the Court, but they cite to even less of the transcript. Defendant notes that the Court is not required to sift through the record to find evidence in support of Plaintiffs' Response. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455,458 (5th Cir. 1998); *Skotakv. Tenneco Resins, Inc.*, 953 F.2d 909,915-16 & n. 7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992). Accordingly, Defendant's objections focus on the portions cited in Plaintiffs' Response. Defendant reserves it right to object to other portions of the transcript.

it "look[ed] like he's trying to get out. Then he would have posed a threat if he gets loose." (DE 32-4, p. 17 (Transcript p. 67, lines 6-7)). Plaintiff's counsel asked: "In your opinion, from what you saw, did you think that SDW posed a theat to students in the vicinity?" Hall responded, "Yes." (DE 32-4, p. 14 (Transcript p. 54, lines 19-22)). Hall also stated that SDW posed a threat to others. (DE 32-4, p. 14 (Transcript p. 55-56)).

- Plaintiffs' citations to Hall's testimony to support their conclusory statements that the maneuver was excessive to the need is also misleading. Hall's testimony is only that the video itself would suggest excessiveness, not the actual situation itself. (DE 32-4, p. 20 (Transcript p. 78)). Hall also explicitly stated otherwise. (*See* DE 32-4, p. 14 (Transcript p. 54, lines 12-14)).

- Plaintiff's assertion related to disciplinary consequences also misstate the testimony and mislead the Court. (DE 32-4, p. 5). First the deponent states he has a lack of personal knowledge of any actions taken against Rivers. (*See* DE 32-4, p. 13 (Transcript p. 49, lines 2-19)). (*See also* DE 32-4, p. 15 (Transcript p. 57, lines 19-25; p. 58-60)). (*See also* DE 32-3, p. 13 (Transcript p. 49, lines 12-25; p. 50, lines 1-12)) (Rivers' deposition describing non-disciplinary nature of leave).

14. Due to Plaintiffs' failure to cite to admissible, supported evidence for their contentions and given that the Court is not required to sift through the record to find evidence in support of Plaintiffs' Response, Defendants object to this evidence. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455,458 (5th Cir. 1998); *Skotakv. Tenneco Resins, Inc.*, 953 F.2d 909,915-16 & n. 7 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992).

15. For all of these reasons, Defendants move to strike this evidence in its entirety

## II. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Rivers urges this Court to sustain the foregoing objections and not consider the objectionable evidence cited by Plaintiffs for any purpose, nor sift through Plaintiffs' exhibits in support of Plaintiffs' Response to Defendant Rivers' Motion for Summary Judgment and in the Alternative Motion to Dismiss under Fed. R. Civ. P. 12(c). Defendant also requests an award of reasonable attorneys' fees and

costs of suit.  Finally, Defendants request that the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

    Respectfully submitted,

    WALSH, ANDERSON, GALLEGOS,
    GREEN & TREVIÑO, P.C.
    10375 Richmond Avenue, Suite 750
    Houston, Texas 77042
    Telephone:  (713) 789-6864
    Facsimile:  (713) 789-9318
    Email:  jbyrom@wabsa.com
    Email:  kkalchthaler@wabsa.com

    By: */s/ Kelley L. Kalchthaler*
        JAMES E. BYROM
        State Bar No. 03568100
        KELLEY L. KALCHTHALER
        State Bar No. 24074509

    **ATTORNEYS FOR DEFENDANT**
    **STEPHEN RIVERS**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of February, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via Electronic Case Filing* |
| Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>**Attorneys for Plaintiffs** | *Via Electronic Case Filing* |
| Frances R. Broussard<br>Texas Bar No. 24055218<br>Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-4335<br>**Attorneys for Defendant Beaumont ISD** | *Via Electronic Case Filing* |

                                              /s/ *Kelley L. Kalchthaler*
                                              Kelley L. Kalchthaler