UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DARON JEROME WILLIS AND | § | |
| SUBRINNA LYNN COLEMAN, | § | |
| Individually and as Next Friend of | § | |
| SDW, a Minor, | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00314 |
| | § | |
| BEAUMONT INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL, | § | |
| Defendants | § | |

**DEFENDANT STEPHEN RIVERS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FRCP 12(C)**

NOW COMES Defendant Stephen Rivers and files this Reply to Response to Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c). In support, Officer Rivers shows the Court as follows:

**I. SUMMARY OF THE ARGUMENT**

1. Plaintiff has now affirmatively stated that he is not making claims against Rivers in his official capacity. Therefore, an order dismissing any such claims is appropriate. The same applies to any 14th Amendment claims as Plaintiff agreed his claims should be analyzed under the 4th Amendment.

2. Defendant incorporates the arguments, authorities and exhibits from his Motion to Dismiss and in the alternative, Motion for Summary Judgment (Dkt. 29, 29-1) as if fully set out. In response to arguments raised by Plaintiff in his Response, Defendant responds as follows:

As a matter of law, Defendant Officer Rivers is entitled to qualified immunity. To the extent this Court determines that Plaintiffs can overcome Rivers' immunity, Officer Rivers would be entitled to summary judgment based on the competent summary judgment evidence.

## II. ARGUMENTS AND AUTHORITIES

3.  As previously set out in his Answer (Dkt. 6), Officer Rivers re-asserts that he is entitled to the defense of qualified immunity. The Fifth Circuit has explained that, "[d]eliberate indifference is an extremely high standard to meet," and requires a plaintiff to establish more than mere negligence, unreasonable response, or medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

4.  As previously noted, even on summary judgment, a Court is bound to consider that qualified immunity "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 630 (5th Cir. 2012) (citing *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)) (internal quotation marks omitted). Indeed, the Supreme Court has instructed that a court's review is necessarily objective — reasonableness is the touchstone and that the court lacks any benefit of 20/20 hindsight. *Id.* (citing *Graham*, 490 U.S. at 396–97, 109 S.Ct. 1865).[1]

5.  Plaintiff does not challenge the conclusions or the standards set out by the current City of Austin Police Monitor, Margo L. Frasier. Officer Rivers' actions must be viewed as objectively reasonable. (*See* Dkt. 29-1, pp. 36-44 (Ex. D, Def. Appx. pp. 36-44)). At the time of the incident at issue, a person who engages in assaultive conduct to a public servant, such as a uniformed

---

[1] Officers' subjective intent is also irrelevant. *Id.* (citing *Graham*, 490 U.S. at 397, 109 S.Ct. 1865).

police officer, and resists the efforts of police officers to restrain has an expectation that efforts will be made until he is restrained for the safety of the officers and other persons in the area, and there are no constitutional implications in such an arrest or detention. (Dkt. 29-1, pp. 41-41 (Ex. D, Def. Appx. pp. 41-42)). Once S.D.W. resisted, Moore's and Rivers' efforts to restrain him, Rivers would have had, based on his observations and training, a rational basis for taking S.D.W. to the ground and placing S.D.W.'s arms placed behind his back so that he could be completely restrained, and most likely handcuffed." (Dkt. 29-1, p. 41 (Ex. D, Def. Appx. p. 41)). The officers further acted consistent with law enforcement training and procedures including places S.D.W.'s arm behind his back and that the officers, including Rivers, used no greater force against S.D.W. than was necessary. (Dkt. 29-1, p. 42 (Ex. D, Def. Appx. p. 42)). There is no evidence that it amounted to deliberate indifference. (Dkt. 29-1, p. 42 (Ex. D, Def. Appx. p. 42)).

6. Plaintiff's claims assert "negligent discretion" by Rivers. (*See* Dkt. DE 3, p. 3, ¶ 9; Dkt. 29-1, p. 34 (Ex. B-2, Def. Appx. p. 34) (Resp. to Interrog. Nos. 5 and 6)). "Negligent discretion" does not meet the standard as "deliberate indifference."

7. Plaintiff continues to assert that the force used by Officer Rivers was objectively unreasonable. He appears to take the position that the severity of the injury proves that the force was excessive and/or unreasonable. However, severity of injury is not a factor in the determination of whether the force was excessive or unreasonable. *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999). The test for reasonableness must consider "***whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight***." *Graham v. Connor*, 490 U.S. at 396, 109 S.Ct. at 1872 (emphasis added). The test does not take into account the severity of injury. It is the actions

3

of the Plaintiff that forms the basis of the test whether the force was objectively unreasonable. As noted, often enough, the Fourth Amendment has to be applied on the spur (and in the heat) of the moment, and the object in implementing its command of reasonableness is to draw standards sufficiently clear and simple to be applied with a fair prospect of surviving judicial second-guessing months and years after an arrest or search is made. *Atwater v. City of Lago Vista*, 532 U.S. 318, 347, 121 S. Ct. 1536, 1553, 149 L. Ed. 2d 549 (2001).

8.      Here, while there was an injury, the force used was not excessive to the need nor was Rivers' action objectively unreasonable. As set out by current Police Monitor Margot Frasier, "the BISD officers, including Rivers, used no greater force against S.D.W. than was necessary to detain him" and that Rivers actions were consistent with the force allowed under the Texas Penal Code and Texas Commission on Law Enforcement ("TCOLE") training. (Dkt. 29-1, p. 42, 43 (Ex. D, Def. Appx. pp. 42, 43)).

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Stephen Rivers urges this Court to deny Plaintiffs any and all relief demanded against Officer Rivers and grant summary judgment in favor of Rivers. Officer Rivers also requests an award of reasonable attorneys' fees and costs of suit. Finally, Officer Rivers requests the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

        Respectfully submitted,

        WALSH, ANDERSON, GALLEGOS,
        GREEN & TREVIÑO, P.C.
        10375 Richmond Avenue, Suite 750
        Houston, Texas 77042
        Telephone:  (713) 789-6864
        Facsimile:   (713) 789-9318
        Email:  jbyrom@wabsa.com
        Email:  kkalchthaler@wabsa.com

        By:  */s/     James E. Byrom*
            JAMES E. BYROM
            State Bar No. 03568100
            KELLEY L. KALCHTHALER
            State Bar No. 24074509

        ATTORNEYS FOR DEFENDANT
        STEPHEN RIVERS

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2015, a true and correct copy of the foregoing was served upon counsel of record as follows:

| | |
|---|---|
| Mr. B. Adam Terrell<br>Texas Bar No. 19790900<br>Weller, Green, Toups & Terrell, LLP<br>Post Office Box 350<br>Beaumont, TX 77704-0350<br>Phone: (409) 838-0101<br>Fax:   (409) 832-2940 | *Via Electronic Case Filing* |
| Mr. Kevin Symons Laine<br>Texas Bar No. 00798313<br>Attorney at Law<br>1104 Orleans Street<br>Beaumont, TX 77701-3611<br>Phone: (409) 838-4040<br>Fax:   (409) 832-7830<br>**Attorneys for Plaintiffs** | *Via Electronic Case Filing* |
| Ms. Frances R. Broussard<br>Texas Bar No. 24055218<br>Mr. Christopher B. Gilbert<br>Texas Bar No. 00787535<br>Phoenix Tower, Suite 2000<br>3200 Southwest Freeway<br>Houston, TX 77027-7554<br>Phone: (713) 554-6788<br>Fax:   (713) 583-433<br>**Attorneys for Defendant Beaumont ISD** | *Via Electronic Case Filing* |

/s/ *Kelley L. Kalchthaler*
Kelley L. Kalchthaler